UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

PAYTON GENDRON,

           **Defendant.**

22-cr-00109-LJV-HKS

NOTICE OF MOTION

---

| | |
|---|---|
| **MOTION BY:** | Anne M. Burger, Sonya A. Zoghlin and MaryBeth Covert, Attorneys for Payton Gendron |
| **DATE, TIME & PLACE:** | Before the Honorable H. Kenneth J. Schroeder, United States Magistrate Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, on the papers. |
| **SUPPORTING PAPERS:** | Affirmation of Anne M. Burger, Sonya A. Zoghlin and MaryBeth Covert affirmed on July 21, 2022, and resume and July 20, 2022, declaration of Jeffrey Martin. |
| **RELIEF REQUESTED:** | Orders of the Court pursuant to the Jury Selection and Service Act and the Fifth and Sixth Amendments to the U. S. Constitution granting the defense access to records, dismissal of the indictment and leave to supplement. |

Dated: July 21, 2022
      Rochester, New York

*/s/ Anne M. Burger*
Anne M. Burger
Supervisory Asst. Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, NY 14614
(585) 263-6201
anne_burger@fd.org

*/s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, NY 14614
(585) 263-6201
sonya_zoghlin@fd.org

*/s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, NY 14202
marybeth_covert@fd.org

TO:   Joseph M. Tripi
Brett A. Harvey
Brendan T. Cullinane
Assistant United States Attorneys

Shan Patel
Trial Attorney, Civil Rights Division

UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | 22-cr-00109-LJV-HKS |
| v. | AFFIRMATION |
| PAYTON GENDRON, | |
| **Defendant.** | |

The undersigned attorneys affirm, under penalty of perjury, as follows:

On May 14, 2022, our office was assigned to represent Payton Gendron. On July 14, 2002, a Buffalo division grand jury empaneled on March 25, 2022 returned a twenty-seven count indictment charging him with offenses including ten death-penalty-eligible counts of Title 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1) (Dkt. 6).

Introduction

This is a potential capital case. While we are hoping to be able to resolve this case without a trial, in light of the potential death penalty "[o]ne of [our] most fundamental duties . . . is the preservation of any and all conceivable errors for each stage of appellate and post-conviction review." Commentary, ABA Guideline 10.8, citing Stephen B. Bright, *Preserving Error at Capital Trials*, THE CHAMPION, Apr. 1997, at 4243. This motion is brought in compliance with this ethical standard.

Through this motion and accompanying declaration and resume of statistician Jeffrey Martin, Payton Gendron respectfully requests access to records used in connection with the constitution of the Master Jury Wheel in the United States District Court for the Western District

of New York, pursuant to the Fifth and Sixth Amendments to the United States constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).[1] *See* Exhibits A and B. Section 1867(f) of Title 28 of the United States Code provides that "the parties shall…be allowed to inspect, reproduce, and copy…records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of …a motion under subsection (a)". *See also Test v. United States*, 420 U.S. 28, 30 (1975) (JSSA's overall purpose to guarantee that grand and petit juries are randomly selected from a fair cross section on the community), *see* 28 U.S.C. § 1861(d). The requested materials are necessary to assess whether a challenge exists to the jury selection procedures used in this district.

## The JSSA

In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise unpublic jury selection records, a litigant needs only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted).

A defendant is not required to make any showing as to the likelihood of success of a motion under the JSSA. *See, e.g., United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery without a showing that the records sought would reveal a violation) (unreported).

---

[1] A request for publicly accessible records that do not require an order of the Court prior to disclosure is being made to the Western District of New York Jury Administrator.

2

<u>Timing</u>

Any JSSA motion filed before voir dire is timely, assuming it is filed within seven days after the grounds are diligently discovered. *See* 28 U.S.C. § 1867(a). This Court has previously determined that the statute requires an attempt to inspect grand jury records within seven days after the filing of an indictment. *United States v. Buczek*, No. 08-CR-54-WMS-HKS, 2009 WL 2230808 (W.D.N.Y. 2009). By filing this motion within seven days of the filing of the indictment we seek to complete this investigation of the records now.

To be clear, we do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner requested by the attached declaration of Mr. Martin. *See* Exhibit A.

Finally, although it does not appear that Section 1867(a) requires that a motion to dismiss be filed within seven days of the indictment, out of an abundance of caution Payton Gendron moves to dismiss the indictment under the JSSA and Title 28 of the United States Code. Further, leave of the Court is requested to supplement this motion to dismiss once we have had an opportunity to inspect the records that are the subject of the above request. Once the records are provided, Jeffrey Martin will quickly and efficiently analyze them to determine whether the jury plan procedures run afoul of the Fifth and Sixth Amendments to the United States constitution and the JSSA.

WHEREFORE, for the foregoing reasons, the Court should grant access to the records sought and grant such further relief as the Court deems just and proper.

DATED: July 21, 2022
       Rochester, New York

Respectfully submitted,

/s/*Anne M. Burger*
Anne M. Burger
Supervisory Asst. Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, NY 14614
(585) 263-6201
anne_burger@fd.org

/s/*Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, NY 14614
(585) 263-6201
sonya_zoghlin@fd.org

/s/*MaryBeth Covert*
MaryBeth Covert
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, NY 14202
marybeth_covert@fd.org

TO:    Joseph M. Tripi
         Brett A. Harvey
         Brendan T. Cullinane
         Assistant United States Attorneys

         Shan Patel
         Trial Attorney, Civil Rights Division