# EXHIBIT A

**DECLARATION OF JEFFREY MARTIN**

The undersigned, Jeffrey Martin, declares as follows:

1. My name is Jeffrey O'Neal Martin. I hold a Bachelor's degree in Mathematics and Economics from Vanderbilt University and a Master's degree in Economics from the University of Chicago.
2. I am employed as a consultant on statistical issues, a consultant on actuarial issues, and as a consultant to political campaigns. I have been qualified as an expert on statistical issues in Federal Courts and State Courts.
3. Since 1997, I have been involved in cases involving challenges to the jury lists in Federal and State Courts.
4. I have been asked by counsel for Payton Gendron (case number 22-cr-00109-LJV-HKS) to review the construction and implementation of the Master Jury Wheel that was used to select Grand Jurors in this case.
5. To complete the review, I require data as listed in "Attachment 1" for data relating to the Grand Jury in this case.
6. I am prepared to answer any questions the Court may have and will be glad to discuss ways in which the data can be delivered that best fits how the Clerk's office operates.
7. I do not seek any personal information that would allow the identification of any individual.
8. The documents and data files requested do not need to be newly created but would refer to documents and data that already exist.
9. Depending on the number of source lists and the type of merging of source lists which might include the use of names and birthdates, it may be necessary to request personal information included in the source lists (item #23) to ensure that duplicates do not destroy the randomness of the Master Jury Wheel. In cases where this data is necessary, I have worked faithfully under protective orders of the Court.
10. The information requested is common to other reviews of Federal jury wheels that I have been asked to perform. The information requested herein has been provided to me in connection with my work as an expert in over 20 similar challenges brought on behalf of federal criminal defendants in other federal jurisdictions (excepting the attendance records, item #26, which has only recently been requested in cases).
11. In "Attachment 1" items #1 through #19 do not involve any personal or other information that could be used to identify any individual.
12. In "Attachment 1" items #20 through #22 should only include the randomly generated Juror Number and not the Name, Street Address, Day of Birth, or Month of Birth. In this way, no individual person can be identified.
13. In "Attachment 1" item #23 should have the individual's Name and Street Address redacted to remove any personally identifiable information.

14. In "Attachment 1" items #24 through #26 inherently include personally identifiable information. The personal information can be redacted or only supplied for inspection in the Clerk's office to safeguard personal information.
15. Item #26 is requested to determine the demographic effects of the current pandemic on the operation of the grand jury in this case.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.                                      Dated this 20th day of July 2022

_____ Jeffrey Martin

**ATTACHMENT 1**

1) The Jury Plan for the Western District of New York currently in effect and, if different in any respect, at the time grand jurors were summoned in this case. This Plan is believed to be the "Jury Selection Plan of the United States District Court for the Western District of New York for the Random Selection of Grand and Petit Jurors (As amended April 30, 2018)".

2) Any document describing changes from the previous procedures or from the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

3) Any order of the Court that affects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

4) Any document describing the jury division or divisions chosen for the grand jury in this case as described in the Jury Selection Plan section titled Selection, Summoning, and Assignment of Grand Jurors.

5) Any document describing the reason for the choice of jury division for the grand jury in this case.

6) Any AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the grand jurors who returned the indictment in this case as required by 28 U.S.C. § 1863(a).

7) Any AO-12 form or JS-12 forms completed in the last ten years.

8) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in this case with the Jury Selection Plan sections titled Declaration of Policy, Jury Selection and Service Act and constitutional requirements.

9) Any document or data detailing the date when the Master Jury Wheel that was used to summon grand jurors, in this case, was refilled as described in the Jury Selection Plan section titled Maintaining the Master Jury Wheel.

10) Any document or data detailing the calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Selection Plan section titled Method and Manner of Random Selection.

11) Any additional written instructions as provided by the Court as described in the Jury Selection Plan section titled Method and Manner of Random Selection.

12) The general notice described in the Jury Selection Plan section titled Drawing of Names from the Master Jury Wheel – One Step Summoning and Completion of Jury Qualification Form.

13) Any documents describing the procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

14) Any documents or data detailing the number of persons or any statistics on persons summoned after failing to return a juror qualification questionnaire as described in the Jury Selection Plan section Drawing of Names from the Master Jury Wheel – One Step Summoning and Completion of Jury Qualification Form.

15) Any document or data detailing the date when grand jurors were summoned in this case.

16) Any document or data detailing the number of persons summoned from the Master Jury Wheel to be considered as grand jurors in this case.

17) Any document or data detailing whether persons marked as temporarily excused are available for summoning as described in the Jury Selection Plan section titled Temporary Excuses.

18) Any document or data that describe the procedure used once a deferred juror attends on the deferral date including their order of consideration.

19) Any specifications, description, or statistics relating to the merging of source lists and creation of the combined source list as described in the Jury Selection Plan section titled Sources of Names of Prospective Jurors.

20) The Divisional Master Jury Wheel data for each division as described in the Jury Selection Plan section titled Maintaining the Master Jury Wheel, in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

21) Status Codes for persons on the Master Jury Wheel. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification/Exemption/Excuse, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

22) Any document or data with the Juror Number only (and not Name or Street Address) for persons selected as potential grand jurors in this case.

23) The raw source list of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Selection Plan section

titled Sources of Names of Prospective Jurors (voter registration lists plus supplemental lists). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Street Address.

24) The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

25) Any document or data describing the disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Selection Plan.

26) Any document or data detailing the attendance record and reason for absence by date for each grand juror.

27) Any records described in the Jury Selection Plan section titled Records to be Maintained by the Clerk and made Public upon Request that are not included in any of the preceding items requested.

# EXHIBIT B

**Jeffrey O. Martin**  (404) 374-1705
jurychallenge@mindspring.com

---

**EXPERIENCE**

1997 - Present  **Consultant on Jury Pools and Statistical Issues**
- Expert witness in capital cases on jury procedures and statistics.
- Qualified as an expert in Federal courts in Alaska, Alabama, Georgia, Michigan and Washington.
- Federal case appointments in Arizona, California, Louisiana, Maine, Massachusetts, Nevada, New York, Ohio, Pennsylvania, Puerto Rico, South Carolina, Texas and Virginia.
- "When and How to Challenge the Jury Pool" presentation for the National Association of Criminal Defense Lawyers, August 2021.
- "Challenging the Local Jury Plan" presentation at the Federal Death Penalty Resource Counsel Projects 2012 Strategy Session, November 2012.
- Qualified as an expert in more than 50 Superior Courts in Georgia.
- Qualified as an expert in Superior Court in South Carolina.
- Qualified as an expert in the Eighth Judicial District Court of Nevada.
- Cases in Superior Court in Virginia.
- "Jury Challenges" presentation to the Multi-County Public Defender Office Capital Defense Training Seminar February 2002, July 2002, November 2002, February 2003, July 2003 and February 2004.
- Affidavits and testimony on statistical issues.

1983 - Present  **Political Consultant**
- Consultant to municipal, county and statewide political campaigns.
- Vote projections and analysis.
- Voter targeting.

1981 – 2001  **Actuarial Consultant**
**Towers Perrin, Atlanta Office (1995-2001 and 1981-1986)**
**Towers Perrin, Chicago Office (1986-1992)**
**William M. Mercer, Atlanta Office (1992-1995)**
**Chicago Consulting Actuaries, Chicago Office (1992)**
- Pension and employee benefits consulting on strategy, compliance, and administration for large corporations (some specific projects include: IRC section 415 analysis, work-force modeling and strategy, employee benefits calculation software, models and forecasts of employee benefits and compensation under statutory limits, actuarial and retiree medical valuations)
- Professional Development Team leader and supervisor of actuarial associates.
- Member of national committee on quality assurance.

**EDUCATION**  Master of Arts, Economics, University of Chicago, 1988

**Bachelor of Arts Cum Laude, Economics and Mathematics,
Vanderbilt University, Nashville, 1981**
- Mitchell Scholarship.
- Travel Scholarship (University of Leeds, U.K. 1979-1980).
- Classes at Fisk University, Nashville.

**Public Schools in the City of Atlanta, Fulton County and DeKalb County**