IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                                    22-CR-109-V

PAYTON GENDRON,

                Defendant.

## MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR GRAND JURY MATERIALS AND FOR DISMISSAL

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Kristen M. Clarke, Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi, Brett A. Harvey, and Brendan T. Cullinane, Assistant United States Attorneys, and Shan Patel, Trial Attorney, Civil Rights Division, of counsel, hereby submits its memorandum in response to defendant Payton Gendron's motion for grand jury materials and dismissal.

## THE GOVERNING LAW

The Jury Service and Selection Act of 1968, 28 U.S.C. §§ 1861 *et seq.* ("JSSA") provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district … wherein the court convenes." 28 U.S.C. § 1861. It requires district courts to devise a plan for random jury selection that ensures the random selection of a fair cross section of the community. Id. § 1863(b)(3).

A defendant may move to "dismiss the indictment… against him on the ground of a substantial failure to comply with the provisions" of the statute in selecting the grand jury. 28 U.S.C. § 1867(a). The JSSA further states that "[t]he contents of records or papers used by the grand jury commission or clerk in connection with the jury selection process shall not be disclosed, except … as may be necessary in the preparation or presentation" of such as motion. 28 U.S.C. § 1867(f). Specifically, Section 1867 provides:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

Id. § 1867(f).

Section 1867(f) makes it clear that a litigant has the right to inspect jury lists in order to aid parties in preparation of motions challenging jury selection procedures. Test v. United States, 420 U.S. 28, 30 (1975). However, defendants "do not have an absolute right to all materials relating to the grand jury selection." United States v. Gotti, 2004 WL 3258, at *11 (S.D.N.Y Jan. 6, 2004); see also United States v. Davis, 2009 WL 637164, at *15-16 (S.D.N.Y. Mar. 11, 2009) (observing that "there is no absolute right of access to all materials relating to grand jury selection" and disclosing only "the District's Master Plan for jury selection"); United States v. Pirk, 281 F.Supp.3d 342, 344 (W.D.N.Y. 2017) (Wolford, J) ("§ 1867(f) requires access 'only to records and papers already in existence,' but 'nothing …

entitles defendants to require the jury administrator to analyze data on their behalf.' " (quoting United States v. Miller, 116 F.3d 641, 658 (2d Cir. 1997)); United States v. Corbett, 2020 WL 5803243, * 5 (E.D.N.Y. Aug. 21, 2020) (denying request to the extent it requests analysis by the jury administrator). Indeed, as Judge Wolford explained in Pirk:

> A defendant's unqualified right to records or papers encompasses only such data as a defendant needs to challenge the jury selection process. In other words, the JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court.

281 F.Supp.3d at 344 (citations omitted)

In this regard, courts have held that only the master list from which the grand jury was selected need be disclosed for a defendant to decide whether to challenge the grand jury selection process. See Gotti, 2004 WL 32858, at *11 (citing United States v. Davenport, 824 F.2d 1511, 1515 (7th Cir. 1987) (holding the defendant had not established why other records besides available jury lists might be required to establish and alleged deficiency in the jury selection process); United States v. Harvey, 756 F.2d 636, 642-43 (8th Cir. 1985) (master grand jury list with names and addresses redacted was sufficient disclosure); United States v. McLernon, 746 F.2d 1098, 1123 (6th Cir. 1984) (master list and relevant demographic data about the general pool from which specific jurors were selected was sufficient, and refusal to provide names, addresses, and demographics about the specific grand jurors who returned the indictment was not error).

## GENERAL OBJECTIONS

The government objects to any requests for documents or other records that do not presently exist, that is, to any request which requires the District's Jury Administrator or her

staff to compile information into a particular document or spreadsheet or to conduct analysis of raw data.

The government also objects to the requests to the extent they seek "any and all documents or records relating to" a particular matter or procedure. Attachment 1 (see Doc. No. 10-1) to the defense expert Jeffrey Martin's affidavit contains 27 individualized requests for information, and 21 of the requests begin with the overbroad request for "any document" or "any record". The language contained in Attachment 1 is vague, overly broad, and is a fishing expedition that would arguably encompass handwritten notes, email exchanges within the clerk's office and between the clerk and judges, and other types of documents or files not reviewable under the JSSA. Indeed, the information sought by the defense would violate Judge Wolford's caution, as explained in Pirk:

> A defendant's unqualified right to records or papers encompasses only such data as a defendant needs to challenge the jury selection process. In other words, the JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court.

281 F.Supp.3d at 344 (citations omitted)

The government further objects to releasing any information to the defendant and/or his retained consultant that contains personally identifiable information.

The government further objects to any requests which seek information about master and qualified jury wheels used in the selection of any grand juries other than the wheels from which was selected the particular grand jury which indicted the defendant. See United States v. Corbett, No. 20cr213, 2020 WL 5803243, * 5 (E.D.N.Y. Aug. 21, 2020) (denying request

4

for information about the creation of the master and qualified jury wheels which did not relate to the particular grand jury which indicted defendant).  Finally, the government generally objects to the defense request for documents other than those required to be retained by the Clerk of the Court in accordance with the Jury Plan.  The materials required to be retained by the Clerk of the Court are delineated on page 8 of the District's Jury plan, as follows:

> **RECORDS TO BE MAINTAINED BY THE CLERK AND MADE PUBLIC UPON REQUEST (28 U.S.C. §§1863(a); 1867(f); 1868)**
>
> The Clerk of Court shall retain all jury records and papers complied and maintained by the Clerk of Court, including the following documents:
>
> 1) Jury Selection Plan;
> 2) Orders regarding refilling of the master jury wheel, petit juries, and grand juries;
> 3) Jury memos from the Administrative Office and internal memos;
> 4) Qualification questionnaires
> 5) Pre-screening questionnaires
> 6) Individual petit jury and grand jury panel information
> 7) Administrative Office reports: JS-11, JS-11G and AO-12.
>
> These records shall not be disclosed, except (1) pursuant to this Plan, or (2) pursuant to an order of the Court finding disclosure is necessary in preparation of a motion challenging the selection of a jury, until the master jury wheel has been refilled and all persons selected as jurors from the prior master jury wheel have completed service. Parties who have obtained an order of disclosure shall be allowed to inspect, reproduce, and copy such records at reasonable times during the pendency of the motion challenging the selection of a jury.
>
> Upon written order of the Court, except when the court orders a longer retention period, these records can be disposed of four (4) years after the master jury wheel has been refilled and all persons selected have completed jury service in accordance with 28 U.S.C. § 1868. These records shall not be transferred to the Federal Records Center.[1]

## REQUEST FOR PROTECTIVE ORDER

The government further requests that any non-public documents or records disclosed by the Jury Administrator be subject to a Protective Order as follows:

---

[1] See Western District of New York, Jury Plan available at: https://www.nywd.uscourts.gov/sites/nywd/files/2018%20Jury%20Plan%20-%20FINAL.pdf

1. The materials may only be used in connection with the preparation and/or litigation of a motion in this case challenging the District's grand jury selection procedures. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's grand jury selection procedures. The materials must either be returned to the Court at the commencement of jury selection or counsel must certify that the materials have been destroyed and that no materials have been retained in any duplicative form.

2. Consistent with § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties. Likewise, the materials may only be disclosed to individuals who have a need to view the materials for purposes of the defined scope of the production, as set forth above.

3. Defendant shall not possess the materials at any time, and the materials may not be carried into or reviewed in any jail facility.

4. Any attorney who accesses the materials is personally responsible for not only his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member or other person who is shown the materials consistent with the parameters of this Decision and Order.

See United States v. Pirk, 281 F.Supp.3d at 346-47; see also United States v. Shader, 472 F.Supp.3d 1, 6-7 (E.D.N.Y. 2020).

## RESPONSE TO INDIVIDUAL REQUESTS

Subject to the foregoing general objections and request for protective order, the government responds to defendant's individual requests (see Doc. No. 10-1) as follows:

1. The Jury Plan for the Western District of New York currently in effect and, if different in any respect, at the time grand jurors were summoned in this case. This Plan is believed to be the "Jury Selection Plan of the United States District Court for the Western District of New York for the Random Selection of Grand and Petit Jurors (As amended April 30, 2018)".

    Response: This request is moot because the District's Jury Plan, as revised in April 2018, is publicly accessible on the District's web site: https://www.nywd.uscourts.gov/sites/nywd/files/2018%20Jury%20Plan%20-%20FINAL.pdf

2. Any document describing changes from the previous procedures or from the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

> Response: The government does not object to the defense being provided such a document, if it exists.

3. Any order of the Court that affects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

> Response: The government does not object to the defense being provided such a document, if it exists.

4. Any document describing the jury division or divisions chosen for the grand jury in this case as described in the Jury Selection Plan section titled Selection, Summoning, and Assignment of Grand Jurors.

> Response: The government objects to this request.
>
> To the extent the government understands the request, Page 1 of the District's Jury Plan provides that "the District is hereby divided into two divisions for jury selection purposes only, as defined in 28 U.S.C. § 1869(e), as follows: 1. Buffalo Division -- Counties of Erie, Genesee, Niagara, Orleans, Wyoming, Chautauqua, Cattaraugus, and Allegany – for sessions of Court held at Buffalo. 2. Rochester Division -- Counties of Livingston, Monroe, Ontario, Seneca, Wayne, Yates, Steuben, Schuyler, and Chemung – for sessions of Court held at Rochester."

5. Any document describing the reason for the choice of jury division for the grand jury in this case.

> Response: The government objects to this request. See Response #4, supra.

6. Any and all AO-12 form or JS-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that were used to summon the grand jurors who returned the indictment in this case as required by 28 U.S.C. § 1863(a).

> Response: The government does not object to this request.

7. Any AO-12 or JS-12 forms completed in the last ten years.

Response: The government objects to this request.

The statistical information for prior years is not relevant to whether the grand jury which indicted defendant was selected at random from a fair cross section of the community in the district. See United States v. Corbett, No. 20cr213, 2020 WL 5803243, * 5 (E.D.N.Y. Aug. 21, 2020) (denying request for information about the creation of the master and qualified jury wheels which did not relate to the particular grand jury which indicted defendant).

8. Any other statistical or demographic analysis produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in this case with the Jury Selection Plan sections titled Declaration of Policy, Jury Selection and Service Act constitutional requirements.

Response: The government objects to this request, to the extent any such information exists, as beyond the parameters of the documents/information required to be retained by the Clerk of the Court, as described above. See General Objections, supra.

9. Any document or data detailing when the Master Jury Wheel that was used to summon grand jurors, in this case, was refilled in the Jury Selection Plan section titled Maintaining the Master Jury Wheel.

Response: To the extent this request simply seeks the date on which the jury wheel was refilled, the government has no objection to disclosing a document that contains that information should such document exist.

10. Any document or data detailing the calculation that ensures each county within each division is substantially proportionately represented as described in the section titled Method and Manner of Random Selection.

Response: The government objects as the method and manner of random selection is described on page 3 of the District's Jury Plan, and additionally any such document appears to be beyond the parameters of documents/information required to be retained by the Clerk of the Court, as described above. See General Objections, supra.

11. Any and all additional written instructions as described in the Jury Selection Plan Jury Selection Plan Section titled Method and Manner of Random Selection.

> Response: The government does not understand this request and objects as the term "additional written instructions as described in the Jury Selection Plan" is vague and overbroad.

12. The general notice described in the Jury Selection Plan section titled Drawing of Names from the Master Jury Wheel- One Step Summoning and Completion of Jury Qualification Form).

> Response: This request is moot as the Public Notice Concerning Jury Selection Procedures is publicly accessible on the District's web site:
>
> https://www.nywd.uscourts.gov/public-notice-concerning-jury-selection-procedures

13. Any documents describing the procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the postal service as undeliverable.

> Response: This request is moot as the procedures relating to persons failing to return a juror qualifications form is set forth at the top of page 5 of the District's Jury Plan.

14. Any documents or data detailing the number of persons or any statistics on persons summoned after failing to return a juror qualification questionnaire as described in the Jury Selection Plan section Drawing of Names from the Master Jury Wheel- One Step Summoning and Completion of the Jury Qualification Form.

> Response: As noted in response to request 13 above, the procedures for dealing with a person who failed to return a juror qualification questionnaire are set forth at the top of page 5 of the District's Jury Plan. To the extent this request seeks information about the particular people who were summoned after failing to return their questionnaires, the government objects as the defendant is not entitled to personally identifiable information.

15. Any document or data detailing the date when grand jurors were summoned in this case.

> Response: The government does not object to this request to the extent it simply seeks the date that the pool of jurors was summoned from which the grand jury in this case was selected.

16. Any document or data detailing the number of persons summoned from the Master Jury Wheel to be considered as grand jurors in this case.

> Response: The government does not object to the extent such information exists in documentary form.

17. Any document or data detailing whether persons marked as temporarily excused are available for summoning as described in the Jury Selection Plan titled Temporary Excuses.

> Response: This request is moot as the Jury Plan states: "The names of individuals temporarily excused shall be reinserted into the master jury wheel for possible re-summoning. If the circumstances causing undue hardship or extreme inconvenience may be reasonably expected to continue for an indefinite period, the prospective juror may be excused from the current jury wheel." See Jury Plan at 7.

18. Any document or data that describes the procedure used once a deferred juror attends on the deferral date including their order of consideration.

> Response: The government objects to this request, to the extent any such information exists, as beyond the parameters of the documents/information required to be retained by the Clerk of the Court, as described above. See General Objections, supra.

19. Any specifications, description, or statistics relating to the merging of source lists and the creation of the combined source list as described in the Jury Selection Plan section titled Sources of Names of Prospective Jurors.

> Response: The defendant's request is moot as the procedure for creation of the combined source list is described on page 2 of the Jury Plan. To the extent this request encompasses a request for additional information, the government objects.

20. The Divisional Master Jury Wheel data for each division as described in the Jury Selection Plan section titled Maintaining the Master Jury Wheel, in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

> Response: This case was indicted by the Buffalo Division and, to the extent this request seeks information relating to the Rochester Division, the government objects. The government does not object to this request to the extent such documentation already exists related to the Buffalo Division, and so long as it seeks only statistical data and not personally identifiable information.

21. Status Codes for persons on the Master Jury Wheel. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned undeliverable, whether the form was not returned, Reason for Disqualification/Exemption/Excuse, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, Jury Division.

> Response: The government does not object to this request provided such information already exists, and no personal identifying information is provided.

22. Any document or data with Juror Number only (and Not Name or Street Address) for persons selected as potential jurors in this case.

> Response: The government objects to this request as this information is not related to whether the grand jury which indicted defendant was selected at random from a fair cross section of the community in the district.

23. The raw source list of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Selection Plan section titled Sources of Names of Prospective Jurors (voter registration lists plus supplemental lists). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Street Address.

> Response: The government does not understand what is meant by "raw source list of data." The government objects to the extent the request seeks information which would include personally identifiable information.

24. The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

> Response: The government does not object to this request as long as no personal identifying information is provided with respect to any potential grand juror.

25. Any document or data describing the disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Selection Plan.

> Response: The government objects to this request as this information is not related to whether the grand jury which indicted defendant was selected at random from a fair cross section of the community in the district.

26. Any document or data detailing the attendance record and reason for absence by date for each grand juror.

> Response: The government objects to this request as this information is not related to whether the grand jury which indicted defendant was selected at random from a fair cross section of the community in the district.

27. Any records described in the Jury Selection Plan section titled Records to be Maintained by the Clerk and Made Public Upon Request that are not included in any of the preceding items requested.

> Response: The records requested, pursuant to the Jury Plan, "shall not be disclosed, except (1) pursuant to [the] Plan, or (2) pursuant to an order of the Court finding disclosure is necessary in preparation of a motion challenging the selection of the jury[.]" See Jury Plan at 8. The government objects to the blanket disclosure of all records that the Clerk shall retain because, as set forth above, not all records are relevant to whether the grand jury which indicted defendant was selected at random from a fair cross section of the community in the district. Accordingly, the government objects to this blanket "catch-all" request.

## **MOTION TO DISMISS**

The government understands the defense motion to dismiss (see Doc. No. 10) as simply reserving its right to bring a substantive motion at a later date following disclosure of certain records under the JSSA. Nevertheless, there is no basis to dismiss the case, either upon the facts or law, and the defense motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny defendant's request for disclosure of grand jury materials, except as set forth above.

DATED:     August 12, 2022
                Buffalo, New York

                              TRINI E. ROSS
                              United States Attorney

BY:   s/JOSEPH M. TRIPI
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5839
       Joseph.Tripi@usdoj.gov

BY:   s/BRETT A. HARVEY
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       100 State Street
       Rochester, New York 14614
       (585) 399-3949
       Brett.Harvey@usdoj.gov

BY:   s/BRENDAN T. CULLINANE
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5875
       Brendan.Cullinane@usdoj.gov

       KRISTEN M. CLARKE
       Assistant Attorney General
       Civil Rights Division

BY:   s/SHAN PATEL
       Trial Attorney
       Civil Rights Division
       United States Department of Justice
       950 Pennsylvania Avenue, NW
       Washington, D.C. 20530
       (202) 616-9523
       Shan.Patel@usdoj.gov