UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **22-cr-00109- LJV-HKS** |
| v. | REPLY |
| **PAYTON GENDRON,** | |
| **Defendant.** | |

_____

The undersigned attorneys affirm, under penalty of perjury, as follows:

This affirmation is submitted in reply to the government's August 12, 2022, response to the defense motion seeking access to records relating to the constitution of the Master Jury Wheel in the United States District Court for the Western District of New York, pursuant to the Fifth and Sixth Amendments to the United States constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f) (Dkt. 10). The defense also moved to dismiss the indictment under the JSSA and the Fifth and Sixth Amendments to the United States constitution and sought leave to supplement the motion to preserve the issue if the records later revealed a violation of the constitution or the JSSA (Dkt. 10).

The Government's General Objections

The government recognizes that the defense has a right to access materials relating to the selection of the grand jury that returned the indictment under the JSSA (Dkt. 17 at 1-3). While it recognizes this right to access, the government argues that personally identifiable information ["PII"] in the materials should not be disclosed (Dkt. 17 at 4). The government also objects to requests for material that does not presently exist but that would have to be

created anew by the District Jury Administrator or their staff (Dkt. 17 at 3-4).

The defense's motion addresses the government's concerns. The defense does not seek PII or for the Jury Administrator or their staff to create responsive documents purely to address the defense's requests (Dkt. 10 at 3, Ex. A at 1).

The government also objects to defense requests for "any and all documents or records", "any document", and "any record" as being "vague, overly broad, and [ ] a fishing expedition" as the requests might trigger the release of records that do not qualify for disclosure under the JSSA (Dkt. 17 at 4). The government further objects to defense requests for information that it argues is irrelevant to a JSSA motion (Dkt. 17 at 11-12), exceeds what records are required to be maintained by the Jury Administrator (Dkt. 17 at 8, 10), and does not need to be ordered as the answers can be gleaned from the Jury Plan (Dkt 17 at 6-7, 9-10).

To be clear, the defense does not seek records that are irrelevant, do not exist or that are not subject to disclosure under the JSSA. As such, the requested records should be provided in the manner identified. *See United States v. Saipov*, 17-cr-722 (VSB), 2020 WL 915808, at *3 (S.D.N.Y. 2020) (granting similar request); *United States v. Bowers*, 18-cr-292-RJC (W.D.Pa. 2020) (same) (unreported) (*see* Exhibit A).

Conference Call with the Jury Administrator

Even where the government does not object it is unclear what responsive records are in the custody of the Jury Administrator. For example, the government questions whether the Jury Administrator has responsive material to requests numbered 16, 20, 21 (Dkt. 17 at 10, 11-12). In order to efficiently resolve these issues, the defense requests that the Court authorize a conference call with the Buffalo division Jury Administrator and the attorneys as an aid to

clarifying the nature and availability of the records sought, whether the relevant records contain PII and whether PII can be redacted from records prior to disclosure.

In the Southern District of New York, motions to inspect that district's grand jury materials have been accompanied by conference calls with the Jury Administrator to clarify the nature and availability of the documents and information sought. District Judge Failla of the Southern District of New York ordered such a conference call to resolve similar issues relating to a JSSA motion in *United States v. Balde*, 20-CR-281 (KPF) (S.D.N.Y. 2020) (*see* Exhibit B). In that case, the government made the initial request to speak with the Jury Administrator to clarify what information was available (*see* Exhibit C). New York Southern District Judge Broderick also authorized the Jury Administrator to participate in a conference call between the government and defense attorneys in *United States v. Saipov*, S1 17 Cr. 722 (VSB) (S.D.N.Y. 2019) (*see* Exhibit D).

A conference call with the WDNY Jury Administrator would greatly benefit the parties and the Court by making clear the nature and availability of the materials that are responsive to the defense's requests. Following such a call, the parties would further confer to identify any remaining government objections and the parties could submit a joint status letter to the Court to narrow any disputes.

Objection to Disclosure of AO-12/JS-12 Forms Completed Over the Past Ten Years

The defense has requested disclosure of "[a]ny AO-12 form or JS-12 forms completed in the last ten years" (Dkt. 10 at Ex.A p. 3). Citing *United States v. Corbett*, No. 20cr213, 2020 WL 5803243 (E.D.N.Y. 2020), the government objects based on relevancy (Dkt. 17 at 4-5, 8).

The Court should order the disclosure of this information as current and historical data

are relevant to a JSSA challenge because a defendant seeking to demonstrate systematic exclusion must show that the exclusion has taken place over a "substantial period of time." *Howell v. Superintendent Rockview SCI*, 939 F. 3d 269, 270 (3d Cir. 2019).

In 2020, the Third Circuit Court of Appeals further explained the importance of the length of time studied in a JSSA claim of persistent underrepresentation: "[e]ven if a process is facially neutral, it might consistently produce disproportionately low representation of a particular group. . . [and thereby] still run afoul of the third prong if it produced underrepresentation over time—enough time to deem the underrepresentation persistent." *United States v. Savage*, 970 F.3d 217, 260 (3d Cir. 2020) (cleaned up); citing *United States v. Weaver*, 267 F.3d 231, 244–45 (3d Cir. 2001); *see also Barber v. Ponte*, 772 F.2d 982, 996 (1st Cir.1985) (en banc) ("A large discrepancy occurring over a sustained period of time where there is an opportunity for arbitrary selection is sufficient to demonstrate that the exclusion of the underrepresentation is systematic – that is, inherent in the particular jury selection process utilized.").

Request for a Protective Order

The government has proposed the terms of a protective order to govern the handling of non-public documents that the Court orders the Jury Administrator to disclose in response to the defense's motion (Dkt. 17 at 5-6). It is premature for the parties to craft a protective order at this point as it is unclear whether responsive records in the custody of the Jury Administrator contain sensitive information and, if so, whether they may be redacted to remove this material. The defense does not object to a limited protective order, if appropriate, and is willing to negotiate the terms of such an order with the government when more information about the

nature of the available records is known.

WHEREFORE, for the foregoing reasons, the Court should grant access to the records sought, authorize a conference call between the attorneys and the Jury Administrator, and grant such further relief as the Court deems just and proper.

DATED: August 17, 2022
        Rochester, New York

Respectfully submitted,

*/s/Anne M. Burger*_____
Anne M. Burger
Supervisory Asst. Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, NY 14614
(585) 263-6201
anne_burger@fd.org

*/s/Sonya A. Zoghlin*___ _____
Sonya A. Zoghlin
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, NY 14614
(585) 263-6201
sonya_zoghlin@fd.org

*/s/MaryBeth Covert*_____
MaryBeth Covert
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, NY 14202
marybeth_covert@fd.org

TO: Joseph M. Tripi
      Brett A. Harvey

Brendan T. Cullinane
Assistant United States Attorneys

Shan Patel
Trial Attorney, Civil Rights Division