```
                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF NEW YORK

    _____
    UNITED STATES OF AMERICA,
                                         Case No. 1:22-cr-109
                    Plaintiff,                        (LJV)

    vs.                                  November 28, 2023

    PAYTON GENDRON,
                                         Buffalo, New York
                    Defendant.
    _____


                  TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE LAWRENCE J. VILARDO
                  UNITED STATES DISTRICT JUDGE


    APPEARANCES:          TRINI E. ROSS, UNITED STATES ATTORNEY
                          BY: JOSEPH M. TRIPI, ESQ. (Buffalo)
                              BRETT A. HARVEY, ESQ. (Rochester)
                          Assistant United States Attorneys
                          Federal Centre, 138 Delaware Avenue
                          Buffalo, New York 14202
                          UNITED STATES DEPARTMENT OF JUSTICE
                          CIVIL RIGHTS DIVISION
                          BY: LAURA B. GILSON, ESQ.
                          150 M. Street NE
                          Washington, D.C. 20530
                          For the Plaintiff

                          OFFICE OF THE FEDERAL PUBLIC DEFENDER
                          BY: SONYA A. ZOGHLIN, ESQ. (Rochester)
                              ANNE M. BURGER, ESQ. (Rochester)
                              MARYBETH COVERT, ESQ. (Buffalo)
                          Assistant Federal Public Defenders
                          300 Pearl Street, Suite 200
                          Buffalo, New York 14202
                          For the Defendant

    COURT DEPUTY CLERK:   COLLEEN M. DEMMA

    COURT REPORTER:       ANN M. SAWYER, FCRR RPR CRR
                          Robert H. Jackson Courthouse
                          2 Niagara Square
                          Buffalo, New York 14202
                          Ann_Sawyer@nywd.uscourts.gov
```

```
09:38AM   1              (Proceedings commenced at 9:38 a.m.)
09:38AM   2              THE CLERK:  22-CR-109, United States of America
09:38AM   3    versus Payton Gendron.
09:38AM   4              Assistant United States Attorneys Joseph Tripi, Brett
09:38AM   5    Harvey, and Laura Gilson, appearing on behalf of the
09:38AM   6    government.
09:38AM   7              Assistant Federal Public Defenders Sonya Zoghlin,
09:38AM   8    Anne Burger, and MaryBeth Covert, appearing on behalf of the
09:38AM   9    defendant.  The defendant is not present.
09:38AM  10              This is the date set for a status conference.
09:38AM  11              THE COURT:  Good morning, everyone.
09:38AM  12              Defense waives their client's appearance?
09:38AM  13              MS. ZOGHLIN:  Yes, Judge.
09:38AM  14              THE COURT:  Okay.  So where are we on this?  I just
09:38AM  15    want to keep a handle on this.  I don't want this, especially
09:38AM  16    now that it's not in the magistrate judge's hands, I want to
09:38AM  17    keep a handle on this, and a relatively short leash on it.  So
09:38AM  18    where are we?
09:38AM  19              MR. TRIPI:  Yes, Judge.  As an update, the case has
09:39AM  20    progressed.  It has passed the capital case section committee
09:39AM  21    stage.  The case is up for consideration by the Office of the
09:39AM  22    Deputy Attorney General, which is the next step in the process
09:39AM  23    right before the attorney general gets everything and
09:39AM  24    considers everything.
09:39AM  25              THE COURT:  Okay.  So I thought we were going to have
```

| | | |
|---|---|---|
| 09:39AM | 1 | a decision sometime in the fall, it looks like that is not |
| 09:39AM | 2 | going to happen since we're just a few weeks away from the |
| 09:39AM | 3 | fall ending. Do we have any sense of when that might happen? |
| 09:39AM | 4 | MR. TRIPI: I -- I -- I don't. I could tell you that |
| 09:39AM | 5 | within the last, you know, week, it progressed to that next |
| 09:39AM | 6 | stage, so I don't have any insight beyond that. |
| 09:39AM | 7 | THE COURT: Okay. So is there anything that we need |
| 09:39AM | 8 | to be doing on this now? |
| 09:39AM | 9 | MR. TRIPI: I think there are two things that we can |
| 09:39AM | 10 | do, subject to Your Honor's availability and all of that. |
| 09:39AM | 11 | There were two -- two outstanding motions that had been, I |
| 09:39AM | 12 | think we talked about this before, had been, for lack of a |
| 09:40AM | 13 | better word, stagnant before the magistrate. Those were the |
| 09:40AM | 14 | defense challenge to the Jury Service and Selection Act, which |
| 09:40AM | 15 | we responded to, and a defense motion for a protective order |
| 09:40AM | 16 | that precluded the government from, for example, accessing any |
| 09:40AM | 17 | behavioral records or anything while Mr. Gendron has been in |
| 09:40AM | 18 | pretrial detention at various facilities. |
| 09:40AM | 19 | THE COURT: So explain that last one to me again. |
| 09:40AM | 20 | MR. TRIPI: So the defense had moved to preclude -- I |
| 09:40AM | 21 | think it was styled as a motion for a protective order, but |
| 09:40AM | 22 | they have moved -- and they can correct me if I state it |
| 09:40AM | 23 | wrong, but they moved to preclude the government from |
| 09:40AM | 24 | accessing any records regarding Gendron while -- while he's |
| 09:40AM | 25 | been in a facility -- |

09:40AM  1        THE COURT:  Yes.
09:40AM  2        MR. TRIPI:  -- since his arrest.
09:40AM  3        THE COURT:  Okay.
09:40AM  4        MR. TRIPI:  We responded to that.  So I think those
09:40AM  5  two motions --
09:40AM  6        THE COURT:  Are ripe.
09:40AM  7        MR. TRIPI:  -- are fully briefed.  Whether the Court
09:40AM  8  needs argument or not, we can certainly argue those motions.
09:40AM  9  I don't know if the defense has a different view.
09:40AM  10       MS. ZOGHLIN:  I don't have a -- I don't disagree with
09:40AM  11 what Mr. Tripi said.  Obviously, they're the ones that, you
09:41AM  12 know, the ball's in their court at this point in terms of a
09:41AM  13 decision, and we have no information obviously about when that
09:41AM  14 will come.
09:41AM  15       We would -- we were assuming it would be relatively
09:41AM  16 soon, but again, I don't have any information or anything to
09:41AM  17 add to that.  But if the Court wants to move forward and
09:41AM  18 decide those motions, obviously, at your discretion, Judge,
09:41AM  19 depending on which -- which way the decision goes, the Court
09:41AM  20 may never have to make a decision, but we don't know.
09:41AM  21       THE COURT:  Okay.  So, why don't we do this.  Why
09:41AM  22 don't we set a date shortly after the first of the year to
09:41AM  23 argue the motions so it will be down for a status conference/
09:41AM  24 oral argument.  Okay?  And then we can decide what we're going
09:41AM  25 to do then.  So if a decision still has not been made by then,

```
09:41AM   1    I -- I will expect to argue the motions.  If a decision has
09:42AM   2    been made one way or the other, we can decide what to do one
09:42AM   3    way or the other.
09:42AM   4              MR. TRIPI:  Yes, Your Honor.
09:42AM   5              THE COURT:  Does that make sense?
09:42AM   6              MR. TRIPI:  Yes.
09:42AM   7              MS. ZOGHLIN:  Yes.
09:42AM   8              THE COURT:  Okay.  So let's come up with a date.
09:42AM   9              THE CLERK:  Okay, Judge.  I'm looking at Friday,
09:42AM  10    January 12th, at 2 p.m.  Does that work with your schedules?
09:42AM  11              MR. TRIPI:  Yes.
09:42AM  12              MS. ZOGHLIN:  That's fine.
09:42AM  13              THE COURT:  Is there anything else that needs to be
09:42AM  14    down with speedy trial time?
09:42AM  15              MR. TRIPI:  Judge, the pendency of those two motions
09:42AM  16    would operate to still toll speedy trial time under 18, United
09:42AM  17    States Code, 3161(h)(1)(D).  But also I think based upon the
09:42AM  18    representations previously made to this Court by the defense
09:42AM  19    and the stage of the status of the case that the government
09:42AM  20    has reported, I think the Court has previously made a finding
09:42AM  21    that basically the interests of judicial economy, the
09:42AM  22    interests of the defense in being able to more fully inform
09:43AM  23    what motion practice they engage upon are served by the
09:43AM  24    exclusion of time and outweigh the public and the defendant's
09:43AM  25    interest in a more speedy trial.  And the government doesn't
```

```
09:43AM    1   object to that based upon where we are.
09:43AM    2              THE COURT:  Okay.  So you're moving to exclude time
09:43AM    3   under (h)(7)(A) and (h)(7)(B)(iv), as well as through and
09:43AM    4   including January 12, 2024; is that my understanding?
09:43AM    5              MR. TRIPI:  Yes, Judge.  Thank you.
09:43AM    6              THE COURT:  Any objection to that?
09:43AM    7              MS. ZOGHLIN:  No, Judge, we agree with that.
09:43AM    8              THE COURT:  Yeah, and I think it only makes sense.
09:43AM    9   So let me make the findings on the record that I'm required to
09:43AM   10   make.  So based on representations of counsel for both sides
09:43AM   11   that there are so many moving parts that it's impossible to
09:43AM   12   even think about proceeding to trial at this time, the Court
09:43AM   13   finds that the interests of justice served by a continuance
09:43AM   14   until and including January 12th, 2024, namely that the
09:43AM   15   failure to grant the continuance would unreasonably deny
09:43AM   16   defense counsel the ability to make an intelligent decision
09:44AM   17   about what motions to file and what trial preparation needs to
09:44AM   18   be done, those are interests of justice that outweigh the
09:44AM   19   interests of the defendant and the public in a speedier trial,
09:44AM   20   and the Court therefore excludes time for Speedy Trial Act
09:44AM   21   purposes from and including today's date through and including
09:44AM   22   January 12th, 2024, under Title 18, United States Code,
09:44AM   23   Section 3161(h)(7)(A) and (h)(7)(B)(iv), had and the Court
09:44AM   24   also notes that the pendency of the motions automatically
09:44AM   25   excludes the time under (h)(1)(D); is that right?
```

```
09:44AM   1              MR. TRIPI:  That's correct, Your Honor.
09:44AM   2              THE COURT:  Yeah, I'm bad at section numbers, so I
09:44AM   3   always have to ask.  Okay.  Anything else we need to do this
09:44AM   4   morning?
09:44AM   5              MR. TRIPI:  I don't believe so, Judge.
09:44AM   6              THE COURT:  Anything from the defense?
09:44AM   7              MS. ZOGHLIN:  No, thank you, Judge.
09:44AM   8              THE COURT:  Okay.  Thanks, folks, for coming in.  As
09:44AM   9   I say, I want to keep a relatively short leash on this,
09:44AM  10   especially because I don't have the luxury of having a
09:44AM  11   magistrate judge doing this now in this case, and so I want to
09:44AM  12   make sure that I'm doing what I need to do to keep my tabs on
09:45AM  13   this case.  So thank you, all, very much.
09:45AM  14              MR. TRIPI:  Thank you, Your Honor.
09:45AM  15              (Proceedings concluded at 9:45 a.m.)
         16                   *     *     *     *     *     *     *
         17
         18                       **CERTIFICATE OF REPORTER**
         19      In accordance with 28, U.S.C., 753(b), I certify that
         20   these original notes are a true and correct record of
         21   proceedings in the United States District Court for the
         22   Western District of New York on November 28, 2023.
         23
         24                              s/ Ann M. Sawyer
                                         Ann M. Sawyer, FCRR, RPR, CRR
         25                              Official Court Reporter
                                         U.S.D.C., W.D.N.Y.
```