IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

22-CR-109-V

PAYTON GENDRON,

Defendant.

**GOVERNMENT'S MOTION FOR A SCHEDULING ORDER AND TO SET A TRIAL DATE**

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Kristen M. Clarke, Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi and Brett A. Harvey, Assistant United States Attorneys, Laura Gilson, Trial Attorney, Civil Rights Division, and Michael Warbel, Trial Attorney, Department of Justice Capital Case Section, of counsel, respectfully moves the Court to issue a scheduling order and set a trial date of April 14, 2025.

**PRELIMINARY STATEMENT**

On May 14, 2022, the defendant, PAYTON GENDRON, committed a mass shooting targeting Black people at the Tops Friendly Market in Buffalo, New York. The racially-motivated attack, which the defendant livestreamed on the Internet, resulted in the deaths of ten Black people, and non-fatal gunshot wounds to one Black person and two white people.

On June 15, 2022, the defendant was charged by Criminal Complaint with 26 counts involving hate crimes and murder. *See* Docket No. 1. On July 14, 2022, a federal grand jury in the Western District of New York returned a 27-count indictment against the defendant.

*See* Docket No. 6. On January 12, 2024, the government filed a Notice of Intent to Seek the Death Penalty. *See* Docket No. 125.

The government now moves this Court to issue a scheduling order and set a trial date of April 14, 2025, in order to protect the best interests of the public and the defendant in a speedy trial.

## BACKGROUND

On January 12, 2024, this Court held a status conference wherein the parties agreed to confer regarding potential areas of agreement for a scheduling order. *See* Docket No. 130. On January 23, 2024, the government sent defense counsel a proposed scheduling order. *See* Exhibit A. On January 29, 2024, defense counsel sent the government a counter proposed scheduling order and objected to setting a trial date. *See* Exhibit B. The defendant's scheduling order suggests various waves of extended litigation and, critically, does not include a trial date. *Id.*

On January 31, 2024, the parties conferred regarding the respective scheduling orders. Although the parties agree that certain issues must be litigated before trial, there is an impasse regarding the setting of a trial date, as well as the setting of dates for filing motions related to trial, such as jury selection, mental health evaluations, discovery, and jury instructions. For the reasons set forth below, the government requests that the Court adopt the government's proposed scheduling order (*see* Exhibit A) and set a trial date of no later than April 14, 2025. By issuing a scheduling order and establishing a trial date now, this Court will honor the rights protected by the Sixth Amendment, the Speedy Trial Act, and the Crime Victims' Rights Act (the "CVRA").

# ARGUMENT

## I. THE COURT SHOULD ISSUE A SCHEDULING ORDER AND SET A TRIAL DATE.

### A. The Court Should Adopt the Government's Proposed Scheduling Order and Set a Trial Date to Protect the Defendant's Sixth Amendment Right to a Speedy Trial and to Effectuate the Speedy Trial Act.

The Sixth Amendment and the Speedy Trial Act require the government to provide the defendant with a speedy trial. The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Indeed, the Supreme Court has deemed the right to a speedy trial as "fundamental" to our system of justice. *Klopfer v. North Carolina*, 386 U.S. 213, 223-26 (1967) ("The history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution."). The Second Circuit has held that the public, just as much as the defendant, "is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'" *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995).

Pursuant to the Sixth Amendment, the Court and the government owe an "affirmative obligation to [a criminal defendant] and to the public to bring matters to trial promptly." *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 377 (2d Cir. 1979). This burden, however, weighs particularly heavily on the government, which "owe[s] the additional duty of monitoring the case and pressing the court for a reasonably prompt trial." *United States v. Vispi*, 545 F.2d 328, 334 (2d Cir. 1976). As such, the Second Circuit has "repeatedly emphasized that affirmative action by the government in bringing cases to trial is mandated." *United States v. Tigano*, 880 F.3d 602, 613 (2d Cir. 2018).

In the same vein, the Speedy Trial Act requires the government to bring a criminal defendant to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment, whichever is later. *See* 18 U.S.C. § 3161 (c)(1). "A district court is under an obligation at all times to protect the interests embodied in the Speedy Trial Clause. The Speedy Trial Act was enacted to assist courts in that task." *United States v. Black*, 918 F.3d 243, 277 (2d Cir. 2019) (Cote, J., concurring and dissenting in part).

Neither the Sixth Amendment nor the Speedy Trial Act require "unreasonable speed," which could "have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." *United States v. Ewell*, 383 U.S. 116, 120 (1966). Rather, both recognize that "criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). "Partly because of these often dueling interests, the speedy-trial right has been described as amorphous, slippery, and necessarily relative." *United States v. Tufino*, 2021 WL 1788521, at *2 (W.D.N.Y. May 5, 2021) (citing *Barker v. Wingo*, 407 U.S. 514, 522 (1972)) (internal quotation marks omitted). The right to a speedy trial, however, is never peripheral or irrelevant (even where a defendant agrees to waive his rights by, for example, consenting to exclusions of time).

Here, the government moves the Court to adopt and issue its proposed scheduling order and set a trial date. The government does so not to rush the defendant to trial, but, rather, to comport fully with the Sixth Amendment and Speedy Trial Act. By issuing the scheduling order and setting a trial date, the Court will implement guideposts to keep this case on the path to a speedy and fair trial — a basic and most fundamental right underpinning our criminal justice system.

**B. The Court Should Adopt the Government's Proposed Scheduling Order and Set a Trial Date to Protect the Victims' Rights under the CVRA.**

The CVRA entitles victims to, *inter alia*, proceedings "free from unreasonable delay," 18 U.S.C. § 3771(a)(7), and gives them the right to be "reasonably heard" at any sentencing proceedings. 18 U.S.C. § 3771(a)(4). The CVRA further commands that "[t]he court shall ensure" that victims can realize their rights under the statute, § 3771(b)(1), while also directing prosecutors to make "best efforts" to accord victims their enumerated rights. 18 U.S.C. § 3771(c)(1). Crime victims also enjoy the right to be "treated with fairness and with respect for their dignity and privacy." 18 U.S.C. § 3771(a)(8).

Here, the government's proposed scheduling order culminates with a trial beginning on April 14, 2025. This Court is duty bound to ensure that the victims' rights to a trial "free from unreasonable delay" is realized. *See* 18 U.S.C. §§ 3771(a)(7) and 3771(b)(1). The victims and the public, particularly in a case involving the racially-motivated killing of ten people, should be made to wait no longer. The government's proposed scheduling order and trial date comport with the CVRA's important principles.

**C. The Court Should Adopt the Government's Proposed Scheduling Order and Set a Trial Date to Ensure Neither Party is Prejudiced.**

The government's proposed trial date of April 14, 2025, is reasonable, particularly because the government produced thorough, voluminous discovery to the defense in September 2022.[1] Setting a trial date allows the Court to carry out its duty to protect all parties' rights pursuant to the Constitution and statutory law. Likewise, setting a comprehensive series of deadlines provides victims, witnesses, the community, the Court, and counsel for both

[1] The government also provided significant discovery to the defense after the defendant was charged by Criminal Complaint in June 2022. The government has complied with its ongoing discovery obligations since September 2022, and will continue to do so.

parties, with a clear roadmap of things to be done, while also establishing a target date for the trial of this case. In contrast, if the Court adopts the defense's position, which contemplates almost a full year of limited pretrial litigation before even discussing a trial date, the Court would be inviting delay. Such lack of certainty in a case of this import is untenable.

A detailed scheduling order will give all interested persons, including the victims and the affected community, an understanding of when they may anticipate a trial in this case, as well as the litigation they may expect during the interim. By paving an unambiguous path toward trial, a scheduling order and trial date will assure all persons that this case continues to proceed in a timely and efficient manner. Issuing a comprehensive scheduling order and setting a trial date will also allow the Court and parties to allot appropriate time and resources to this case. For example, the government's scheduling order will permit the Court to reserve time for consideration of motions, hold potentially lengthy hearings, and prepare for jury selection and trial. That scheduling order will also allow the Court, court staff, attorneys, and witnesses to manage long-term calendars, providing notice to all of what is expected and when. It will also enable both parties to litigate disputes in a manageable fashion, prioritizing and focusing on issues as they arise in the schedule. Put simply, the scheduling order abates the risk of unexpected continuances or delays by providing all parties a clear understanding of upcoming deadlines and events. Absent such deadline, the case risks meandering and prolonged litigation without regard to the expectations of the victims and community impacted by this case.

By contrast, the defense's proposed scheduling order seeks various waves of litigation with no end in sight. Indeed, their proposed scheduling order, Exhibit B, contemplates almost a full year of limited pretrial litigation before even discussing a trial date. If the Court adopts the defense's scheduling order, it would not only be inviting delay, it would be ensuring it. Moreover, the defense's proposed scheduling order poses a significant risk of prejudice to the government and the public, including the risk of losing witnesses and victims.

The government's proposed scheduling order, on the other hand, does not prejudice the defendant. Indeed, the defendant is afforded a full opportunity to challenge, among other things, the substantive charges in the indictment, the death penalty, the specific aggravating factors alleged in this case, and the government's evidence, all while protecting his Sixth Amendment right to a speedy trial. While certain motions may depend on the particular facts and circumstances of this case, the general categories of motions typically filed in a capital case are entirely foreseeable and a timetable for such litigation best serves the interests of all involved.

What is more, the government's proposed trial date is 35 months from the date of the defendant's crimes; 32 months from the date of indictment; 22 months from production of substantial discovery; and a full 15 months from the filing of the Notice of Intent to Seek the Death Penalty. Defense counsel, including learned counsel, have been representing the defendant since his arrest on May 14, 2022. As reflected in the defense's proposed scheduling order, there is ample time to accomplish necessary tasks and, excluding two recent federal capital cases that were substantially delayed by the Covid-19 pandemic,[2] this time schedule is

[2] The Covid-19 pandemic impacted the scheduling of trial in two death penalty cases. First, in *United States v. Saipov*, Case No. 17-cr-722 (S.D.N.Y.), which involved the prosecution of the defendant for an October 31, 2017, terrorist-motivated attack with a box truck that resulted in the killings of eight persons and serious injuries to many others, the case was set for trial on April 13, 2020 (approximately two and a half years from the date of

generally consistent with the average timeline in federal capital cases, including cases involving mass murders.

For example, in *United States v. Dylan Roof*, Case No. 15-cr-472 (D.S.C.), a capital prosecution stemming from the defendant's murder of nine Black parishioners engaged in religious activities at the Mother Emmanuel Church in Charleston, South Carolina, the government filed the Notice of Intent to Seek the Death Penalty on May 24, 2016, and the court entered comprehensive scheduling orders on June 7 and June 9, 2016. *See Roof*, *supra*, Docket Nos. 179 and 180. Roof committed his crimes on June 17, 2015. Jury selection in his case began on November 28, 2016, approximately 17 months from the date of the crime and six months from the filing of the Notice of Intent to Seek the Death Penalty.

Similarly, in *United States v. Dzokhar Tsarnaev*, Case No. 13-cr-10200 (D. Mass.), a capital prosecution stemming from the April 15, 2013, bombing at the Boston Marathon and subsequent murder of a police officer, the government filed its Notice of Intent to Seek the Death Penalty on January 30, 2014, and the court entered a comprehensive scheduling order on February 12, 2014. *See Tsarnaev*, *supra*, Docket No. 172. Jury selection in *Tsarnaev* began on January 5, 2015, approximately 21 months after the date of the crime and 12 months from the filing of the Notice of Intent to Seek the Death Penalty.

---

the crime). All indications were that trial would begin on that date before pandemic-related shutdowns caused significant continuances. The *Saipov* trial ultimately began on October 11, 2022. Second, in *United States v. Bowers*, Case No. 18-cr-292 (W.D. Pa.), which involved the prosecution of the defendant for the October 27, 2018, hate-motivated killings of 11 members of the Jewish faith at a Pittsburgh synagogue, the government moved on September 24, 2019, for a comprehensive scheduling order and trial date. *See* Docket No. 91. On November 7, 2019, the district court granted the government's request to set pretrial deadlines but denied the motion to set a trial date. *See* Docket No. 110. Due to delays caused by the Covid-19 pandemic, the *Bowers* trial did not begin until April 24, 2023. Given the significant delays caused by the pandemic in both these cases, the government posits that they are outliers in the body of capital penalty cases.

Finally, in *United States v. Council*, Case No. 17-cr-866 (D.S.C.), the prosecution of a double murder committed during a bank robbery, which was the last federal capital trial prior to the pandemic, the defendant committed his crimes on August 21, 2017. The government filed a Notice of Intent to Seek the Death Penalty on March 21, 2018, and the court issued a comprehensive scheduling order on May 2 and May 15, 2018. *See Council*, *supra*, Docket Nos. 121 and 130. Jury selection began on September 9, 2019, just over two years from the date of the crime and approximately 16 months from the filing of the Notice of Intent to Seek the Death Penalty.

In sum, establishing a scheduling order and setting a trial date at this juncture serves the interests of all involved. It, first and foremost, preserves the rights of the defendant, the victims, and the public in bringing prompt criminal proceedings. It also provides a clear roadmap for all involved as to what must be accomplished and when. It allows for full litigation of issues and ensures the efficient administration of justice. Finally, it protects the defendant's Constitutional and statutory right to a speedy trial and allows him to fully and fairly litigate anticipated issues. The government's proposed scheduling order, like those adopted in other federal death penalty cases, is reasonable and ensures that this case proceeds to trial without unreasonable delay.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court adopt the government's proposed scheduling order and set a trial date of April 14, 2025.

DATED: February 1, 2024
Buffalo, New York

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *s/JOSEPH M. TRIPI*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
Joseph.Tripi@usdoj.gov

BY: *s/BRETT A. HARVEY*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street
Rochester, New York 14614
(585) 399-3949
Brett.Harvey@usdoj.gov

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

BY: *s/LAURA B. GILSON*
Trial Attorney
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, DC 20530
202-598-1141
Laura.gilson2@usdoj.gov

BY: *s/MICHAEL S. WARBEL*
Trial Attorney
Criminal Division
U.S. Department of Justice
1331 F. St. NW, Ste. 623
Washington, DC 20004
(202) 514-5605
Michael.Warbel@usdoj.gov