# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                            22-CR-109-V

PAYTON GENDRON,

                Defendant.

---

## GOVERNMENT'S PROPOSED SCHEDULING ORDER

Feb. 16, 2024:    Completion of non-expert Fed. R. Crim. P. 16 discovery for all parties; the United States shall make available to the defendant, by the time required by the applicable law, all material for which disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963).[1]

March 1, 2024:    Defense discovery motions

March 15, 2024:    Responses to defense discovery motions

April 15, 2024:    1) Constitutional motions relating to capital punishment, including, but not limited to, challenges to the Federal Death Penalty Act, *per se* challenges to the death penalty, any claim that the government is categorically precluded from seeking the death penalty due to the age and/or mental health of the defendant, and challenges to Special Findings in the Indictment

                        2) Motion(s) to Dismiss/Strike the Special Findings in the Indictment and/or Notice of Intent to Seek the Death Penalty, including motions attacking the sufficiency of notice and/or validity of aggravating factors

                        3) Challenges to Death Qualification

                        4) Defense to provide reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1)

May 24, 2024:    Government responses to capital motions

---

[1] This deadline is subject to the parties' continuing discovery obligations.

June 10, 2024: Replies re: capital motions

June 17-21, 2024: Hearing re: capital motions, if necessary

July 8, 2024: 
1) Defense motions challenging the constitutionality of substantive offenses, including hate crimes statutes, charged in the Indictment

2) Pretrial motions, including but not limited to:

- Bill of Particulars
- Venue
- Defects in Instituting Prosecution
- Selective Prosecution
- Challenges to Grand Jury
- Motions to Suppress
- Challenges to Victim Impact Evidence

July 15, 2024: The parties are directed to confer on the matter of jury selection procedures and to submit by this date a joint proposal regarding any areas of common agreement and separate proposals regarding any areas in dispute.

Aug. 7, 2024:
1) Responses to pretrial motions

2) Responses to proposed jury selection procedures in dispute

Aug. 14, 2024: Replies re: pretrial motions and proposed jury selection procedures

Aug. 26-28, 2024: Hearings on pretrial motions and jury selection procedures, if necessary[2]

Oct. 14, 2024:
1) Defense notice of intent to introduce expert evidence on a mental condition bearing on the issue of guilt or punishment pursuant to Fed. R. Crim. P. 12.2(b)(1) and (2)[3]

- Defendant's notice shall include the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be addressed sufficient to permit the government to determine the area in which its expert must be versed.

---

[2] The Court will subsequently issue an order that will govern jury selection, including, but not limited, to dates and methods for prospective jurors to complete questionnaires, the parties to review questionnaires and propose strikes, in-court *voir dire*, and execution of peremptory strikes.

[3] Unless either party subsequently requests alternative procedures, maintenance and disclosure of all results and reports of mental health examinations conducted pursuant to Fed. R. Crim. P. 12.2 shall be governed by Fed. R. Crim. P. 12.2(c).

|  |  |
|---|---|
|  | - If defendant provides such notice, defendant shall be examined by a corresponding mental health professional or professionals selected by the government for purposes of rebuttal pursuant to Fed. R. Crim. P. 12.2(c)(1). |
|  | 2) Government and defense disclosures of guilt-phase non-mental health expert summaries pursuant to Fed. R. Crim. P. 16(a)(1)(G) and (b)(1)(C) |
|  | 3) Deadline for defendant to raise claims under *Atkins v. Virginia*, 536 U.S. 304 (2002). If notice is provided, a separate litigation schedule will be developed. |
|  | 4) Deadline for defendant to raise issues of competency. If no motion is filed, the defense shall file an *ex parte* declaration under seal explaining why. If the defendant files a motion, a separate litigation schedule will be developed. |
| Nov. 4, 2024: | 1) Disclosure of expert reports for experts identified in response to the parties' October 14, 2024, disclosures of guilt-phase non-mental health expert summaries |
|  | 2) Challenges to any October 14, 2024, guilt-phase, non-mental health expert disclosures |
| Nov. 18, 2024: | Responses to challenges to guilt phase non-mental health experts |
| Nov. 22, 2024: | Disclosure of penalty phase non-mental health expert reports pursuant to Fed. R. Crim. P. 16(a)(1)(G) and (b)(1)(C) |
| Dec. 6, 2024: | 1) Disclosure, if any, of expert reports for experts identified in response to the parties' November 22, 2024, disclosure of penalty phase non-mental health expert reports |
|  | 2) Challenges to November 22, 2024, expert disclosures, if any |
| Dec. 18, 2024: | The parties must confer on the matter of a jury questionnaire and submit by this date a joint proposed questionnaire, if possible, as well as separate proposals regarding any areas in dispute. |
| Dec. 20, 2024: | Responses to challenges to penalty phase non-mental health experts |
| Jan. 13-15, 2025: | Hearings re: jury questionnaire and challenges to experts, if necessary |

3

| | |
|---|---|
| Feb. 10-14, 2025: | Completion of jury questionnaires[4] |
| Feb. 21, 2025: | 1) The parties are directed to confer on the matter of jury instructions and verdict forms for all phases of the trial and to submit by this date a joint proposal regarding any areas of common agreement and separate proposals regarding any areas in dispute. |
| | 2) Motions in limine regarding both the guilt and sentencing phases of trial |
| | 3) Government guilt- and penalty-phase witness and exhibit lists |
| March 7, 2025: | 1) Responses to jury instruction proposals in dispute |
| | 2) Responses to motions in limine |
| | 3) Defense guilt-phase witness and exhibit list |
| March 14, 2025: | Defense penalty-phase witness list and list of proposed mitigating factors |
| March 17, 2025: | 1) Replies re: jury instruction proposals in dispute |
| | 2) Replies re: motions in limine |
| March 19, 2025: | Parties to confer and provide to the Court by this date 1) a list of agreed-upon motions to strike prospective jurors based on questionnaire responses; and 2) lists of non-agreed upon motions to strike prospective jurors based on questionnaire responses. |
| March 24-28, 2025: | 1) Hearing, if necessary, on jury instructions and verdict form, motions in limine, and any disputes regarding witness lists |
| | 2) Hearing, if necessary, on challenges to prospective jurors based on questionnaire responses |
| April 14, 2025: | Commence *voir dire*; trial to begin immediately after the conclusion of the jury selection process |

---

[4] Subject to negotiations of the parties and litigation related to jury selection procedures, it is generally expected that the Court will summon large groups to the United States Courthouse or another agreed-upon location to complete the jury questionnaires. Groups will be summoned in the morning and afternoon each day. The jury administrator will make completed questionnaires available to the parties on a rolling basis as soon as possible after each group completes the questionnaires.