UNITED STATES OF AMERICA,

    v.

PAYTON GENDRON,

        Defendant.

22-CR-109 (LJV-HKS)

# MOTION FOR BILL OF PARTICULARS

## I. Introduction

Defendant, Payton Gendron, through undersigned counsel, and pursuant to the Fifth, Sixth and Eighth Amendments to the U.S. Constitution, the Federal Death Penalty Act ("FDPA") and Federal Rule of Criminal Procedure 7, hereby moves the Court to direct the government to provide him with a bill of particulars to supplement the indictment. The indictment fails to allege, in a number of respects, the conduct by Payton Gendron and other essential facts comprising the charged offenses and special findings. Therefore, a bill of particulars is necessary in this death-penalty prosecution to provide Payton Gendron with sufficient notice to enable him to prepare for trial and to minimize the danger of unfair surprise at trial.

## II. Factual Background

Payton Gendron is charged in a 27-count indictment related to the killings of 10 people and the wounding of three others at the Tops grocery store in Buffalo on May 14, 2022. ECF No. 6. He is charged under 18 U.S.C. § 249(a)(1)(B)(3), the federal hate-crime statute, and 18 U.S.C. § 924(j), the federal firearms statute. The indictment counts are barebones, essentially just tracking the statutory language and adding in the names of the victims and that the crime occurred "on or about May 14, 2022, in the Western District of New York." Although the

indictment also contains an "Introduction," it is similarly sparse, adding only that Payton Gendron drove to the store "on or about" that date, its location, and how he was armed. *Id.*

The indictment also includes ten additional paragraphs of "Special Findings," required by the FDPA to be proven at a capital-sentencing hearing for Payton Gendron to be eligible for a death sentence, *see* 18 U.S.C. §§ 3593(e), and thus also required to be alleged in the indictment, *see United States v. Fell*, 531 F.3d 197, 237 (2d Cir. 2008). But these allegations also largely just track the language of the FDPA. ECF No. 6 at 11-12. For example, paragraph 2(g) of the Special Findings alleges that Payton Gendron engaged in "substantial planning to cause the death of a person," but states no facts about what conduct or acts constituted that planning, or where or when they took place.[1]

On January 12, 2024, the government gave notice of its intent to seek the death penalty against Payton Gendron. ECF No. 125. Over defense objections, the Court has scheduled this death-penalty trial to begin in 16 months, on September 8, 2025. And it has ordered Payton Gendron's pretrial motions to be filed in six months, by November 1, 2024. ECF No. 141.

## III. Legal Grounds

To protect a defendant's Fifth Amendment right to due process and Sixth Amendment right to a fair trial, Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include a "definite written statement of the essential facts constituting the offense charged." And Rule 7(f) broadly authorizes the Court to "direct the government to file a bill of particulars" to

---

[1] The Special Findings in the indictment of this and other statutory aggravating factors, *see* 18 U.S.C. § 3592(c), are, with one exception, repeated in the government's notice of intent to seek the death penalty, which additionally alleges certain non-statutory aggravating factors. Payton Gendron's motion for an informational outline, filed this date, is addressed to all the aggravating factors. Thus, this motion partially overlaps with that one to the extent it also addresses the statutory aggravating factors.

2

supplement the indictment, "as justice requires."  A bill of particulars "enables a defendant to prepare for trial" and "prevent[s] surprise," *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007) (internal quotation omitted), by "permit[ting] a defendant to identify with sufficient particularity the nature of the charge pending against him," *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).  A bill of particulars should be ordered when the indictment charges "do not advise the defendant of the *specific acts* of which he is accused."  *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (emphasis added); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *overruled on other grounds as recognized by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010); *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (no bill of particulars needed where "the elements . . . are described in detail in the indictment" and each count "spells out the conduct of the defendants").

Although a bill of particulars is not intended as a means of learning the identities of the government's witnesses and their anticipated testimony, "'if necessary to give the defendant enough information about the charge to prepare his defense, it will be required even if the effect is disclosure of evidence or of theories.'"  *United States v. Pirk*, 282 F. Supp. 3d 578, 581 (W.D.N.Y. 2017) (*quoting United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998)).

Furnishing voluminous discovery to the defendant does not exempt the government from providing a bill of particulars; indeed, it can sometimes make such a bill even more essential. *Davidoff*, 845 F.2d at 1154-55; *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987); *see also United States v. Clarkson Auto Elec., Inc.*, 2014 WL 3906324, at *4 (W.D.N.Y. Aug. 8, 2014).  Moreover, unlike discovery alone, a bill of particulars serves to bind the government so that it ordinarily may not present materially different information at trial.  *See United States v. Glaze*, 313 F.2d 757, 759 (2d Cir. 1963); *Pirk*, 282 F.Supp.3d at 580.

## IV. The Requested Particulars

Payton Gendron requests that the government be directed to provide a bill stating the following particulars:

<u>*Counts 1-10 (Hate Crime Resulting in Death)*</u>

For each count, identify the following:

1. The bodily injury that Payton Gendron willfully caused to the victim.

2. The person because of whose actual race Payton Gendron willfully caused bodily injury to the victim, and the actual race of that person.

3. The person because of whose perceived race Payton Gendron willfully caused bodily injury to the victim, and the perceived race of that person.

4. How the bodily injury to the victim resulted in his/her death.

5. Each act by which Payton Gendron willfully caused bodily injury to the victim.

*Counts 11-20 (Discharge of a Firearm to Commit Murder)*

For each count, identify the following:

1. Each act by which Payton Gendron used, carried, and discharged a firearm.

2. How such use, carrying, and discharge were "during and in relation" to the corresponding crime of violence.

3. Whether Payton Gendron caused the victim's death in such a manner as to constitute murder in the first or murder in the second degree under 18 U.S.C. § 1111 and, if murder in the first degree, whether it was premeditated or in the course of a felony.

4. Each act by which Payton Gendron caused the victims' death.

<u>*Count 21 (Hate Crime Involving Attempt to Kill)*</u>

1. The bodily injury that Payton Gendron attempted to willfully cause to the victim.

2. The bodily injury that Payton Gendron willfully caused to the victim.

3. The person because of whose actual race Payton Gendron willfully caused and attempted to cause bodily injury to the victim, and the actual race of that person.

4. The person because of whose perceived race Payton Gendron willfully caused and attempted to cause bodily injury to the victim, and the perceived race of that person.

5. Each act by which Payton Gendron attempted to kill the victim.

6. Each act by which Payton Gendron attempted to cause bodily injury to the victim.

7. Each act by which Payton Gendron caused bodily injury to the victim.

*Count 22-23 (Hate Crime Involving Attempt to Kill)*

For each count, identify the following:

1. The bodily injury that Payton Gendron attempted to willfully cause to the victim.

2. The bodily injury that Payton Gendron willfully caused to the victim.

3. The person (among the Black people stated in the indictment) because of whose actual race Payton Gendron willfully caused and attempted to cause bodily injury to the victim, and the actual race of that person.

4. The person (among the Black people stated in the indictment) because of whose perceived race Payton Gendron willfully caused and attempted to cause bodily injury to the victim, and the perceived race of that person.

5. The person (among the Black people stated in the indictment) whom Payton Gendron attempted to kill, and each act by which Payton Gendron attempted to kill that person.

6. Each act by which Payton Gendron attempted to cause bodily injury to the victim.

7. Each act by which Payton Gendron caused bodily injury to the victim.

*Count 24-26 (Use and Discharge of a Firearm)*

1. Each act by which Payton Gendron used, carried, and discharged a firearm.

2. How such use, carrying, and discharge were "during and in relation" to the corresponding crime of violence.

*Count 27 (Hate Crime Involving Attempt to Kill)*

1. The bodily injury that Payton Gendron attempted to willfully cause to Black people.

2. The Black people to whom Payton Gendron attempted to willfully cause bodily injury.

3. The person (among the Black people stated in the indictment) because of whose perceived race Payton Gendron willfully caused and attempted to cause bodily injury to Black people and the perceived race of that person.

4. The persons (among the Black people "in and around Tops," as stated in the indictment) whom Payton Gendron attempted to kill, and each act by which Payton Gendron attempted to kill each such person.

5. Each act by which Payton Gendron attempted to willfully cause bodily injury to Black people.

6. Each act by which Payton Gendron willfully caused bodily injury to Black people.

7. The time and place at which each such act was committed by Payton Gendron.

*Special Finding 2(f) (Grave Risk of Death to One or More Other Persons)*

1. Each other person to whom Payton Gendron created a grave risk of death.

2. Each act by which Payton Gendron created a grave risk of death to each such person.

3. How each such act created such a grave risk of death.

*Special Finding 2(g) (Substantial Planning and Premeditation)*

1. Each act by which Payton Gendron substantially planned to cause the death of a person.

6

2. Each act by which Payton Gendron substantially premeditated to cause the death of a person.

3. Each person whose death Payton Gendron substantially planned.

4. Each person whose death Payton Gendron substantially premediated.

*Special Finding 2(i) (Vulnerable Victim)*

1. The facts establishing that the named victims were particularly vulnerable to being killed.

2. What infirmity each named victim suffered from, and the facts establishing that it made him/her particularly vulnerable to being killed.

**V. Conclusion**

For the foregoing reasons, and pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 7, and the FDPA, the defendant requests that this Court grant this Motion for a Bill of Particulars as described above.

Dated: May 2, 2024
Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/Anne M. Burger*
Anne M. Burger
Supervisory Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Attorney at Law