IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          22-CR-109-LJV

PAYTON GENDRON,

        Defendant.

---

## AFFIDAVIT

STATE OF NEW YORK    )
COUNTY OF LIVINGSTON  )   SS.
VILLAGE OF GENESEO    )

**Aaron Galvin**, being duly sworn, deposes and says:

1.    I am employed by the Livingston County Sheriff's Office as the Chief Deputy of Correctional Services Bureau. I also serve as the Superintendent of the Livingston County Jail in Geneseo, New York. In these capacities, I am responsible for, among other things, the day-to-day operations of the Livingston County Jail and the supervision of jail personnel. I am fully familiar with the policies and procedures in place at the Livingston County Jail regarding the monitoring and recording of inmate communications and the monitoring and screening of inmate correspondence.

2.    Inmates at the Livingston County Jail have access to three modes of communication. First, they may use hardline telephones in the common areas of the facility to make outgoing phone calls. Second, they may use a tablet to make outgoing phone calls,

conduct video visits, and send and receive text-based messages.[1] Third, they may send and receive regular mail.

3. All inmate phone calls placed through the hardline telephones are monitored and recorded. In addition, all inmate phone calls, video visits, and text-based messages placed through the tablets are monitored and recorded. The purpose of the monitoring and recording policy is to ensure the safety, security, and good order of the facility.

4. At all times relevant, Livingston County Jail has used Global Tel Link to facilitate all inmate phone calls. Inmates are notified of the monitoring and recording of phone calls each time they use the hardline telephone or tablet to make a call. At the beginning of each call, inmates receive an automated warning that states, in pertinent part, "[t]his call is from a corrections facility and is subject to monitoring and recording."[2] The warning is given to both the inmate who is placing the call and the person(s) receiving the call.

5. Inmates are notified of the facility's monitoring policy for their tablets in an "Inmate Handbook," which is given to each inmate in hard copy and/or digital form. A copy of the 2024 Inmate Handbook is attached hereto as *Exhibit A*. The handbook includes a section titled, "Facility Tablet Rules," which provides, in pertinent part,

> The facility does utilize tablets for the purpose of phone calls, video visits, Law Library, commissary, messaging/photos with family and friends. These tablets are a privilege and may be revoked with misuse and a facility hearing. When they are available each inmate will be assigned a tablet.
>
> . . .

---

1 The tablets operate in a closed-circuit universe. For example, although inmates may search the tablet for, among other things, music and books, they cannot browse the internet or send/receive emails.

2 On May 14, 2024, I confirmed this language.

- Tablets are monitored by staff and the company providing the tablet service. Any video visits or pictures showing the following may be denied or flagged as inappropriate:
    - *Drug Activity*
    - *Illegal acts, - crimes*
    - *Nudity, Sexual Activity*

*Exhibit A* at 17-18 (emphasis in original).

6.  All inmates have a digital copy of the Inmate Handbook on their assigned tablet. Each time an inmate signs onto their tablet, a message appears on the screen requiring the inmate to open a digital version of the Inmate Handbook to proceed. A screenshot of this message is attached hereto as *Exhibit B*. Once the inmate selects "confirm," the tablet displays the Inmate Handbook and a message box stating, "I acknowledge that I have seen this message." Once the inmate checks the box acknowledging he saw the message, he must then select the "confirm" button to proceed. A screenshot of this message is attached hereto as *Exhibit C*.

7.  The Inmate Handbook also states the policy for screening incoming non-legal correspondence. It provides, in pertinent part,

> All incoming mail not considered privileged will be opened and inspected to ensure the absence of contraband. These mailings will then be photocopied along with the envelope and the photocopies will be delivered to the Inmate. Incoming mail may be read or censored if pursuant to NYS Minimum Standards it is considered a security risk; *Inmate will be notified in writing if their mail was read and the reason why.* All original correspondence shall be stored in the secure inmate property box, and returned to the individual upon release or transfer.

*Exhibit A* at 15 (emphasis in original). The purpose of this policy is to ensure the safety, security, and good order of the facility. To date, the facility has not had reason to read or censor PAYTON GENDRON's ("GENDRON") incoming correspondence.

8.      The Livingston County Jail does not screen the contents of outgoing inmate correspondence. The facility logs outgoing correspondence by recording the name and address of the intended recipient, and then sends it through the United States mail. The facility does not open or copy outgoing correspondence.

9.      Inmate GENDRON was admitted to the Livingston County Jail on February 16, 2023. On the same date, he signed a form acknowledging his receipt of a copy of the "Livingston County Jail Inmate Rules and Regulations." The form notified GENDRON that it was his "responsibility to read the Rules and Regulations" and that a staff member would assist him with "understanding the Rules and Regulations" if he (GENDRON) had any questions. The document referred to as the "Livingston County Jail Inmate Rules and Regulations" in the acknowledgement form is the same as the Inmate Handbook. Upon information and belief, the jail issued GENDRON the 2023 version of the Inmate Handbook at the time he was admitted, and GENDRON currently has access to the 2024 Inmate Handbook on his assigned tablet. A copy of the 2023 Inmate Handbook is attached hereto as *Exhibit D*. The 2023 Inmate Handbook is the same as the 2024 Inmate Handbook (*Exhibit A*) in all material respects as they relate to the policies for monitoring and recording inmate communications and screening inmate correspondence.

AARON GALVIN
Chief Deputy
Correctional Services Bureau
Livingston County Sheriff's Office

Subscribed and sworn to before me
this 20 day of May, 2024.

Notary Public

NORENE DOUGLAS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DO0020949
Qualified in LIVINGSTON County
Commission Expires FEBRUARY 9, 2028