UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

PAYTON GENDRON,

        Defendant.

22-CR-109-LJV
DECISION & ORDER

---

      Before this Court is Payton Gendron's motion under the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.* ("JSSA"). On July 21, 2022, Gendron made 27 requests for records related to grand jury selection. Docket Item 10-1 at 4-6.[1] After conferring with the government and receiving information from the Jury Administrator, Gendron asked this Court to make immediate rulings on eight requests and to schedule oral argument on his other requests. Docket Item 187.

      Gendron's motion as to the eight requests is granted in part, denied in part, and deferred in part. This Court will hold oral argument for the deferred issue and his remaining requests.

## BACKGROUND

      On July 21, 2022, Gendron requested access to jury records so that he could bring a motion under the JSSA. Docket Item 10. On August 12, 2022, the government

---

[1] Page numbers for docket citations refer to ECF pagination.

responded and made both general and specific objections to Gendron's requests. Docket Item 17. On August 17, 2022, Gendron replied. Docket Item 18.

At a hearing on February 2, 2024, Gendron said that both sides had agreed to discuss the motion. Docket Item 154 at 27. On April 26, 2024, Gendron confirmed that the parties had conferred, and he asked the Jury Administrator to meet with the parties to answer questions about the records. Docket Item 155.

On May 17, 2024, the Jury Administrator provided a written response to Gendron's questions, Docket Item 169; he provided more information on June 18, 2024, Docket Item 184. In light of the Jury Administrator's response, Gendron updated this Court about the status of his motion on July 12, 2024. Docket Item 187. In the update, Gendron categorizes his requests as resolved (requests 1, 3, 4, 5, and 12), unopposed (requests 2, 6, 9, 15, 16, 20 (as to the Buffalo division), 21, and 24), or disputed (the remaining requests). *Id.*

For the eight requests that Gendron says are unopposed,[2] Gendron asks this Court to order the Jury Administrator to provide defense counsel with the related records within three weeks. *Id.* Additionally, he asks the Court to order the government to provide a letter within one week. *Id.*; *see* Docket Item 184 at 1 (citing a "Request letter from the USAO").

---

[2] Gendron does not provide a citation for his representation that the government does not oppose eight of the requests. *See* Docket Item 187. This Court assumes that this representation is based on the government's response to his original motion. *See* Docket Item 17 at 7-12. But that response raised general objections, some of which appear to apply to the items Gendron requests. *See* Docket Item 17 at 3-5. This Court considers the government's specific and general objections in issuing this order.

Gendron says that the disputed requests are ripe and requests that this Court schedule oral argument.  Docket Item 187.

## **DISCUSSION**

Under the JSSA, a defendant may "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury."  28 U.S.C. § 1867(a).  "The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service.  The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."  *Id.* § 1867(f).

Subdivision (f) of section 1867 gives litigants "essentially an unqualified right to inspect jury lists."  *Test v. United States*, 420 U.S. 28, 30 (1975).  The right to access material under the JSSA has limits, though.  *United States v. Pirk*, 281 F. Supp. 3d 342, 344 (W.D.N.Y. 2017).  "A defendant's unqualified right to records or papers encompasses only such data as a defendant needs to challenge the jury selection process."  *Id.* (alteration, citation, and internal quotation marks omitted).  The JSSA is "not a license for litigants to rummage at will" through all the Clerk's records.  *Id.* (citation and internal quotation marks omitted).

Applying 28 U.S.C. § 1867(f) and the related caselaw, this Court orders the Jury Administrator to provide the records listed below.  To the extent that the Jury Administrator identified additional responsive documents, this Court denies Gendron's request for those documents without prejudice.  If Gendron believes that he is entitled to additional responsive records for the requests below, he may explain why and renew his request at the oral argument on his other JSSA requests.

The Jury Administrator shall provide the following records for the corresponding requests by August 7, 2024.

- request 2: the Court's "COVID Letter";
- request 6: the AO-12 form used to summon the grand jurors who returned the indictment in this case;
- request 9: the date that the Master Jury Wheel was refilled;[3]
- request 15: the panel order and mailing confirmation of the summonses;
- request 16: the panel order;[4]

---

[3] Request 9 is for "Any document or data detailing the date when the Master Jury Wheel that was used to summon grand jurors, in this case, was refilled as described in the Jury Selection Plan section titled Maintaining the Master Jury Wheel."  Docket Item 10-1 at 4.  The Jury Administrator stated that the answer to this request could be found in an email with IT.  Docket Item 184 at 1.  In its response to Gendron's JSSA motion, the government cited *Pirk*, 281 F. Supp. 3d at 344, and argued that records such as internal emails are not reviewable under the JSSA.  Docket Item 17 at 4.  Gendron did not reply directly to that argument.  *See* Docket Item 18.  But because Gendron seeks the *date* when the Master Jury Wheel was refilled, and the government does not seem to oppose the disclosure of this date, Docket Item 17 at 8, this Court orders the Jury Administrator to provide counsel with the date and not the email itself.

[4] Request 15 is for "Any document or data detailing the date when grand jurors were summoned in this case" and request 16 is for "Any document or data detailing the number of persons summoned from the Master Jury Wheel to be considered as grand jurors in this case."  Docket Item 10-1 at 5.  In addition to the panel order and the mailing confirmation, the Jury Administrator also cited a "Request letter from the USAO"

4

- request 20: the divisional master jury wheel data, only for Buffalo; and
- request 21: the status codes for persons in the Master Jury Wheel.

The Court defers ruling on Gendron's request 24, which is for "The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case."  Docket Item 10-1 at 6.  The Jury Administrator responded that this information is available but that the records contain jurors' personal identifiable information that would be burdensome to redact.  Docket Item 184 at 1.  In a declaration that Gendron attached to his JSSA motion, his defense consultant suggested that this Court could safeguard personal identifiable information by ordering that it be redacted or by allowing the defense team to inspect the records in the Clerk's office.  Docket Item 10-1 at 3.  In his July 12, 2024, letter, Gendron asks this Court to order the Jury Administrator to provide the materials under a protective order.  Docket Item 187.  This Court defers ruling on request 24 until oral argument.  The parties should be prepared to address whether this Court should allow the defense team to inspect the records at the courthouse or order the Jury Administrator to provide the records under a protective order.

---

and an email from chambers that related to requests 15 and 16.  Docket Item 184 at 1.  The records this Court is ordering are directly responsive to Gendron's requests and appear to be sufficient to answer his questions about the date jurors were summoned and the number of jurors who were summoned, and this Court therefore denies without prejudice Gendron's request to the extent he seeks additional information from the Jury Administrator and from the government on this issue.

**PROTECTIVE ORDER**

The disclosures are subject to the following protective order.[5]

First, the materials may be used only in connection with the preparation and litigation of a motion in this case challenging the District's grand jury selection procedures. The materials may not be used for purposes of jury selection, trial, or any other matter. If the materials are not returned to this Court at the commencement of jury selection, counsel must certify that the materials have been destroyed and that no materials have been retained in any form. This Court will file a sealed copy of the records on the docket for purposes of maintaining a record of the production.

Second, consistent with § 1867(f), the materials may not be disclosed, shown, or distributed in any manner to any third party. Likewise, the materials may be disclosed only to individuals who have a need to view the materials for purposes of the defined scope of the production, as set forth above.

Third, Gendron shall not possess the materials at any time. Counsel may review the materials with him, but no copies may be left with him.

Finally, any attorney who accesses the materials is personally responsible not only for his or her own compliance with this Protective Order, but also for his or her client's compliance with the requirements of this Protective Order and compliance by any staff member or other person who is shown the materials consistent with this Decision and Order.

---

[5] Gendron said that he would provide a proposed protective order solely for records related to request 24. But a protective order is appropriate for all the disclosures. *See Pirk*, 281 F. Supp. 3d at 346-47. Gendron may propose changes to the protective order at oral argument.

## **CONCLUSION**

For the reasons stated above, Gendron's motion as to the eight relevant records is granted in part, denied in part, and deferred in part. The Jury Administrator shall provide this Court with the records listed above by **August 7, 2024**. When it receives the records, this Court will file them under seal and give defense counsel and the government access to them.

This Court will schedule oral argument on Gendron's remaining JSSA requests at a later date.


SO ORDERED.

Dated:   July 17, 2024
         Buffalo, New York


      */s/ Lawrence J. Vilardo*
      LAWRENCE J. VILARDO
      UNITED STATES DISTRICT JUDGE