UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

PAYTON GENDRON,

        Defendant.

22-CR-109-LJV
DECISION & ORDER

---

Before this Court is Payton Gendron's motion for an informational outline for certain aggravating factors. *See* Docket Item 160. After the government opposed Gendron's motion, Docket Item 167, Gendron replied, Docket Item 185.[1] For the reasons that follow, this Court grants Gendron's motion.

## **BACKGROUND**

A federal indictment charged Gendron with twenty-seven felony counts in connection with a shooting that killed ten people and injured three at a Tops grocery store in Buffalo, New York, on May 14, 2022. Docket Item 6.

On January 12, 2024, the government filed a notice of intent to seek the death penalty that included nine aggravating factors. Docket Item 125. Four of the aggravating factors are statutory: grave risk of death to additional persons; substantial

---

[1] At a hearing on May 21, 2024, this Court asked the parties about scheduling oral argument on this motion and Gendron's motion for a bill of particulars. Docket Item 183 at 23-24. The government called the briefing "comprehensive" and said that it would defer to the Court about whether argument was necessary. *Id.* at 24. Gendron agreed that oral argument may be unnecessary. *Id.* Given the extensive briefing and the parties' agreement that oral argument may not be necessary, this Court decides the motions without oral argument.

planning and premeditation; vulnerable victim; and multiple killings and attempted killings. *Id.* at 3. Five of the aggravating factors are non-statutory: victim impact; injury to surviving victims; racially motivated killings; attempt to incite violence; and selection of site. *Id.* at 4-5. Gendron requests an informational outline for all factors except vulnerable victim and multiple killings and attempted killings.[2] Docket Item 185 at 1 n.1.

The government says that it has produced many rounds of discovery as well as a discovery index. Docket Item 167 at 3-4. Gendron does not dispute this representation; in fact, he says that the government has provided "tens of thousands if not hundreds of thousands of documents, as well as countless gigabytes of electronic material." Docket Item 185 at 8. Moreover, as of May 1, 2024, Gendron had some pending discovery requests, but the government had not yet refused to provide anything he requested. Docket Item 157 at 1. And while Gendron moved for a bill of particulars on the same day that he filed his motion for an informational outline, *see* Docket Item 161, he has not made any recent discovery requests. So discovery is not the issue; particulars about the charges and an outline of aggravating factors are.

## DISCUSSION

Aggravating factors are one of several unique aspects of death penalty cases. Under the Federal Death Penalty Act, the factfinder at the sentencing hearing considers whether aggravating factors "sufficiently outweigh" mitigating factors "to justify a

---

[2] Gendron originally made requests about the vulnerable-victim factor, Docket Item 160 at 10-11, but the government conceded the infirmity prong of that factor and said that it would proceed at trial only on the old age prong, Docket Item 167 at 34 n.15. In light of this concession, Gendron withdrew his vulnerable-victim requests. Docket Item 185 at 1 n.1.

sentence of death."³  18 U.S.C. § 3593(e).  The aggravating factors may be statutory factors that the law enumerates, or they may be "any other aggravating factor."  *Id.* § 3592(c).  For both types, "notice [must] ha[ve] been given."  *Id.*; *see id.* § 3593(a)(2).  In addition to these procedures, the rules of admissibility are different as well: "Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  *Id.* § 3593(c).  This means that the universe of information that the government might attempt to use is vast and the facts that the government might attempt to prove are many.

## I.  GENERAL RIGHT TO AN INFORMATIONAL OUTLINE

Gendron requests "an informational outline of the essential facts underlying [the government's] aggravating factors."  Docket Item 160 at 1-2.  He cites many cases in which courts within and outside the Second Circuit have ordered the government to produce this type of outline.  *Id.* at 8.  He argues that he is entitled to an outline so that he has meaningful notice about the acts that the government is attempting to prove.  *Id.* at 4-8.  He also argues that an outline will enable him to challenge the government's aggravating factors in pretrial motions—which are due by November 1, 2024—and will

---

³ The government has the burden of proving aggravating factors beyond a reasonable doubt, and the jury's finding with respect to the existence of each aggravating factor must be unanimous.  18 U.S.C. § 3593(c)-(d).  In contrast, the defense must prove mitigating factors by a "preponderance of the information," and if only one juror finds a mitigating factor, that juror may consider it to be established.  *Id.*

3

help this Court make reasoned rulings on those motions and thereby carry out its gatekeeping function.  *Id.* at 6-7.

The government responds that as a general matter, defendants are not entitled to informational outlines.  *See* Docket Item 167 at 6-11.  And the government says that even if defendants generally had such a right, Gendron already has been given adequate notice of each aggravating factor.  *Id.* at 22-54.

In any capital case, the government must give the defendant notice of all aggravating factors sufficient to enable the defendant to respond and prepare his case for sentencing.  *E.g.*, *United States v. Kaczynski*, 1997 WL 34626785, at *18 (E.D. Cal. Nov. 7, 1997); *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 472 (E.D. Pa. 2001).  This right to notice necessarily flows from a defendant's due process right to defend against the government's case.  *See Kaczynski*, 1997 WL 34626785, at *18; *Llera Plaza*, 179 F. Supp. 2d at 472.  As noted above, a case seeking the death penalty can include broadly worded aggravating factors and myriad facts that might not be admissible in most trials.  *See* 18 U.S.C. § 3593(c).  What is more, "[t]he severity of the penalty sought . . . warrants special efforts to ensure the fairness of the proceedings." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1269 (D.N.M. 2008).  So to provide sufficient notice, the government must inform the defendant of the "theories and facts" that it will use to establish each aggravating factor.  *Llera Plaza*, 179 F. Supp. 2d at 472.

An informational outline also assists the court in fulfilling its role as an evidentiary gatekeeper.  S*ee United States v. Fell*, 360 F.3d 135, 145 (2d Cir. 2004) (explaining that under the Federal Death Penalty Act, judges are gatekeepers of constitutionally permissible evidence).  The "screening of aggravating factors is essential in channeling,

4

directing[,] and limiting the sentencer's discretion to prevent arbitrary and capricious imposition of the death penalty."[4]  *United States v. Cisneros*, 363 F. Supp. 2d 827, 833 (E.D. Va. 2005); *see United States v. Hammer*, 2011 WL 6020157, at *3 (M.D. Pa. Dec. 1, 2011) (ordering an informational outline in part to ensure that "the Court can properly screen the information" that the government sought to present at sentencing); *United States v. Karake*, 370 F. Supp. 2d 275, 279-80 (D.D.C. 2005) (explaining that requiring the government to provide more specifics would "provide the court with some frame of reference for ruling on objections to the death penalty notice").

Courts may use their "inherent authority" to order the government to provide additional information about aggravating factors in capital cases.  *See, e.g.*, *Kaczynski*, 1997 WL 34626785, at *19; *United States v. Rodriguez*, 380 F. Supp. 2d 1041, 1058 (D.N.D. 2005); *Lujan*, 530 F. Supp. 2d at 1269-70.  So this Court has inherent authority to order the government to provide an informational outline both to protect Gendron's due process right to notice and to facilitate this Court's gatekeeping function.

In so holding, this Court follows a well-trodden path.  Indeed, many courts have ordered the government to provide additional information about the bases of aggravating factors in many cases like this one.  *See, e.g.*, *Kaczynski*, 1997 WL 34626785, at *19; *Llera Plaza*, 179 F. Supp. 2d at 473-75; *Rodriguez*, 380 F. Supp. 2d at 1058; *Lujan*, 530 F. Supp. 2d at 1269-72; *Hammer*, 2011 WL 6020157, at *3; *United States v. Wilson*, 493 F. Supp. 2d 364, 378 (E.D.N.Y. 2006); *United States v. Bin*

---

[4] As to one aggravating factor, the government asserts that it "is capable of properly limiting its . . . evidence in accordance with the law without input from the defense."  Docket Item 167 at 43.  That suggestion is incompatible with the adversarial process.

*Laden*, 126 F. Supp. 2d 290, 304-05 (S.D.N.Y. 2001); *United States v. Savage*, 2013 WL 1934531, *11, *21 (E.D. Pa. May 10, 2013); *United States v. Schlesinger*, 2021 WL 5578901, at *3-4 (D. Ariz. Nov. 30, 2021); *United States v. Con-Ui*, 2016 WL 9331115, at *17-19 (M.D. Pa. Jan. 28, 2016); *United States v. Glover*, 43 F. Supp. 2d 1217, 1222, 1224-28 (D. Kan. 1999); *United States v. Cooper*, 91 F. Supp. 2d 90, 111 (D.D.C. 2000); *United States v. Gooch*, 2006 WL 3780781, at *23 (D.D.C. Dec. 20, 2006); *United States v. Duncan*, 2008 WL 656036, at *7-8 (D. Idaho Mar. 6, 2008); *United States v. O'Reilly*, 2007 WL 4591856, at *5 (E.D. Mich. Dec. 28, 2007); *United States v. Diaz*, 2007 WL 4169973, at *3 (N.D. Cal. Nov. 20, 2007); *United States v. Saipov*, Case No. 17-cr-722, Docket Item 472 at 29-30 (S.D.N.Y. Aug. 5, 2022), Docket Item 482 at 1 (S.D.N.Y. Aug. 11, 2022) (ordering outline after government agreed to provide one and requiring government to produce it at an earlier date than the government requested).

      The government's arguments to the contrary are unavailing. The government acknowledges a "split of authority as to whether the Court can or should require production of an informational outline," Docket Item 167 at 14, identifies no controlling Second Circuit or Supreme Court caselaw on the issue, and identifies no cases holding that a district court erred by ordering the government to provide an informational outline. The government does cite several cases in which courts of appeals and district courts have found that the government did not need to provide additional information about aggravating factors. *Id.* at 6-15 (citing, *inter alia*, *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003); *United States v. Lee*, 274 F.3d 485, 495 (8th Cir. 2001); *United States v. LeCroy*, 441 F.3d 914, 929-30 (11th Cir. 2006); *United States v. Bowers*, Case No. 18-cr-292, Docket Item 205 (W.D. Pa. Feb. 25, 2020); *United States v. Tsarnaev*,

6

Case No. 13-cr-10200, Docket Item 384 (D. Mass. June 23, 2014)).  But the fact that some courts have found that an outline was not necessary does not mean the same is true here.

In sum, for the reasons stated above, there is good logical and legal support for a court's authority to order an informational outline.[5]  And for the reasons that follow, there is good cause to do so here.

## II.    SPECIFIC FACTORS

To determine whether a defendant has sufficient notice about an aggravating factor, courts may consider the indictment, the notice of intent, and discovery.  *See, e.g.*, *Wilson*, 493 F. Supp. 2d at 377.  And even extensive discovery may not be sufficient if the acts and events that are the basis of the aggravating factors are unclear and the government has not said which acts or events it intends to use at sentencing.  *Kaczynski*, 1997 WL 34626785, at *19; *Rodriguez*, 380 F. Supp. 2d at 1057-58.

Gendron argues that the government should provide an outline because the facts underlying the aggravating factors are not clear, Docket Item 160 at 7-16, and the volume of discovery makes it particularly difficult to discern the essential facts that the government alleges, Docket Item 185 at 9.  The government responds that it already

---

[5] The government argues that its cases are correct and that some of the cases reaching a different result are "legally inconsistent" or "lack significant analysis."  Docket Item 167 at 15-16, 47-48.  But the government's complaint about lack of analysis is peculiar given the government's repeated reliance on an order in *United States v. Bowers* that explained, in full, that "[t]he Government's filings are sufficient to give the Defendant the required notice," Case No. 18-cr-292, Docket Item 205 (W.D. Pa. Feb. 25, 2020), and an order in *United States v. Tsarnaev* that explained, in full, that "[t]he defendant's Motion for an Informative Outline of the Government's Evidence of Aggravating Factors (dkt. no. 290) is DENIED," Case No. 13-cr-10200, Docket Item 384 at 2 (D. Mass. June 23, 2014).  *See* Docket Item 167 at 11-12, 37, 49, 50, 53 (citing *Bowers*) and 11-12, 37, 52, 53 (citing *Tsarnaev*).

has provided sufficient notice of each aggravating factor through the indictment, notice of intent, and discovery.  Docket Item 167 at 22-54.

### A. Grave Risk of Death to Others

This aggravating factor alleges that Gendron "in the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense."  Docket Item 125 at 3.  An informational outline is appropriate because this aggravating factor does not give Gendron notice of the identity of the people to whom he allegedly caused a grave risk of death.  *See Savage*, 2013 WL 1934531, at *12; *Llera Plaza*, 179 F. Supp. 2d at 473.

The number of potential victims at issue tends to make an outline even more essential here.  The government points to discovery it has produced involving 62 other people who were present at the grocery store but were not physically injured and argues that Gendron "cannot credibly contend that he does not have adequate notice that the government can prove he placed persons in addition to the 10 deceased victims in grave danger when he conducted his attack."  Docket Item 167 at 26-27 & n.13.  As Gendron correctly notes, however, the issue at sentencing is not merely whether this aggravating factor exists, "but how broadly it reaches, what facts it embraces, and what weight it carries."  *See* Docket Item 185 at 11.  Therefore, the government must provide an informational outline that identifies, both during the commission of the offense and in escaping apprehension, (1) the people to whom the government alleges Gendron knowingly created a grave risk of death and (2) which of Gendron's acts knowingly created that grave risk of death.

### B. Substantial Planning and Premeditation

This aggravating factor alleges that Gendron "committed the offense after substantial planning and premeditation to cause the death of a person." Docket Item 125 at 3. An informational outline is appropriate as to this factor because the government's notice and discovery do not provide the specific acts that the government alleges were part of the substantial planning and premeditation. *See Schlesinger*, 2021 WL 5578901, at *3 (noting "the lack of detail the [g]overnment has so far provided in the Notice"); *Con-Ui*, 2016 WL 9331115, at *18.

The government must identify the factual basis for this factor, including which acts constituted planning and where and when those acts took place.[6]

### C. Victim Impact

This aggravating factor alleges that Gendron "caused injury, harm, and loss to the families and friends of Roberta Drury, Pearl Young, Heyward Patterson, Ruth

---

[6] Gendron also requests that the government specify "which person's or persons' deaths were planned and premeditated." Docket Item 160 at 10. Although he cites cases that required the government to provide additional information about the planning and premeditation factor, Gendron has not identified one in which the court ordered the government to provide this specific information. *See id.* The government responds that it "is not required to prove that the killing of any specific person was substantially planned; therefore [this part of the request] is inapposite." Docket Item 167 at 28 n.14. The government points to the statutory language for this factor, which refers to "a person," as well as caselaw that has held that this is not a victim-specific factor. *Id.* (citing 18 U.S.C. § 3592(c)(9); *United States v. McCullah*, 76 F.3d 1087, 1111 (10th Cir. 1996); *United States v. Rodriguez*, 2006 WL 435581, *5 (D.N.D. Feb. 21, 2006)). Gendron did not reply to this argument. *See* Docket Item 185. This Court will not require the government to provide specific information about which deaths the government alleges were premeditated because Gendron has not demonstrated that he is entitled to that. This Court need not and does not decide at this time whether the government is correct that it is not required to prove that killing a specific person was substantially planned.

Whitfield, Celestine Chaney, Aaron W. Salter, Jr., Andre Mackniel, Margus Morrison, Katherine Massey, and Geraldine Talley.  The injury, harm, and loss caused by [Gendron] with respect to each victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends."  Docket Item 125 at 4.

An informational outline is necessary to give Gendron notice of the extent and scope of the injuries and loss that the government alleges.  *See, e.g., Glover*, 43 F. Supp. 2d at 1225; *Cooper*, 91 F. Supp. 2d at 111, 117; *Llera Plaza*, 179 F. Supp. 2d at 475; *Schlesinger*, 2021 WL 5578901, at *3; Gooch, 2006 WL 3780781, at *23; *Bin Laden*, 126 F. Supp. 2d at 304.[7]

The government must provide an outline with the personal characteristics it intends to prove as to each victim; the identities of the people whom it intends to prove were affected; and the type and scope of the loss, injury, and harm suffered.  *See Schlesinger*, 2021 WL 5578901, at *3; *Gooch*, 2006 WL 3780781, at *23.

The government says that requiring an outline for this factor would "undermine the rights protected by the [Crime Victims' Rights Act]."  Docket Item 167 at 49.  The government then lists victims' rights but makes no attempt to explain how an informational outline undermines those rights.  This Court agrees that victims' rights are important and subject to protection, but the government has not demonstrated how an informational outline would jeopardize those rights.

---

[7] The government faults some of these decisions because they "merely cite to other district court decisions," Docket Item 167 at 47, but citation to caselaw is a customary approach to legal decisionmaking.

10

In a different section of its brief, the government says that it would be unfair to require it to reinterview the witnesses and surviving victims.  *Id.* at 55.  But by ordering an informational outline, this Court is not ordering the government to reinterview anyone.  Indeed, the government says that it has interviewed these witnesses over the past two years about issues related to these factors, *id.* at 41-42, 50, and it is unclear why the government would need to reinterview each witness to provide an outline.[8]

### D. Injury to Surviving Victims

This aggravating factor alleges that Gendron "caused serious physical and emotional injury, and severe psychological impact to individuals who survived the offense and are listed in Counts 21 through 26 of the Indictment (Z.G., C.B., and J.W.)."  Docket Item 125 at 4.  For reasons similar to those in the previous section, the government must identify the injuries and impact it intends to prove as to Z.G., C.B., and J.W.

### E. Racially Motivated Killings, Attempt to Incite Violence, and Selection of Site

These aggravating factors allege (1) that Gendron "expressed bias, hatred, and contempt toward Black persons and [that] his animus toward Black persons played a role in the killings of Roberta Drury, Pearl Young, Heyward Patterson, Ruth Whitfield, Celestine Chaney, Aaron W. Salter, Jr., Andre Mackniel, Margus Morrison, Katherine

---

[8] If, for some reason, the government believes that additional interviews are necessary to complete the outline and that it cannot or should not complete those interviews now, it may provide the information that it has and supplement the outline later upon a showing of good cause and adequate notice.  *See Con-Ui*, 2016 WL 9331115, at *19.

Massey, and Geraldine Talley"; (2) that "in preparation for and in committing the acts of violence charged in this case, [Gendron] attempted to incite violent action by others"; and (3) that he "selected the Tops Friendly Market, located at 1275 Jefferson Avenue in Buffalo, New York, in order to maximize the number of Black victims of the offense." Docket Item 125 at 4-5.

These aggravating factors do not provide the specific acts that the government alleges, nor do they say when and where the acts occurred. The government again suggests that the basis for each of these factors is obvious, and it points to some of the extensive discovery that it has produced. Docket Item 167 at 51-54. But this Court agrees with Gendron that given the potential breadth of actions that might fit within these factors and the lack of specificity as to the acts and timing, an outline is necessary here. Therefore, the government must provide an outline with the facts it intends to prove to support these three aggravating factors.

## **CONCLUSION**

This Court GRANTS Gendron's motion for an informational outline. The government shall produce an outline for the seven factors as explained in this decision by September 3, 2024.

The government may supplement the outline it if shows good cause and gives Gendron adequate notice. *See Con-Ui*, 2016 WL 9331115, at *19.

SO ORDERED.

Dated: August 2, 2024
       Buffalo, New York

                                                  ***/s/ Lawrence J. Vilardo***
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE