UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                                                                    22-CR-109 (LJV)

PAYTON GENDRON,

               Defendant.
_____


**MEMORANDUM REGARDING THE WAIVER OF DEFENDANT'S PRESENCE AT PRETRIAL PROCEEDINGS**

      Defendant, Payton Gendron, through undersigned counsel, respectfully submits this Memorandum in support of his position that his personal appearance is not required to assure the Court that he has knowingly and voluntarily waived his presence at pretrial proceedings involving purely legal or scheduling matters. His attorneys' representation of their client's position, which the undersigned have provided at each appearance, is plainly sufficient to obviate the need for his personal appearance in court. Because the oral argument scheduled for October 22, 2024, will address purely legal matters, his choice to forego being present at that (and potentially subsequent motion arguments), as confirmed by his attorneys, is sufficient to resolve this issue.

      A defendant's presence at pretrial proceedings, including oral arguments on legal issues as well as status and scheduling conferences, is not required. *See* Fed. R. Crim. P. 43(b)(3) ("A defendant need not be present . . . [where the] proceeding involves only a conference or hearing on a question of law"); *United States v. Jones*, 381 F.3d 114, 121 (2d Cir. 2004) (Due Process Clause only "requires a criminal defendant's presence 'to the extent that a fair and just hearing

would be thwarted by his absence, and to that extent only'") (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934)); *Floyd v. Conway*, 2010 U.S. Dist. LEXIS 88044, *9 (W.D.N.Y. 2010) (same); *DePallo v. Burge*, 296 F. Supp. 2d 282, 289 (E.D.N.Y. 2003) (approving lower court finding that criminal defendant's presence was unnecessary "in circumstances involving matters of law or procedure that have no potential for meaningful input from a defendant") (internal quotation omitted).

In those circumstances where a defendant's presence is not required, courts routinely rely upon the representations of counsel regarding their client's knowing and intelligent waiver. The Second Circuit has clearly upheld this practice. *Grayton v. Ercole*, 691 F.3d 165, 174-75 (2d Cir. 2012) (holding that "our cases have also explicitly repudiated a rule . . . that would require a defendant's personal statement in court to bring about a constitutionally valid waiver of his right to be present") (quoting *United States v. Plitman*, 194 F.3d 59, 63 (2d Cir. 1999) and *Clark v. Stinson*, 214 F.3d 315, 324 (2d Cir. 2000)); *United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012) ("A defendant's lawyer may waive presence on the defendant's behalf"); *cf. York v. Hill*, 528 U.S. 110, 114 (2000) ("What suffices for waiver depends on the nature of the right at issue . . . For certain fundamental rights, the defendant must personally make an informed waiver. For other rights, however, waiver may be effected by action of counsel") (holding that counsel's agreement to a trial date beyond the time limits set forth in the IAD did not require defendant's explicit assent).

In a recent federal death penalty case, the court denied the government's request that the defendant be required to appear personally to effectuate his knowing and voluntary waiver of "Speedy Trial and Other Rights." *See United States v. Bowers*, Memorandum Order, 2:18-cr-292, ECF No. 735 (W.D. Pa. June 8, 2022) (attached hereto as Exhibit A). There, the district

2

court relied upon defense counsel's representations that their client knowingly and voluntarily waived his right to be present (and to a speedy trial) at pretrial proceedings and summarily denied the government's request, writing:

> The Court is of the opinion that an in-person colloquy is not warranted, indeed, is not required. Defense counsel have repeatedly impressed upon this Court their deep appreciation and understanding of their obligations to the Court and the Defendant, and there exists no basis to question defense counsel's representations[.]

*Id. See also United States v. Saipov*, 1:17-cr-722-VSB, ECF Nos. 136, 381, 406, 442, 447, 590 (S.D.N.Y. Oct. 5, 2022) (docket entries noting that capital defendant's presence at pretrial hearings was waived on counsels' request and/or representation, including final pretrial conference at which legal issues pertaining to trial were addressed).

In this case, at the beginning of each pretrial proceeding or conference at which Payton Gendron has not been personally present, counsel have confirmed for the Court that their client is validly waiving his appearance. At the September 13, 2024, status conference, for example, counsel assured the Court that Payton Gendron is aware of the proceedings in his case:

> I can give the Court assurance of that. I can give the Court assurance that he absolutely is aware of what's going on, he's aware of his right to attend, and that our waiving his appearance is entirely with his knowledge and consent.

*See* Tr. of Sept. 13, 2024, Status Conf., at 34-36. Counsel have made these representations with a clear understanding of their ethical obligations. *See* N.Y. Prof. Cond. R. 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of material fact or law to a tribunal"); *id.* Cmt.3 ("[A]n assertion purporting to be based on the lawyer's own knowledge . . . may properly be made only when the lawyer knows the assertion is true"). Counsel for Payton Gendron have the same "deep appreciation and understanding of their obligations to the Court and the Defendant" as did counsel for Defendant Bowers, and there similarly "exists no basis to question defense

3

counsel's representations." *Bowers*, 2:18-cr-292, ECF No. 735. Nor has this Court suggested otherwise.

At the September 13, 2024, status conference the Court suggested that, unlike previous proceedings at which Payton Gendron has waived his appearance, the upcoming oral arguments will address significant constitutional arguments. *See* Tr. At 35. Indeed, the matters to be argued are of critical, potentially dispositive, import. *See, e.g.*, Motion to Dismiss Counts 11-20 of the Indictment for Failure to State an Offense Under 18 U.S.C. § 924 (ECF No. 180). These matters are just as clearly, however, pure questions of law. None of the facts underlying the crimes of May 14, 2022, are implicated, or will be addressed, and there is manifestly "no potential for meaningful input from" Payton Gendron at that proceeding. *DePallo*, 296 F. Supp. 2d at 289. Payton Gendron should, therefore, be permitted to waive his appearance at these proceedings, too (if he so decides), and counsel's representations to that effect are sufficient to establish his knowing and voluntary waiver of that right.

For the foregoing reasons, Payton Gendron respectfully requests that this Court accept counsels' representations and permit him to waive his right to be present in Court without requiring him to appear personally to do so.

Respectfully Submitted,

*s/Sonya A. Zoghlin*  
Assistant Federal Public Defender

*s/MaryBeth Covert*  
Senior Litigator

*s/Anne M. Burger*  
Supervisory Assistant Federal Public Defender

*s/Julie Brain*  
Attorney at Law

Dated:   October 4, 2024  
         Buffalo, New York