UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                                                22-CR-109 (LJV)

PAYTON GENDRON,

                Defendant.
_____

### DEFENDANT'S REPLY TO GOVERNMENT'S AMENDED RESPONSE TO MEMORANDUM REGARDING THE WAIVER OF DEFENDANT'S PRESENCE AT PRETRIAL PROCEEDINGS

Payton Gendron, by and through his attorneys, files this Reply to the government's Amended Response in Opposition to his Memorandum Regarding the Waiver of Defendant's Presence at Pretrial Proceedings, (ECF No. 224). In its Response, the government asks the Court to require Payton Gendron's presence at all future court proceedings or, "at a minimum," to require him to attend the next court appearance so the Court can "conduct a colloquy with the defendant regarding his potential waiver of his right to be present." *Id.* at 1.

Implicit in this request is the wholly unfounded assertion that defense counsel cannot be relied upon to accurately communicate with the Court on behalf of their client, and that the Court should therefore order Payton Gendron transported to the courthouse so that it may personally address him about the waiver of his presence. *Id.* at 3. This claim should be rejected, and the Court should find counsel's assurances that Payton Gendron "absolutely is aware of what's going on" and his absence "is entirely with his knowledge and consent" more than sufficient to forego his presence at this juncture. *See* ECF No. 212 (Transcript of Proceedings held on 9/13/2024) at 36.

1

Payton Gendron is not seeking to waive his right to be present in perpetuity. He is not waiving any right to be present at a future trial, or when a jury is impaneled, or even at pretrial evidentiary hearings where witness testimony may be presented or factual matters addressed. Accordingly, his Memorandum and this Reply are limited to the narrow issue of his presence at pretrial status conferences and hearings on purely legal matters. And the extensive caselaw cited by the government addressing a defendant's appearance *at trial*, including a Supreme Court case from 1912, *United States v. Diaz*, 233 U.S. 442, (ECF No. 224 at 3-5), is inapposite. Regarding the proceedings at issue, as the government explicitly acknowledges, Fed. R. Crim. P. 43 unquestionably imposes no requirement that Payton Gendron be present. *See* ECF No. 224 at 2 (Fed. R. Crim. P. 43(b)(3) "states that a defendant's presence is 'not required' at, among other things, a 'proceeding [that] involves only a conference or hearing on a question of law'").

Indeed, criminal defendants are routinely absent from such proceedings, and federal capital cases are no different. Waivers of the defendant's presence at numerous pretrial conferences were granted at defense counsel's request in the two most recent federal capital prosecutions, *United States v. Bowers,* 18-cr-292 (W.D. Pa.), and *United States v. Saipov*, 17-cr-722 (S.D.N.Y.), as noted in the defense Memorandum. *See* ECF No. 221 at 2-3. Similarly, in *United States v. Tsarnaev*, 13-cr-10200 (D. Mass.), the defendant was voluntarily absent from multiple pretrial proceedings akin to those at issue here, many of which involved substantive and important legal discussions. *See, e.g.*, ECF No. 425 (Transcript of Status Conference as to Dzhokhar A. Tsarnaev held on June 18, 2014); ECF No. 671 (Transcript of Status Conference as to Dzhokhar A. Tsarnaev held on November 12, 2014); ECF No. 915 (Transcript of Status Conference as to Dzhokhar A. Tsarnaev held on October 20, 2014).

There are many legitimate reasons why an accused may elect not to be present at a pretrial proceeding during which purely legal matters are discussed between counsel and the court, including those at which important or even dispositive legal motions are discussed. Particularly in a high-profile, emotive case such as this one, transporting a defendant outside of his place of incarceration necessarily presents heightened security risks, not only to the defendant himself but also to members of the United States Marshals Service and other law enforcement personnel who are tasked with safeguarding and transporting him. A defendant's personal appearance, too, inevitably increases the amount and intensity of media coverage associated with each court proceeding, no matter how routine the substance of the hearing may be. And the escalation in publicity correspondingly increases the risk that the potential jury pool will be tainted or unfairly prejudiced, threatening Payton Gendron's constitutional right to due process and a fair trial.

Finally, the government's provocative and disingenuous assertion that "we do not know" whether the defendant "would have agreed to not commencing his trial until September 2024" or "why the defendant has not appeared in court or why he may be so disinterested in legal proceedings that could result in his being sentenced to death" merits a response. *See* ECF No. 224 at 4-5. Surely the government agrees, as it has consistently argued in the appellate context, that the defendant need not be present (nor even explicitly consent) for a court to grant his attorney's request for a continuance or to schedule a trial date. *See, e.g., United States v. Lynch*, 726 F.3d 346, 356 (2d Cir. 2013). Nor would requiring Payton Gendron's appearance in court address the government's curiosity about why he has elected to waive his appearance or the unfounded assertion that he is disinterested in the outcome; a personal colloquy would necessarily be limited to confirming his understanding of his ability to attend the proceedings

3

and the voluntariness of his election not to do so. Moreover, the notion that he should be required to appear in court so the government can make "observations relating to the defendant's competency" (ECF No. 224 at 5) is similarly meritless and suggests, again, that defense counsel cannot be relied upon to behave ethically or to communicate honestly with the Court.

Accordingly, there is no basis upon which to insist that Payton Gendron be brought into court to personally reiterate what his counsel have already conveyed to the Court on his behalf, i.e., the legally permissible waiver of his attendance at routine pretrial proceedings concerning purely legal matters. The government's request should be denied.

Respectfully Submitted,

s/Sonya A. Zoghlin
Assistant Federal Public Defender

s/Anne M. Burger
Supervisory Assistant Federal Public Defender

s/MaryBeth Covert
Senior Litigator

s/Julie Brain
Attorney at Law

Dated:   October 16, 2024
         Buffalo, New York