IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   v.              22-CR-109-V

PAYTON GENDRON,

     Defendant.

### GOVERNMENT'S RESPONSE IN OPPOSTION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 27 OF THE INDICTMENT

  The United States of America, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Mac Warner, Deputy Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi and Brett A. Harvey, Assistant United States Attorneys; Daniel E. Grunert, Trial Attorney, Civil Rights Division; and Michael Warbel, Trial Attorney, Criminal Division, hereby submits this Response in Opposition to Defendant's Supplemental Memorandum Motion to Dismiss Count 27 of the Indictment. Docket. No. 295.

  The defendant asserts in his supplemental memorandum that the District Court's decision in *United States v. Rui Jiang*, No. 24-cr-65-RDA, ECF No. 96 (E.D. Va. Feb 6, 2025), supports the defendant's position that Count 27 is invalid because it fails to identify a specific victim of the offense. As explained below, not only does the *Jiang* opinion fail to support the defense position, it conclusively undermines it.

The Government reaffirms its argument that Count 27 properly states an offense and that the grand jury appropriately returned an indictment identifying "Black people…in and around the Tops grocery store" as the targets of an attempted hate crime. The District Court's decision in *Jiang* is illustrative and supportive of the Government's position. There, in denying a duplicity challenge identical to that raised by the defendant at oral argument on March 12, 2025, the Court determined that the term "person" in 18 U.S.C. § 247(a)(2) does not require the identification of individual victims. Rather, "person" can refer to a "general group or body of persons." *Id.* at 5. The defense concedes, as they must, that the Court in *Jiang* found "that charging a single count of religious obstruction against a group of individuals was proper." ECF No. 295 at 2. The same conclusion applies to "person" in other hate crimes.[1]

Although initially raised at oral argument as a duplicity challenge, the defendant largely returned in his supplemental memorandum to re-alleging, still without authority, that 18 U.S.C. § 249 requires the specific intent to cause bodily injury to "a particular person."[2] ECF 295 at 4. The phrase "particular person" does not appear in 18 U.S.C. § 249 and the mere fact that *other* offenses may require reactions from particular people does not impose any additional obligations on prosecutions under 18 U.S.C. § 249. The *Jiang* Court's distinction between 18 U.S.C. § 2261A(2), the stalking statute at issue in *Shrader*, and 18 U.S.C. § 247,

---

[1] *Compare* 18 U.S.C. 247(a)(2) ("whoever…intentionally obstructs, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so") *with* 18 U.S.C. § 249(a)(1) ("whoever…willfully causes bodily injury to any person or, through the use of a…firearm…attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person.").

[2] The defendant has not identified any prejudice resulted from any alleged duplicity in Count 27. *United States v. Sturdivant*, 244F.3d 71, 75 (2d Cir. 2001) (A "defendant must demonstrate prejudice in order to invoke [the] the duplicity doctrine because the doctrine is more than an exercise of mere formalism.").

the hate crime at issue in that case, clearly illustrates this point. *See Jiang*, No-24-cr-65-RDA, ECF No. 96 at 6-7.

18 U.S.C. § 2261A(2) is a stalking statute that requires a defendant to place his victim in fear. *Id.* ("[T]he effect on a particular victim is how Congress has chosen to allocate punishment for the offense" (quoting *United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012)). 18 U.S.C. § 247 does not have such a requirement but, rather, "criminalizes the intentional obstruction, or attempted intentional obstruction of any person's enjoyment of that person's free exercise of religious beliefs, without requiring proof of any particular emotional or physical response from that person." *Id.* (internal quotations omitted). The *Jiang* Court determined, therefore, that the reasoning of *Shrader* did not apply to the hate crime defendant in that case and, for the same reason, it does not apply to the hate crime defendant here. *See id.* Stalking crimes may require proof of a particular emotional or physical response from a particular person; hate crimes, like 18 U.S.C. § 247 and 18 U.S.C. § 249, do not.[3]

The defendant in *Jiang* was charged for attempting to commit a hate crime against the "congregants of the Park Valley Church." Identifying the victims as such was appropriate there. Identifying the victims in Count 27 as the "Black people…in and around Tops" is appropriate here. Count 27 "(1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Benjamin*, 95 F.4th 60, 66–67 (2d Cir. 2024) (quoting *Hamling*, 418 U.S. at 117) (internal

---

[3] This distinction is even more pronounced in attempt charges, like the one at issue in Count 27. The defendant concedes, again as he must, that "[a]n attempt to commit a hate crime, of course, does not require that the particular result be accomplished." ECF 295 at n.4.

quotation marks omitted). It identifies, with sufficient particularity, the group of people the Defendant attempted to cause bodily injury to.

## I. Conclusion

For these reasons, the government requests that the Court deny the Defendant's motion to dismiss Count 27 of the Indictment.

MICHAEL DIGIACAMO  
United States Attorney  
Western District of New York

MAC WARNER  
Deputy Assistant Attorney General  
Civil Rights Division

BY: s/JOSEPH M. TRIPI  
      s/BRETT A. HARVEY  
      Assistant United States Attorney's  
      United States Attorney's Office  
      Western District of New York  
      138 Delaware Avenue  
      Buffalo, New York 14202

BY: s/DANIEL E. GRUNERT  
      Trial Attorney  
      Civil Rights Division  
      U.S. Department of Justice  
      150 M Street NE  
      Washington, DC 20530

BY: s/MICHAEL S. WARBEL  
      Trial Attorney  
      Criminal Division  
      U.S. Department of Justice  
      1331 F. St. NW, Ste. 623  
      Washington, DC 20004