

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*                                            *716/843-5700*
*138 Delaware Avenue*                                  *fax 716/551-3052*
*Buffalo, New York   14202*       *Writer's Telephone:   716/843-5818*
                                                        *Caitlin.Higgins@usdoj.gov*

April 24, 2025

**VIA ELECTRONIC MAIL**
Hon. Lawrence J. Vilardo
United States District Court Judge
2 Niagara Square
Buffalo, New York 14202

      RE:    **United States v. Payton Gendron**
               **22-CR-109-LJV**

Dear Judge Vilardo:

      Pursuant to the Court's April 17, 2025, Order (*see* Docket No. 327), the government submits this letter in response to the Defendant's Requests for Disclosure, JSSA Grand Jury Motion (*see* Docket No. 325).

**Briefing Schedule**

      Because the parties have been litigating issues surrounding JSSA records for years now,[1] and most—if not all—of the records have been produced to date, the government requests that the Court order a shorter briefing schedule as follows:

| | |
|---|---|
| 5/7/2025 | All outstanding materials produced to the parties |
| 6/4/2025 | Defense JSSA motion filed |
| 6/18/2025 | Government response filed |
| 6/25/2025 | Defense reply filed |

**Item 6**

      The government does not object to this request.

**Items 8, 10, 20, and 21**

      The Court ordered the Jury Administrator to "determine whether it is correct that the records begin from one master list and [to] request information from the vendor, if necessary,

---

[1] On July 21, 2022, the defendant filed a motion for access to records relating to the grand jury.  *See* Docket No. 10.

to make that determination. If it is correct that the records begin from one master list, then the records . . . for Rochester shall be produced without further order from the Court. If the records do not originate from one master list, there is no apparent relevance to these records, and the request is denied." Docket No. 286 at 15.

The vendor confirmed that "[d]ata files are received separately by source. . . . Usually, I receive two files for each source i.e. one for Rochester and one for Buffalo." Docket 310 at 4. The Jury Administrator stated that because "[i]t is unclear whether the vendor's answer met the definition of the source data being in one master list," that for now the Jury Administrator was not producing the information. *Id.* at 2.

The defendant now requests that the Court either order the Rochester data to be produced or order the Jury Administrator to provide clarification on the issue. The government does not object to the Jury Administrator seeking clarification on the vendor's answer. The government, however, continues to object to the defendant's request for the Rochester data as irrelevant.

**Items 11, 19, and 23**

Items 11 and 19 - Written Instructions and Specifications for Merging Sources

The defendant requested "disclosure of documents, including communications and attachments between the vendor and the Jury Administrator/Clerk that are responsive to [his] requests under Item 11; written instructions from the vendor about the process used to create the Master Jury Wheel; and information about changes to the process of creating the jury wheel. *See* Docket No. 286 at 5-6.

The Court granted the defendant's request "for documents about the creation of the Master Jury Wheel, including written instructions from the vendor." *See id.* at 16-17. In addition, the Court ordered the Clerk's Office as follows:

> To complete this response, Clerk's Office staff who communicate with the vendor about the creation of the jury wheel (1) shall review all retained written communications with the vendor that pertain to the creation of the Master Jury Wheel used for the March 2022 grand jury, and (2) shall disclose those documents that constitute "instructions" from the court about how that Master Jury Wheel should be created as well as descriptions and specifications from the vendor about how the Master Jury Wheel was created. If the instructions were to follow instructions given in earlier years, then to the extent that the earlier instructions were retained, those records shall be produced as well. If there are no such documents, the Jury Administrator shall provide a description of the search that was completed.

*See id.* at 9.  The Court further ordered that the Jury Administrator seek a written response from the vendor that "(1) describes or specifies how the Master Jury Wheel that was used for the March 2022 grand jury was created and (2) states, to the vendor's knowledge, whether, and if so how, the process of creating the Master Jury Wheel has changed within the period beginning four wheel before the wheel used to create the March 2022 grand jury and ending one wheel after that wheel."  *Id.* at 9-10.

The Jury Administrator stated that he complied with the Court's order and produced one responsive email.  He further represented that he searched for, but did not find, earlier retained instructions.  Moreover, the vendor, in compliance with the Court's Order, provided a written response describing and specifying how the Master Jury Wheel was created.  *See* Docket No. 310 at 2.

The defendant, however, contends that "[t]he supplied instructions or specifications used to merge the datasets is superficial, incomplete, and includes phrases such as 'usually,' 'may have,' 'there are many questions I could not answer,' 'I believe,' and 'do not know.'  It appears that no detailed specifications exist or were retained."  Docket No. 325 at 2, 3-5.

The Court granted the defendant's requests regarding instructions and specifications.  In so doing, however, the Court cited to *United States v. Todd*, 2020 WL 5981673, at *3 (E.D.N.Y. Oct. 8, 2020) for the holding that "to the extent *the documents were maintained* for the particular grand jury that returned the defendant's indictment," the jury administrator should produce "[a] description of work done . . . . and communications with any vendors in the creation of the Master . . . Jury Wheel[] used to summon grand jurors in this case."  *See id.* at 6 (emphasis added).  To the extent the Jury Administrator and Vendor produced all relevant documents in their possession and provided, to the best of their knowledge, the instructions and specifications, they have complied with the Court's Order.

Courts have uniformly denied requests that would require a grand jury administrator or member of the clerk's office to create or prepare documents in response to a defendant's request.  *See, e.g.*, *United States v. Tift*, No. 2:20-CR-00168-JCC, 2025 WL 723641, at *4 (W.D. Wash. Mar. 6, 2025); *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2023 WL 2918803, at *5 (E.D. Cal. Apr. 12, 2023).  Rather, the JSSA "contemplates the production of records and papers already in existence."  *United States v. Eldarir*, No. 20-CR-243 (LDH), 2020 WL 6545894, at *4 (E.D.N.Y. Nov. 6, 2020).  At this point, the Court has ordered production beyond this scope—for example, by ordering that the Jury Administrator/vendor provide written responses to questions from the defendant—to ensure the defendant has the materials necessary to make his motion.  And, yet, the defendant still wants more.  The government objects to the defendant's requests for any further information regarding instructions/specifications/and source data (discussed below).

Item 23 – Source Data

In response to the Jury Administrator's statement that "the court deletes the source data after the wheel is created and that he is unsure whether the vendor retained the source data," the defendant asked for "information relating to whether [the vendor] retained any of

the source data." Docket No. 286 at 11. The Court granted the defendant's request in part and denied it in part ordering the Jury Administrator to ask the vendor whether it retained source data and, if the answer was yes, ordering the vendor to "share the source data with the Jury Administrator, who must redact personal identifying information and disclose the source data to the parties." *Id.* at 11-12. The Court further ordered that if the answer was "no," "the Jury Administrator shall seek written answers to the specific questions that Gendron asked about each data source from the vendor." *Id.* at 12. Contemplating that neither the Jury Administrator nor the vendor may have retained the source data, the Court ordered the Jury Administrator to seek written answers to the defendant's questions about each data from the vendor.

The defendant states that the description of the source data is insufficient. As a result, the defendant requests the "unredacted source data from five sources including Name, Address, and Date of Birth," for the Master Jury Wheel in this case. Docket 325 at 3. The government objects to this request. Although "[a] litigant has essentially an unqualified right to inspect jury lists. . . . courts routinely redact personally identifying information in granting a litigant's request for jury wheels." *United States v. McClellon*, No. 2:22-CR-00073-LK, 2023 WL 9002855, at *3 (W.D. Wash. Dec. 28, 2023) (internal citations omitted); *see also United States v. Todd*, No. 20-CR-256 (KAM), 2020 WL 5981673, at *3 (E.D.N.Y. Oct. 8, 2020); *United States v. Fitzgerald*, 2021 WL 1206556, at *3 (D. Md. Mar. 31, 2021); *United States v. Cloud*, 2020 WL 4381608, at *5–6 (E.D. Wa. July 27, 2020); *United States v. Shader*, 472 F. Supp. 3d 1, 4 (E.D.N.Y. 2020). Moreover, even where a defendant argues such unredacted information is necessary to prepare a motion, courts have denied the request. *See, e.g.*, *United States v. Crider*, No. 21-CR-1364-JAH, 2021 WL 4226149, at *5 (S.D. Cal. Sept. 15, 2021) ("While Defendant argues that the information is necessary for his expert to track jurors though different datasets, other courts considering the request have refused such disclosure of personally identifying information."). To the extent the Court is inclined to grant this request, the government requests that the Court order a stringent protective order limiting the use and dissemination of such sensitive information.

The defendant further requests that if the Court denies this request, that the Court should "order the Jury Administrator to provide the data currently being used to create the Master Jury Wheel if the Jury Administrator confirms that the current merging process was identical to the one used to create the Master Jury Wheel in this case." Docket No. 325 at 4. The government objects to this request because the source data, redacted or otherwise, for the current Master Jury Wheel has no bearing on his motion.

**Item 26**

The government objects to this request. The Court granted the defendant's original request "[b]ecause systematic issues after a grand jury is selected might give rise to a fair cross-section challenge." Docket No. 286 at 14. The Jury Administrator produced the documents that this Court deemed relevant to preparing the defendant's motion. The government objects to any further production or clarification.

4

**Item 27**

The government does not object to the Court ordering the Jury Administrator to either confirm that no such email exists or, if an email does exist, to produce it.

**Additional Requests**

<u>Missing Summons Sequence</u>

The government believes that the juror numbers are located on the questionnaires provided by the Jury Administrator.

<u>Deferred Jurors</u>

The defendant requests that the Court order the Jury Administrator to answer whether "people were deferred into the master jury wheel for the grand jury," and if so, to disclose who. The Jury Administrator previously stated that "[t]he deferred jurors do not go directly back into the wheel as they are deferred to a later date." Docket 310 at 2. To the extent this does not answer the defendant's question, the government does not object to further clarification. Nor does the government object to the disclosure of redacted questionnaires for said persons, to the extent such records exist.

                                                                     Very truly yours,

                                                                      MICHAEL DIGIACOMO
                                                                      United States Attorney

                                          BY:    s/CAITLIN M. HIGGINS
                                                       Assistant United States Attorney