UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                      22-CR-109 (LJV-HKS)

PAYTON GENDRON,

                Defendant.
_____

### SUPPLEMENTAL REPLY BRIEF REGARDING *DELLIGATTI V. UNITED STATES* AND *UNITED STATES V. COOPER* IN SUPPORT OF MOTION TO DISMISS COUNTS 11-20 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE UNDER 18 U.S.C. § 924(c)

       Defendant Payton Gendron, through undersigned counsel, submits this Supplemental Reply Brief pursuant to this Court's text order of March 24, 2025 (ECF No. 299) and email of March 31, 2025 to address the impact of *Delligatti v. United States*, 145 S. Ct. 797 (2025), and *United States v. Cooper*, 131 F.4th 127 (2d Cir. 2025), on the defense's Motion to Dismiss Counts 11–20 for failure to state an offense under 18 U.S.C. § 924(c).[1]

       A simple three-step argument—cinched by a key admission in the government's Supplemental Opposition—confirms that the charged violations of the Hate Crimes Prevention Act ("HCPA") do not satisfy 18 U.S.C. § 924(c)(3)(A)'s elements clause.

       *First*, although the elements clause does not require the causation of *serious* bodily injury in light of *Cooper*, the clause *does* still require the intentional use of "*violent* force—that is, force

---

[1] The defense's Motion to Dismiss (ECF No. 180) is cited "Mot." The government's Opposition (ECF No. 201) is cited "Opp." The defense's Reply (ECF No. 215) is cited "Reply." The transcripts of the oral arguments on the Motion are cited "11/15/24 Tr." and "2/7/25 Tr." The defense's Supplemental Brief (ECF No. 317) is cited "Supp." The government's Supplemental Opposition (ECF No. 328) is cited "Supp. Opp."

capable of causing physical pain or injury," as those terms are commonly understood. *Johnson v. United States*, 559 U.S. 133, 140 (2010); *Cooper*, 131 F.4th at 134 (quoting *Johnson* standard); *see United States v. Evans*, 924 F.3d 21, 29 n.4 (2d Cir. 2019) (cases construing elements clause of "violent felony" definition in Armed Career Criminal Act ("ACCA") also apply to § 924(c)(3)(A) elements clause). *Delligatti* (discussed at Supp. Opp. 4–5) does not modify or relax the *Johnson* standard. The language that the government mines from *Delligatti*—referring to "'minimal pain or injury'" and "'minimal force'"—came from *Stokeling v. United States*, 586 U.S. 73 (2019), and concerned a robbery offense that required force sufficient to overcome a victim's resistance. Supp. Opp. 4 (quoting *Delligatti*, 145 S. Ct. at 806, 807, in turn quoting *Stokeling*, 586 U.S. at 78, 83–84). But the HCPA has no overcoming-resistance element, so this language is inapposite. Rather, *Johnson* controls.

*Second*, the HCPA defines "bodily injury" in extraordinarily—and idiosyncratically—broad terms. *See* 18 U.S.C. §§ 249(a)(1), 249(c)(1), & 1365(h)(4). As the government concedes, this definition captures conduct such as poking someone's chest, shouting in someone's face, or spitting in someone's eye. This explicit concession bears repetition:

> DEFENSE:         ... [W]e put in our initial papers examples like poking someone in the chest, shouting and causing someone's ears to ring, spitting in somebody's eye. And the government hasn't disputed that hypothetical conduct would violate the statute.
>
> THE COURT:       *You don't dispute that*. Your argument is that it doesn't matter, that the conduct can be slight and still satisfy, right?
>
> GOVERNMENT:      *Absolutely. Yes*.

11/15/24 Tr. 15–16 (emphases added). *See, e.g.*, *United States v. Hassan*, 578 F.3d 108, 124 (2d Cir. 2008) ("hold[ing] government to" "concession" regarding conduct necessary to violate federal criminal statute). In any case, the concession is correct, because § 1365(h)(4)'s plain text

covers such *de minimis* and nonviolent uses of force. Poking someone in the chest can cause ephemeral and insignificant "physical pain." § 1365(h)(4)(B). Shouting in someone's face can make him lose hearing for a split-second, and spitting in his eye can make him blink and lose vision for an instant. Both of those actions thus "impair[] ... the function of a bodily member [or] organ." § 1365(h)(4)(D). The HCPA's expansive "bodily injury" definition reaches this conduct.

*Third*—and this is the key—the government now admits that "offenses like spitting ... do not necessarily cause bodily injury." Supp. Opp. 4. *See also United States v. Quinnones*, 16 F.4th 414, 419–20 & n.10 (3d Cir. 2021) (cited at Supp. 7–8) (so holding and collecting cases); *Rodriguez v. Garland*, 2024 WL 4116423, at *3 (2d Cir. Sept. 9, 2024) (assault element of state statute, which could be violated by "spitting," "does not require violent force"). The government tries to neutralize this critical admission by asserting that the HCPA "*always* requires bodily injury." Supp. Opp. 4. But the government ignores altogether a basic point that the defense has made at length. *See* Supp. 5–8. By incorporating § 1365(h)(4)'s definition of "bodily injury," the HCPA adopts an atypical understanding of that term. Consequently, general language in cases such as *Johnson*, *Stokeling*, *Delligatti*, and *Cooper* cannot be applied uncritically to § 249(a)(1). Put differently, § 249(a)(1) cannot, contrary to the government's urging, be deemed an elements-clause crime of violence merely because the HCPA uses the term "bodily injury"—just as the state offense at issue in *Taylor v. United States*, 495 U.S. 575, 590–92 (1990), could not be deemed an ACCA violent felony merely because the state statute used the term "burglary." Rather, this Court must examine the minimum conduct sufficient to cause "bodily injury" under the HCPA's unusual definition, then ask whether that conduct always involves "violent force" "capable of causing physical ... injury" in the ordinary sense of the latter term.

The government's own admissions guide—indeed, they resolve—that inquiry. "Spitting in somebody's eye" violates the HCPA. *See* 11/15/24 Tr. 15–16. But "spitting ... do[es] not necessarily cause bodily injury" in the generic sense required by *Johnson*. *See* Supp. Opp. 4.

## CONCLUSION

This Court should dismiss Counts 11–20.

Dated:            April 28, 2025
                  Buffalo, New York

                              *s/Daniel Habib*
                              Daniel Habib
                              Attorney-in-Charge, Appeals Bureau
                              Federal Defenders of New York, Inc.

                              *s/Sonya A. Zoghlin*
                              Sonya A. Zoghlin
                              Assistant Federal Public Defender

                              *s/MaryBeth Covert*
                              MaryBeth Covert
                              Senior Litigator

                              *s/Julie Brain*
                              Julie Brain
                              Julie Brain, Attorney at Law

                              *s/Monica Foster*
                              Monica Foster
                              Executive Director
                              Indiana Federal Community Defenders Inc.