

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*  *716/843-5700*
*138 Delaware Avenue*  *fax 716/551-3052*
*Buffalo, New York  14202*  *Writer's Telephone:  716/843-5838*
*Charles.Kruly @usdoj.gov*

August, 11 2025

**VIA CM/ECF**
Hon. Lawrence J. Vilardo
United States District Court Judge
2 Niagara Square
Buffalo, New York 14202

RE: **United States v. Payton Gendron**, 22-CR-109-LJV

Dear Judge Vilardo:

The government submits this letter to notify the Court of a recently-issued decision from the Second Circuit, *United States v. Silva*, 2025 WL 2078339, --- F. 4th --- (July 24, 2025), that is relevant to the defendant's motions to suppress. *Silva* reversed an order suppressing evidence obtained from a cell phone pursuant to a search warrant. *Silva* is relevant to the defendant's suppression motions in two ways.

First, the district court in *Silva* held—as the defendant argues here—that the search warrant affidavit did not establish probable cause to believe that the target's cell phone contained evidence of criminal activity. The Second Circuit held that this conclusion was wrong because, while "[a]llegations tending to show that the target used his cell phone in furtherance of criminal conduct suffice to establish probable cause," those allegations "are not . . . necessary." *Id.* at *4. Likewise, the court observed, an agent's "common sense and . . . experience" can support the conclusion that the target's "cell phone might have with a fair probability yielded evidence" of criminal conduct. *Id.* at *6 (quotation marks omitted). Thus, the court held, "[t]he magistrate judge possessed a substantial basis for her probable cause determination." *Id.* at *6 (quotation marks omitted).

Second, the Second Circuit reversed the district court's holding that the good faith exception did not apply. As the Second Circuit observed, the agent's search warrant affidavit was not "bare bones." *Id.* at *7. *See also id.* (noting that an affidavit is "bare bones" when it is "totally devoid of factual circumstances to support conclusory allegations") (quotation marks omitted). Thus, "[w]ithout affirmative indicia of law-enforcement misconduct," it would be improper "to resort to 'the extraordinary remedy of suppression.'" *Id.* at *8 (quoting *United States v. Ganias*, 824 F.3d 199, 221 (2d Cir. 2016) (*en banc*)).

The government requests that the Court consider *Silva* when deciding the defendant's motions to suppress.

Very truly yours,

MICHAEL DIGIACOMO
United States Attorney

BY: s/CHARLES M. KRULY
Assistant United States Attorney

2