UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.                                                                      22-CR-109 (LJV)

PAYTON GENDRON,

        Defendant.

_____

**SUPPLEMENT TO DEFENSE MEMORANDUM IN SUPPORT OF DEFENSE PROPOSED JUROR QUESTIONNAIRE**

Defendant Payton Gendron, through undersigned counsel, respectfully submits this Supplement to his Memorandum in Support of Defense Proposed Juror Questionnaire, ECF No. 351. The Supplement addresses the defense request to use the phrases "mitigating circumstances" and "aggravating factors" in the jury questionnaire and instructions, to aid the jury's understanding of the differences between the roles of mitigating and aggravating evidence at the penalty phase. It specifically responds to the Court's question during the December 10, 2025, hearing, namely whether any other federal courts have used the requested phrase during capital proceedings. The short answer to the Court's question is yes; other federal courts have used the phrase "mitigating circumstances" in both questionnaires and instructions, often interchangeably. Counsel have identified no instance in which a party has affirmatively requested such a clarification and been denied.

**I.**  **Many Jurors Fail to Understand and Apply the Constitutionally Required Different Standards Governing Aggravating and Mitigating Evidence.**

The United States Constitution requires that capital jurors understand and apply different rules when considering aggravating and mitigating circumstances. Three critical concepts related to aggravating and mitigating factors the jurors must understand are: "(a) the domain from which

1

aggravating and mitigating factors may be selected; (b) the burden of proof required to prove the existence of aggravating and mitigating factors; and (c) whether or not unanimity is required to establish the existence of aggravating and mitigating factors." James Luginbuhl and Julie Howe, *Discretion in Capital Sentencing Instructions: Guided or Misguided?*, 70 Ind. L. J. 1161, 1163 (1995) [hereinafter *Discretion in Capital Sentencing*].  These key differences are illustrated in the following table.

|  | **What may be considered** | **Burden of Proof** | **Unanimity Required?** |
|---|---|---|---|
| **Aggravating Factors** | Only factors alleged by the government | Beyond a reasonable doubt | Yes |
| **Mitigating Circumstances** | "[A]ny aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death," whether alleged or not[1] | Preponderance of the evidence | No |

As critical as these principles are, studies have found that many jurors fail to understand and apply them despite instructions.  *See United States v. Fell*, 224 F. Supp. 3d 327, 336 (D. Vt. 2016) (discussing findings of the Capital Jury Project that "many jurors fail to understand and therefore apply the distinctions between the burden of proof and requirements of unanimity which distinguish aggravating and mitigating factors").[2]  In one such study,

---

[1] *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (holding that "the Eighth and Fourteenth Amendments require that the sentencer . . . not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death")  (footnote omitted).

[2] The CJP interviewed approximately 1,201 jurors who made sentencing decisions in 354 capital trials in 14 different states. William J. Bowers and Wanda D. Foglia, *Still Singularly Agonizing:*

> [n]early half of the jurors did not understand that they must consider relevant mitigating evidence. Two-thirds did not understand that a mitigating factor did not need to be found unanimously. Half did not understand the lower standard of proof for mitigating factors and nearly one-third did not understand the burden of proof for aggravating factors. The results may not be surprising—these complicated ideas were new to the jurors and they only heard one case—but the results undermine confidence that the process developed in *Gregg* and subsequent Supreme Court decisions to guide the jury's deliberative process is followed in actual practice in the jury room.

*Fell*, 224 F. Supp. 3d at 336; *see also Discretion in Capital Sentencing*, 70 Ind. L. J. at 1166-67 (describing similar study based on interviews with North Carolina jurors, which likewise found many jurors fail to understand the distinctions between aggravating and mitigating facts even after being instructed).

More specifically, the CJP found that 44.6% of the jurors interviewed—all of whom sat on capital juries—failed to understand that they could consider any mitigating evidence and not just the factors identified by the defense. *Still Singularly Agonizing*, 39 Crim L. Bull. at 68. 66.5% failed to understand that they were not required to reach unanimity about mitigation; "most jurors did not realize that they could consider any factor in mitigation that they personally believed to be proven regardless of whether other jurors agreed." *Id*. And 49.2% did not understand that mitigating factors did not have to be found beyond a reasonable doubt. *Id.* While these jurors sat on state death penalty trials rather than federal ones, the fundamental principles are the same. The high rate of misunderstanding on such key, constitutionally required concepts is troubling and militates in favor of even small efforts to improve comprehension in this area.

---

*Law's Failure to Purge Arbitrariness from Capital Sentencing*, 39 Crim L. Bull. 51, 51 (2003) [hereinafter *Still Singularly Agonizing*]; *see also id.* 55-56.

**II.     Using the Phrases "Aggravating Factors" and "Mitigating Circumstances" Throughout the Proceedings—Including in the Jury Questionnaire and Instructions—Will Help Jurors Keep Straight the Different Rules that Apply to Aggravation and Mitigation.**

By using different labels for aggravation and mitigation, jurors will be more likely to keep straight the critical differences between these categories of evidence.  And using the word "circumstances" in lieu of "factors" in no way changes the concept the jury needs to understand.  "Circumstance" is a synonym of "factor." *See* https://www.thesaurus.com/browse/factor.  The two words are used interchangeably in capital caselaw. *See, e.g.*, *Cruz v. Arizona*, 598 U.S. 17, 23 (2023) ("During the aggravation/mitigation phase of an Arizona capital trial, the jury must first determine whether an aggravating circumstance exists. The jury here found a single aggravating factor that Cruz knowingly killed a police officer[.]"); *Jenkins v. Hutton*, 582 U.S. 280, 282 (2017) ("The trial court accepted the recommendation after also finding, 'beyond a reasonable doubt, . . . that the aggravating circumstances . . . outweigh[ed] the mitigating factors.'") (quoting Ohio Stat. Ann. § 2929.03(D)(3)); *United States v. Fields*, 949 F.3d 1240, 1272 (10th Cir. 2019) ("By expressly referring to the law and instructions given by the trial court, the prosecutor seems to have been suggesting to the jury only that it should weigh the aggravating factors against the mitigating circumstances, find that the aggravating factors outweighed the mitigating circumstances, and ultimately find that Fields should be sentenced to death."); *United States v. Fell*, 531 F.3d 197, 221 (2d Cir. 2008) ("Fell first challenged these comments in his motion for a new trial only on the due process ground of the inconsistency between the prosecution's original view that the existence of mitigating evidence warranted plea negotiations and its position during the penalty phase that any mitigating factors were far outweighed by the aggravating circumstances of the case."); *United States v. Schlesinger*, No. CR1802719TUCRCCBGM, 2021 WL 5579235, at *2 (D. Ariz. Nov. 29, 2021) ("Upon a finding

of eligibility, the jury then determines the propriety of a death sentence. First, it determines whether non-statutory aggravating factors and mitigating circumstances exist."); *United States v. Solomon*, 513 F. Supp. 2d 520, 534 (W.D. Pa. 2007) ("Consideration of non-statutory aggravating factors (like the consideration of non-statutory mitigating circumstances) serves the purpose of ensuring an individualized sentence that minimizes the risk of arbitrary and capricious action."); *United States v. Karake*, 370 F. Supp. 2d 275, 278 (D.D.C. 2005) ("Pursuant to statute, once a jury finds that one or more statutory aggravating factors exist, the jury must then weigh all statutory and non-statutory aggravating factors against any mitigating circumstances and determine whether a death sentence is appropriate.").

And the phrase "mitigating circumstances" has been used in jury questionnaires and instructions in multiple capital trials.

***Juror Questionnaires:*** *United States v. Saipov,* No. 1:17-cr-00722-VSB, ECF 476-1 at 36 (S.D.N.Y. Aug. 9, 2022) (joint proposed questionnaire)[3] ("During a punishment phase, jurors consider certain evidence referred to in the law as "aggravating factors," and "mitigating circumstances." Aggravating factors are factors that could support a sentence of death . . . Mitigating factors pertain to the circumstances of the offense, or the personal traits, character, or background of the Defendant, or anything else relevant to the sentencing decision that would suggest, for any individual juror, that life imprisonment without the possibility of release rather than death is the appropriate punishment."); *United States v. Con-Ui*, No. 3:13-cr-00123-ARC , ECF 911-3 at 27 (M.D. Pa. Aug. 18, 2016) (joint proposed questionnaire)[4] (using similar language); *United States v. Savage, et al.,* No. 2:04-cr-00269-MAK (E.D. Pa. 2011)

---

[3] This questionnaire was adopted by the court in an order dated Aug. 9, 2022 (ECF 479).

[4] This questionnaire was adopted by the court in an order dated Sept. 2, 2016 (ECF 913).

(same);[5] *United States v. Williams*, No. 4:08-cr-00070-YK , ECF 712 at 11 (M.D. Pa. Jan. 9, 2013) (same); *United States v. Basciano*, No. 1:05-cr-00060-NGG, ECF 1054-1 at 46-47 (E.D.N.Y. Feb. 7, 2011) (using mitigating factors and mitigating circumstances interchangeably); *United States v. McGriff*, No. 1:04-cr-00966-FB, ECF 561 at 30 (E.D.N.Y. Nov. 11, 2006) (same).

**Jury Instructions:** *United States v. Curtis*, 33 M.J. 101, 107 (C.M.A. 1991) (trial court instructed jurors "you may not adjudge a sentence to death unless you find that any and all extenuating or mitigating circumstances are substantially outweighed by any aggravating factors as you have found existed in the first step of this procedure"); *Rodriguez v. Zavaras*, 42 F. Supp. 2d 1059, 1108–09 (D. Colo. 1999) (in state court proceeding, jury instructed: "At the conclusion of the hearing the jury will determine whether certain statutory, aggravating factors have been proven beyond a reasonable doubt, and also the jury will determine whether any mitigating circumstances exist."). Many penalty phase instructions use the phrases "mitigating circumstances" and "mitigating factors" interchangeably. *See, e.g.*, *United States v. Aquart*, No. 3:06cr160 (JBA), ECF 930 at 29 (D. Ct. June 13, 2011) ("Thus, whether or not the mitigating factors have a direct connection to the crimes does not affect their status as mitigating circumstances that you are required to consider."); *United States v. Candelario-Santana*, 3:09-cr-00427-JAF, ECF 1046 at 30 (D.P.R. Mar. 22, 2013) ("Thus, whether these factors have a direct connection to the crimes or not, does not in any way affect their status as mitigating circumstances that you are required to consider."); *United States v. Sampson*, 1:01-cr-10384-LTS, ECF 2820 at 44 (D. Mass. Jan. 5, 2017) (same); *United States v. Williams*, 1:06-cr-00079-

---

[5] The jury questionnaire in *Savage* is not available on the docket for that case, but it was filed in the instant case as Exhibit A-14 to the Defense Memorandum in Support of Defense Proposed Juror Questionnaire (ECF 351).

JMS-KSC, ECF 2784-1 at 26 (D. Haw. June 6, 2014) ("A juror, in addition to not excluding from consideration any relevant mitigating evidence, must also weigh all of the mitigating circumstances together. Your discretion in considering mitigating factors is broader than your discretion in considering aggravating factors.").

While using distinct phrases to describe mitigating circumstances and aggravating factors does not guarantee jurors will understand and retain the important differences between them, it makes it more likely that they will. And it certainly will not add to the possible confusion. The government did not object to the use of the phrase "mitigating circumstances" in the parties' joint questionnaire, and it will not be disadvantaged in any way if the Court uses this language to make it easier for jurors to understand the complex instructions they must follow.

## CONCLUSION

For these reasons, the defense respectfully asks this Court to use the phrases "mitigating circumstances" and "aggravating factors" in the jury questionnaire and instructions.

Dated: December 17, 2025
       Buffalo, New York

                                          _s/Sonya A. Zoghlin_
                                          Sonya A. Zoghlin
                                          Assistant Federal Public Defender

                                          _s/MaryBeth Covert_
                                          MaryBeth Covert
                                          Senior Litigator

                                          _s/Julie Brain_
                                          Julie Brain
                                          Attorney at Law

                                          _s/Theresa M. Duncan_
                                          Theresa M. Duncan
                                          Law Office of Theresa M. Duncan LLC