UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.                                                                   22-CR-109 (LJV)

PAYTON GENDRON,

                Defendant.
_____

### REPLY TO GOVERNMENT'S RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO SEAL

The defense previously moved to redact portions of ECF No. 489 (Sealed Document – Supplement to Motion to Change Venue, ECF No. 308) pursuant to the amended protective order (ECF No. 470) and Payton Gendron's right to a fair trial and impartial jury in this capital prosecution. *See* ECF No. 502. On behalf of Payton Gendron, the undersigned submits this Reply to the Government's Response in Partial Opposition to Defendant's Motion to Seal (ECF No. 505).

As described in correspondence with the Court accompanying the proposed redactions (e-mailed to the Court and government counsel on December 8, 2025), the defense tailored its limited redactions to material that is both inflammatory and inadmissible at trial, thereby threatening Payton Gendron's constitutional rights to a fair trial by an impartial jury. These categories of material include the following: (1) statements about whether Payton Gendron should receive the death penalty from public figures, victims/family members, and representatives of the victims; (2) other victim/family statements to the media or in state court that are inadmissible under *Payne v. Tennessee*, 501 U.S. 808 (1991); (3) additional statements that would be inadmissible at trial (including derogatory characterizations of Payton Gendron by public officials and/or victims); and (4) comments on social media platforms that are particularly inflammatory and prejudicial if

allowed further amplification in a public filing. The defense also proposed redacting the identity of any victim family members or witnesses because the source of the statements increase the weight and potential impact of those statements on the jury pool. In anticipation of the government's objection "to redacting information that is available in the public domain," *see* ECF No. 505, the defense noted in its correspondence that further repetition and amplification of statements within these limited categories to a wider audience serves only to compound the threat to Payton Gendron's rights to a fair trial and impartial jury.

Notably, the cases cited by the government (and the relevant cases cited therein) all originate from civil litigation, not the criminal context, let alone a death penalty prosecution. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004), the only appellate authority cited by the government, involved a lawsuit between a bank and a former employee that had been resolved with a confidential settlement agreement, the details of which were subsequently revealed publicly by the district court. Denying the motion to seal, the Second Circuit found that, while it was error for the district court to disclose the magnitude of the settlement amount, the information was consequently available "on the highly accessible databases of Westlaw and Lexis" and was "disseminated prominently elsewhere." *Id.* Moreover, because the case had been concluded there were no future proceedings that could be prejudiced by the disclosure. Similarly, in *White v. Cty. of Suffolk*, a civil action under Section 1983, the district court declined to seal an internal affairs report regarding Suffolk County law enforcement that had previously been discussed, and portions reproduced, in *Newsday*. *See* No. 20-CV-1501 (RER)(JMW), 2024 U.S. Dist. LEXIS 90229, *10-11 (EDNY May 20, 2024). There, too, there was no risk of comparable prejudice to any party as there is to Payton Gendron in this capital case.

In stark contrast to these civil cases, it is neither money nor embarrassment at stake here. The recirculation and amplification of public statements, some of which were published years ago and/or outside the district, threatens Payton Gendron's Fifth and Sixth Amendment rights to a fair trial before an impartial jury. This Court should grant the defense motion (ECF No. 502) to redact limited and targeted portions of its Supplemental Motion to Change Venue (ECF No. 489).

Dated: December 17, 2025
Buffalo, New York

               <u>s/Sonya A. Zoghlin</u>
               Sonya A. Zoghlin
               Assistant Federal Public Defender

               <u>s/MaryBeth Covert</u>
               MaryBeth Covert
               Senior Litigator

               <u>s/Julie Brain</u>
               Julie Brain
               Attorney at Law

               <u>s/Theresa Duncan</u>
               Theresa Duncan
               Attorney at Law