UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

    v.                                                  22-CR-109 (LJV)

PAYTON GENDRON,

                Defendant.

───────────────────────────────

**MOTION FOR ACCESS TO RECORDS UNDER THE JURY SELECTION AND SERVICE ACT AND THE SIXTH AMENDMENT**

    Payton Gendron, by and through his attorneys, respectfully submits this Motion, and accompanying Declaration and curriculum vitae of statistician Jeffrey Martin (attached as exhibits A & B, respectively), for access to records used in connection with the construction of the Master Jury Wheel in the United States District Court for the Western District of New York from which the petit jury in this case will be chosen, pursuant to the Sixth Amendment to the United States Constitution and the Jury Selection and Service Act, 28 U.S.C. §§ 1867(a) and (t), ("JSSA").

    The Supreme Court has consistently interpreted the Sixth Amendment right to trial by an impartial jury to require a petit jury that is selected from a fair cross-section of the community. *See, e.g., Taylor v. Louisiana*, 419 U.S. 522, 528-529 (1975) ("The unmistakable import of this Court's opinions…is that the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial"). Similarly, in enacting the JSSA, Congress declared, "[i]t is the policy of the United States that all litigants in Federal courts entitled to trial by jury

1

shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." 28 U.S.C. §1861.

Pursuant to the JSSA, before voir dire begins, a defendant may move to stay the proceedings against him "on the ground of substantial failure to comply" with the JSSA's mandates. 28 U.S.C. §1867(a). To determine whether grounds for such a motion exist, the JSSA provides that "the parties shall ... be allowed to inspect, reproduce, and copy... records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of ... a motion under subsection (a)." 28 U.S.C. § 1867(f); s*ee also Test v. United States,* 420 U.S. 28, 30 (1975) ("[A]n unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community'") (quoting 28 U.S.C. § 1861). "Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.*; *see also* ECF No. 190 (noting that the JSSA gives litigants an unqualified right to inspect data necessary to challenge the jury selection process). The materials requested in the attached Declaration of Jeffrey Martin (Exhibit A) are necessary to assess whether a basis exists on which to challenge the jury selection procedures used during the construction of the Master Jury Wheel from which the petit jury in this case will be selected.

To invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise unpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures." *United States v.*

*Alden,* 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted); *see also United States v. Saipov*, 17-cr-722 (VSB), 2022 U.S. Dist. LEXIS 140804 (S.D.N.Y. Aug. 4, 2022); *United States v. Jones*, 21-cr-59 (LAP), 2021 U.S. Dist. LEXIS 186175 (S.D.N.Y. Sept. 21, 2021). No "sworn statement of facts which, if true, would constitute a substantial failure to comply" is required, *United States v. Marcano-Garcia*, 622 F.2d 12, 18 (1st Cir. 1980) (citations omitted), nor may a motion be denied for failure to establish that a potential motion pursuant to the JSSA is likely to succeed. *See, e.g., United States v. Royal,* 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti,* 02-cr-743 (RCC), 2004 WL 2274712 (S.D.N.Y. Oct. 6, 2004) (granting motion for discovery without a showing that the records sought would reveal a violation) (unreported). Moreover, a JSSA motion filed before voir dire is timely, assuming it is filed within seven days after the grounds therefor are diligently discovered. *See* 28 U.S.C. §1867(a).

  To determine whether grounds exist to file a fair-cross section challenge to the selection of the petit jury under the Sixth Amendment and the JSSA, Payton Gendron is entitled to inspect the requested records. Once the records are provided, the defense team will expeditiously analyze them to determine whether the jury plan procedures run afoul of the Sixth Amendment to the United States Constitution and the JSSA. Further, the defense respectfully requests that the Jury Administrator provide the requested material as soon as is practicable and on a rolling basis. Finally, should the Court grant these requests, the defense will seek the government's input and file a proposed Protective Order to govern the jury records disclosed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant access to the records sought and grant such further relief as the Court deems just and proper.

Dated: January 5, 2026
       Buffalo, New York

                                            *s/Sonya A. Zoghlin*
                                            Sonya A. Zoghlin
                                            Assistant Federal Public Defender

                                            *s/MaryBeth Covert*
                                            MaryBeth Covert
                                            Senior Litigator

                                            *s/Julie Brain*
                                            Julie Brain
                                            Attorney at Law

                                            *s/Theresa M. Duncan*
                                            Theresa M. Duncan
                                            Law Office of Theresa M. Duncan LLC