IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                                  22-CR-109-V

PAYTON GENDRON,

                Defendant.

### MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR ACCESS TO RECORDS UNDER THE JURY SELECTION AND SERVICE ACT AND THE SIXTH AMENDMENT

    The United States of America, by and through its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York, and Harmeet K. Dhillon, Assistant Attorney General, Civil Rights Division, and Joseph M. Tripi, Brett A. Harvey, Maeve E. Huggins, and Charles M. Kruly, Assistant United States Attorneys, Sanjay H. Patel, Trial Attorney, Department of Justice Civil Rights Division, and Michael S. Warbel, Trial Attorney, Department of Justice Criminal Division, of counsel, hereby submits its memorandum in response to defendant Payton Gendron's motion for access to records under the Jury Selection and Service Act and the Sixth Amendment. (Docket No. 515).

### THE GOVERNING LAW

    The Jury Service and Selection Act of 1968, 28 U.S.C. §§ 1861 *et seq.* ("JSSA"), provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district ... wherein the court convenes." 28 U.S.C. § 1861. It requires district courts to devise

a plan for random jury selection that ensures the random selection of a fair cross section of the community. *Id.* § 1863(b)(3).

A defendant may move to "dismiss the indictment… against him on the ground of a substantial failure to comply with the provisions" of the statute in selecting the petit jury. 28 U.S.C. § 1867(a). The JSSA further states that "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except … as may be necessary in the preparation or presentation" of such a motion. 28 U.S.C. § 1867(f). Specifically, Section 1867 provides:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

*Id.* § 1867(f).

Section 1867(f) makes it clear that a litigant has the right to inspect jury lists in order to aid parties in preparation of motions challenging jury selection procedures. *Test v. United States*, 420 U.S. 28, 30 (1975). However, defendants "do not have an absolute right to all materials relating to the grand jury selection." *United States v. Gotti*, 2004 WL 32858, at *11 (S.D.N.Y Jan. 6, 2004); *see also United States v. Davis*, 2009 WL 637164, at *15-16 (S.D.N.Y. Mar. 11, 2009) (observing that "there is no absolute right of access to all materials relating to grand jury selection" and disclosing only "the District's Master Plan for jury selection"); *United States v. Pirk*, 281 F.Supp.3d 342, 344 (W.D.N.Y. 2017) (Wolford, J.) ("§ 1867(f)

2

requires access 'only to records and papers already in existence,' but 'nothing ... entitles defendants to require the jury administrator to analyze data on their behalf.'" (quoting *United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997)); *United States v. Corbett*, No. 20-CR-213(KAM), 2020 WL 5803243, at *5 (E.D.N.Y. Aug. 21, 2020) (denying request to the extent it requests analysis by the jury administrator). Indeed, as Judge Wolford explained in *Pirk*:

> A defendant's unqualified right to records or papers encompasses only such data as a defendant needs to challenge the jury selection process. In other words, the JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court.

281 F.Supp.3d at 344 (citations omitted).

In this regard, courts have held that only the master list from which the grand jury was selected need be disclosed for a defendant to decide whether to challenge the grand jury selection process. *See Gotti*, 2004 WL 32858, at *11 (citing *United States v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987) (holding the defendant had not established why other records besides available jury lists might be required to establish and alleged deficiency in the jury selection process); *United States v. Harvey*, 756 F.2d 636, 642-43 (8th Cir. 1985) (master grand jury list with names and addresses redacted was sufficient disclosure); *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984) (master list and relevant demographic data about the general pool from which specific jurors were selected was sufficient, and refusal to provide names, addresses, and demographics about the specific grand jurors who returned the indictment was not error).

## **GENERAL OBJECTIONS**

The government objects to any requests for documents or other records that do not presently exist, that is, to any request which requires the District's Jury Administrator or his

3

staff to compile information into a particular document or spreadsheet or to conduct analysis of raw data.

The government also objects to the requests to the extent they seek "any" documents or records relating to a particular matter or procedure. Attachment 1 (*see* Docket No. 515-1) to the defense expert Jeffrey Martin's affidavit contains 20 individualized requests for information, and 13 of those requests begin with the overbroad request for "any document" or "any data". The language contained in Attachment 1 is vague, overly broad, and amounts to a fishing expedition that would arguably encompass handwritten notes, email exchanges within the clerk's office and between the clerk and judges, and other types of documents or files not reviewable under the JSSA. Indeed, the information sought by the defense would violate Judge Wolford's caution, as explained in *Pirk*, that "the JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *Pirk*, 281 F.Supp.3d at 344 (citations omitted).

The government further objects to releasing any information to the defendant and/or his retained consultant that contains personally identifiable information.

The defendant's requests relate to the petit jury that will be selected in this case later this year. As a result, some of the records sought by the defendant may not yet exist. To the extent that is the case, the defendant's requests for those records is premature. *See Gotti*, 2004 WL 32858, at *11.

The government further objects to any requests which seek information about master and qualified jury wheels used in the selection of any petit juries <u>other</u> than the wheels from which the petit jury in this case will be selected. *See Corbett*, 2020 WL 5803243, at *5 (denying request for information about the creation of the master and qualified jury wheels which did

4

not relate to the particular grand jury which indicted defendant). Finally, the government generally objects to the defense request for documents other than those required to be retained by the Clerk of the Court in accordance with the District's Jury Plan.[1] The materials required to be retained by the Clerk of the Court are delineated on page 8 of the District's Jury plan, as follows:

**RECORDS TO BE MAINTAINED BY THE CLERK AND MADE PUBLIC UPON REQUEST (28 U.S.C. §§1863(a); 1867(f); 1868)**

The Clerk of Court shall retain all jury records and papers complied and maintained by the Clerk of Court, including the following documents:

1) Jury Selection Plan;
2) Orders regarding refilling of the master jury wheel, petit juries, and grand juries;
3) Jury memos from the Administrative Office and internal memos;
4) Qualification questionnaires
5) Pre-screening questionnaires
6) Individual petit jury and grand jury panel information
7) Administrative Office reports: JS-11, JS-11G and AO-12.

These records shall not be disclosed, except (1) pursuant to this Plan, or (2) pursuant to an order of the Court finding disclosure is necessary in preparation of a motion challenging the selection of a jury, until the master jury wheel has been refilled and all persons selected as jurors from the prior master jury wheel have completed service. Parties who have obtained an order of disclosure shall be allowed to inspect, reproduce, and copy such records at reasonable times during the pendency of the motion challenging the selection of a jury.

Upon written order of the Court, except when the court orders a longer retention period, these records can be disposed of four (4) years after the master jury wheel has been refilled and all persons selected have completed jury service in accordance with 28 U.S.C. § 1868. These records shall not be transferred to the Federal Records Center.

## REQUEST FOR PROTECTIVE ORDER

The government further requests that any non-public documents or records disclosed by the Jury Administrator be subject to a Protective Order as follows:

1. The materials may only be used in connection with the preparation and/or litigation of a motion in this case challenging the District's petit jury selection procedures. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's petit jury selection procedures. The materials must either be returned to the Court at the commencement of jury selection or counsel must certify that the materials have been destroyed and that no materials have been retained in any duplicative form.

---

[1] https://www.nywd.uscourts.gov/sites/nywd/files/Jury%20Plan%20-%20March%202025.pdf.

5

  2. Consistent with § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties. Likewise, the materials may only be disclosed to individuals who have a need to view the materials for purposes of the defined scope of the production, as set forth above.

  3. The defendant shall not possess the materials at any time, and the materials may not be carried into or reviewed in any jail facility.

  4. Any attorney who accesses the materials is personally responsible for not only his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member or other person who is shown the materials consistent with the parameters of this Decision and Order.

*See Pirk*, 281 F.Supp.3d at 346-47; *see also United States v. Shader*, 472 F.Supp.3d 1, 6-7 (E.D.N.Y. 2020).

## RESPONSE TO INDIVIDUAL REQUESTS

  Subject to the foregoing general objections and request for protective order, the government responds to defendant's individual requests (*see* Docket No. 515-1) as follows:

  1. The Jury Plan for the Western District of New York currently in effect and, if different in any respect, at the time trial jurors were summoned in this case. This Plan is believed to be the "Jury Selection Plan of the United States District Court for the Western District of New York for the Random Selection of Grand and Petit Jurors (As amended March 28, 2025)".

  Response: This request is moot because the District's Jury Plan, as revised in March 2025, is publicly accessible on the District's web site: https://www.nywd.uscourts.gov/sites/nywd/files/Jury%20Pl an%20-%20March%202025.pdf.

  2. Any AO-12 form created which relates to the District and Divisional Master Jury Wheels and Qualified Jury Wheels that will be used to summon trial jurors in this case as required by 28 U.S.C. § 1863(a).

  Response: The government does not object to this request to the extent such documentation exists.

  3. Any AO-12 forms completed in the last ten years.

  Response: The government objects to this request.

> The statistical information for prior years is not relevant to whether the trial jury was selected at random from a fair cross section of the community in the district. *See, e.g., Corbett*, 2020 WL 5803243, at * 5 (denying request for information about the creation of the master and qualified jury wheels which did not relate to the particular grand jury which indicted defendant).

4.   Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that will be used to summon trial jurors in this case with the Jury Selection Plan section titled "Declaration of Policy", the Jury Selection and Service Act constitutional requirements.

> Response:   The government objects to this request, to the extent any such information exists, as beyond the parameters of the documents/information required to be retained by the Clerk of the Court, as described above. *See* General Objections, *supra*.

5.   Any document or data detailing the date when the Master Jury Wheel that will be used to summon trial jurors, in this case, was refilled as described in the Jury Selection Plan section titled "Maintaining the Master Jury Wheel".

> Response:   To the extent this request simply seeks the date on which the jury wheel was or will be refilled, the government has no objection to disclosing a document that contains that information if it exists.

6.   Any document or data detailing the calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Selection Plan titled "Method and Manner of Random Selection".

> Response:   The government objects as the method and manner of random selection is described on pages 3 and 4 of the District's Jury Plan, and additionally any such document appears to be beyond the parameters of documents/information required to be retained by the Clerk of the Court, as described above. *See* General Objections, *supra*; *see also Corbett*, 2020 WL 5803243, at *5 (denying request for "calculation of the proportional representation of counties in the Master Wheel" because it requires analysis) (citing *Miller*, 116 F.3d at 658).

7.   Any written instructions provided by the Court as described in the Jury Selection Plan section titled "Method and Manner of Random Selection".

> Response:   The government does not object to this request to the extent such documentation exists.

8.      Any written instructions specifying the process of creating the Master Jury Wheel used by the Clerk or any vendor.

    Response:    The government does not object to this request to the extent such documentation exists.

9.      The general notice described in the Jury Selection Plan section titled "Drawing of Names from the Master Jury Wheel – One Step Summoning and Completion of Jury Qualification Form".

    Response:    This request should be denied as moot because the District's website contains a page titled, "Public Notice Concerning Jury Selection Procedures," which "informs the general public of the procedures by which juror names are periodically and randomly drawn for potential jury service at the U.S. District Court" for this District. *See* https://www.nywd.uscourts.gov/public-notice-concerning-jury-selection-procedures.

10.     A description of the procedures for juror qualification and summons that are:

- Returned as undeliverable from the Postal Service;

- Forms for which a response has not been received;

- Incomplete forms;

- Disqualified, including the person(s) determining the disqualification, the type of disqualification, and the evidence required for each type of disqualification (not a citizen, unable to read or write, unable to speak, mental or physical infirmity, pending charge or conviction);

- Exempted, including the person(s) determining the exemption and the evidence required;

- Excused, including person(s) determining the excusal, the type of excusal, and the evidence required for each type of excusal (over age 70, previous jury service, care for children, care for the aged or infirm, volunteer safety personnel, essential to business); and

- Temporarily excused, including person(s) determining the temporary excusal, the evidence required for the temporary excusal, the disposition of the potential juror, and the availability for future service.

8

A description of:

- Any notice to potential jurors regarding the completion of their qualification form or their status as a potential juror;

- Any follow up communications for juror qualification and summons for which a response has not been received; and

- How phone calls with potential jurors are documented.

Response: The government does not object to these requests to the extent such documentation exists. However, to the extent this request seeks information about particular people, the government objects as the defendant is not entitled to personally identifiable information.

11. Any documents or data detailing the number of persons or any statistics on persons summoned after failing to return a juror qualification questionnaire as described in the Jury Selection Plan section titled "Drawing of Names from the Master Jury Wheel- One Step Summoning and Completion of Jury Qualification Form".

Response: The government does not object to this request to the extent such documentation exists. However, to the extent this request seeks information about the particular people who were summoned after failing to return their questionnaires, the government objects as the defendant is not entitled to personally identifiable information.

12. Any document or data that describe the procedure used once a temporarily excused potential juror attends on the deferral date including their order of consideration.

Response: The government does not object to this request to the extent such documentation exists.

13. Any document or data detailing the date when trial jurors will be summoned in this case.

Response: The government does not object to this request to the extent it simply seeks the date that the pool of jurors will be summoned.

9

14. Any document or data detailing the number of persons summoned from the Master Jury Wheel to be considered as trial jurors in this case.

> Response: The government does not object to this request to the extent such documentation exists. However, to the extent this request seeks information about particular people, the government objects as the defendant is not entitled to personally identifiable information.

15. Any specifications, description, or statistics relating to the merging of source lists and the creation of the combined source list as described in the Jury Selection Plan section titled "Sources of Names of Prospective Jurors" including the manner in which any duplicates between the lists are purged.

> Response: The defendant's request is moot as the procedure for creation of the combined source list is described on page 2 of the Jury Plan. To the extent this request encompasses a request for additional information, the government objects.

16. The Divisional Master Jury Wheel data for each division as described in the Jury Selection Plan section titled "Maintaining the Master Jury Wheel", in electronic and accessible form that includes Juror ID Number, Name, Address (Street Number, Street, City, State, and Zip Code), Race, Gender, Hispanic Ethnicity, Date of Birth, County and Jury Division.

> Response: This case will be tried in the Buffalo Division and, to the extent this request seeks information relating to the Rochester Division, the government objects.[2] The government does not object to this request to the extent such documentation already exists related to the Buffalo Division, and so long as it seeks only statistical data and not personally identifiable information.

---

[2] As this Court is aware, the defendant has filed a motion for a change of venue (Docket Nos. 308, 489), which is pending. In its response to the change-of-venue motion, the government suggested that, as an alternative to changing venue for the trial in this case, this Court could "expand[ ] the jury pool to a district-wide venire," which would include prospective jurors from the Rochester Division. *Government's Response in Opposition to Defendant's Motion to Transfer Venue*, at 15. In the event this Court follows that suggestion, the government would withdraw its objection to this request.

10

17. Status Codes for persons on the Master Jury Wheel. The data should be in electronic and accessible form that includes Juror ID Number, whether the form was returned undeliverable, whether the form was not returned, Reason for Disqualification/Exemption/Excuse, Race, Gender, Hispanic Ethnicity, Date of Birth, County, Jury Division.

> Response: The government does not object to this request to the extent such documentation exists, and no personal identifying information is provided.

18. Any document or data with Juror ID Number selected as potential trial jurors in this case.

> Response: The government does not object to this request to the extent such documentation exists, and no personal identifying information is provided.

19. The raw source list of data in electronic form for the Master Jury Wheel that will be used to summon trial jurors in this case as described in the Jury Selection Plan section titled "Sources of Names of Prospective Jurors" (voter registration lists plus supplemental lists). The data should include, as available, Name, Address (Street Number, Street, City, State, and Zip Code), Race, Gender, Hispanic Ethnicity, Date of Birth, County, Status (voter number, voter status, voter ID information, license number, driver status, and type) and Jury Division.

> Response: The government does not object to this request to the extent such documentation exists, and no personal identifying information is provided.

20. The combined source list as described in the Jury Selection Plan section titled "Sources of Names of Prospective Jurors". The data should include, as available, Source of Data, Name, Address (Street Number, Street, City, State, and Zip Code), Race, Gender, Hispanic Ethnicity, Date of Birth, County, Status (voter number, voter status, voter ID information, license number, driver status, and type) and Jury Division.

> Response: The government does not object to this request to the extent such documentation exists, and no personal identifying information is provided.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's request for access to records under the Jury Selection and Service Act and Sixth Amendment, except as set forth above.

DATED: January 26, 2026
Buffalo, New York

| | |
|---|---|
| MICHAEL DIGIACOMO<br>United States Attorney<br>Western District of New York | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division |
| BY: *s/JOSEPH M. TRIPI*<br>*s/ BRETT A. HARVEY*<br>*s/ MAEVE E. HUGGINS*<br>*s/ CHARLES M. KRULY*<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>(716) 843-5839<br>Joseph.Tripi@usdoj.gov | BY: *s/ SANJAY H. PATEL*<br>Trial Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street NE<br>Washington, DC 20530<br>(202) 598-9627<br>Sanjay.Patel@usdoj.gov |
| BY: *s/MICHAEL S. WARBEL*<br>Trial Attorney<br>Criminal Division<br>U.S. Department of Justice<br>1301 New York Ave., Ste. 505<br>Washington, DC 20530<br>(202) 514-5605<br>Michael.Warbel@usdoj.gov | |