UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          v.                                    22-CR-109 (LJV)

PAYTON GENDRON,

          Defendant.
_____


**MOTION TO ADJOURN THE *ROPER* HEARING**

      Payton Gendron, through undersigned counsel, moves this Court to adjourn the *Roper*
evidentiary hearing currently set for February 19-20, February 23-26, and March 13, 2026, and
the oral argument on his Motion to Preclude Testimony of Government Experts at Roper
Evidentiary Hearing or, in the Alternative, for a Daubert Hearing, ECF. No. 526, currently
scheduled for February 13, 2026. If Payton Gendron is sentenced to death, he will ask the Court
to reset these hearings during the time set for litigating post-trial motions.

      Adjourning the hearing will permit the parties to devote the significant amount of time it
will take to prepare and conduct the evidentiary hearing to trial preparations, including ongoing
investigations, witness identification and preparations, jury selection, motions practice, and the
like. Preparations for a six-day evidentiary hearing would consume the remainder of the month
of February and almost half of March. Adjourning the current dates and resetting the hearings
after the verdict would also avoid the unnecessary expenditure of time and resources should
Payton Gendron be sentenced to life without the possibility of release and the motion therefore
become moot. Finally, moving the *Roper* hearing and the oral argument on defense counsel's
Motion to Preclude Testimony, also obviates the need for litigation about sealing at least portions
of both proceedings to minimize additional prejudicial pretrial publicity.

Undersigned counsel have conferred with counsel for the government regarding this request and were advised that the government has not yet determined whether it will take a position on the motion.

<strong>B<small>ACKGROUND</small></strong>

On June 10, 2024, the defense filed a Motion for an Order Categorically Exempting Payton Gendron from the Death Penalty Because He Was Eighteen Years Old at the Time of the Alleged Capital Crimes, ECF No. 182. The government filed a Response, ECF No. 192, and the defense filed a Reply, ECF No. 205. The Court held oral argument on the Motion on November 14, 2024. ECF No. 244. On January 27, 2025, the Court entered a text order granting the defense request for an evidentiary hearing on the Motion, ECF No. 267. It subsequently scheduled the hearing for May 2025, ECF No. 313.

Shortly before the hearing was set to begin, one of Payton Gendron's attorneys was forced to withdraw from the case for medical reasons. *See* ECF Nos. 366, 369. The Court subsequently reset the *Roper* evidentiary hearing for February 2026, ECF No. 459.

On December 19, 2025, the defense filed a Motion to Preclude Testimony of Government Experts at Roper Evidentiary Hearing or, in the Alternative, for a Daubert Hearing, ECF No. 510.[1] In that Motion, the defense noted the voluminous pretrial publicity that has been generated following virtually every development in this case and explained that allowing the government to present "inadmissible and extraordinarily prejudicial testimony … in open court shortly before trial risks irreparably tainting the jury pool and depriving Payton Gendron of his constitutional rights to a fair and impartial jury." *Id*. at 2, 22. In its Response to that Motion, the government suggested that the way to avoid the risk of tainting the jury pool was either for Payton Gendron

---

[1] Filed with redactions at ECF No. 526.

to withdraw his request for a hearing or, if he were sentenced to death, to make his record in support of a categorical bar to capital punishment based on his age in post-conviction proceedings. ECF No. 519 at 10-11. Oral argument on the Motion to Preclude Testimony is scheduled for February 13, 2026.

**DISCUSSION**

The defense is respectfully asking the Court to adjourn the currently scheduled *Roper* hearings and oral argument on the Motion to Preclude Testimony, and to reset both during the time set for litigating post-trial motions if Payton Gendron is sentenced to death.

Holding the hearings after the verdicts have been returned will eliminate the danger of generating substantial prejudicial pretrial publicity in this critical period immediately before trial is scheduled to begin and will allow the hearings to be fully open to the public. If the hearings were to proceed as scheduled, Payton Gendron would ask the Court to close and seal portions of the hearings to protect his right to a fair and impartial jury. This would include the oral argument on the Motion to Preclude Testimony, which itself threatens to prejudice the jury pool for the reasons stated in that Motion.

As the Supreme Court has recognized, "[t]he danger of publicity concerning pretrial suppression hearings is particularly acute, because it may be difficult to measure with any degree of certainty the effects of such publicity on the fairness of the trial." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979).

> After the commencement of the trial itself, inadmissible prejudicial information about a defendant can be kept from a jury by a variety of means. When such information is publicized during a pretrial proceeding, however, it may never be altogether kept from potential jurors. Closure of pretrial proceedings is often one of the most effective methods that a trial judge can employ to attempt to insure that the fairness of a trial will not be jeopardized by the dissemination of such information throughout the community before the trial itself has even begun.

3

*Id*. at 378-79 (footnote omitted); *see also id.* ("Publicity concerning the proceedings at a pretrial hearing … could influence public opinion against a defendant and inform potential jurors of inculpatory information wholly inadmissible at the actual trial."); *United States v. Cojab*, 996 F.2d 1404, 1405 (2d Cir. 1993) ("Freedom of the press and public to attend criminal trials and pretrial proceedings, a right conferred by the First Amendment, is not designed to override the right of a defendant to receive a fair verdict from an impartial jury.").

Continuing the hearings will also allow the parties to spend the next few critical months focused on trial preparations, including developing jury instructions, litigating motions in limine, interviewing and preparing witnesses, finalizing exhibits, Rule 12.2 notice preparations and litigation, and the like.  And unlike these trial preparations, the *Roper* related hearings may ultimately not be required.  If Payton Gendron is sentenced to life without the possibility of release, his *Roper* Motion becomes moot. Thus, continuing the hearings to a time post-verdict furthers the interests of judicial economy by ensuring that the evidentiary hearing is conducted only if necessary.

This Court will retain jurisdiction to conduct these hearings due to the inevitable post-verdict motions practice should Payton Gendron be sentenced to death. Under those circumstances, the defense will file a motion for judgment of acquittal as to sentencing pursuant to Fed. R. Crim. P. 29 and a motion for a new sentencing trial pursuant to Fed. R. Crim. P. 33. Under Fed. R. App. P. 4(b)(3), a timely-filed motion under Rule 29 or 33 tolls the time for filing a notice of appeal in a criminal case and thus continues jurisdiction in the district court until such motions are decided.[2]

---

[2] Fed. R. App. P. 4(b)(3) provides:

Holding hearings on the Motion to Preclude Testimony and the *Roper* Motion following a death verdict, should one be entered, need not delay the formal sentencing hearing. It is common practice in capital cases for post-verdict motions to be filed after sentencing. *See, e.g., United States v. Bowers*, No. 2:18-cr-00292-RJC, ECF No. 1576, at 120 (W.D. Pa. Sept. 20, 2023) (parties agreed to extend the deadline for filing post-trial motions until after sentencing); *United States v. Tsarnaev*, No.1:13-cr-10200-GAO, ECF. No. 1490 at 2 (D. Mass. July 6, 2015) (same).

Thus, the Court will retain jurisdiction to take evidence on the *Roper* issue for several months, providing ample time for the parties to prepare and present argument, witnesses and evidence.

---

(b) Appeal in a Criminal Case.
…
(3) Effect of a Motion on a Notice of Appeal.
(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 14 days after the entry of the order disposing of the last such remaining motion, or within 14 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:
    (i) for judgment of acquittal under Rule 29;
    (ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 14 days after the entry of the judgment; or
    (iii) for arrest of judgment under Rule 34.
(B) A notice of appeal filed after the court announces a decision, sentence, or order--but before it disposes of any of the motions referred to in Rule 4(b)(3)(A) --becomes effective upon the later of the following:
    (i) the entry of the order disposing of the last such remaining motion; or
    (ii) the entry of the judgment of conviction.
    (C) A valid notice of appeal is effective--without amendment--to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A).

**CONCLUSION**

For the foregoing reasons, Payton Gendron moves this Court to adjourn the *Roper* evidentiary hearing currently set for February 19-20, February 23-26, and March 13, 2026, and the oral argument on his Motion to Preclude Testimony of Government Experts at Roper Evidentiary Hearing or, in the Alternative, for a Daubert Hearing, ECF. No. 526, currently scheduled for February 13, 2026.

Dated: Feb. 7, 2026
        Buffalo, New York

_s/Sonya A. Zoghlin_
Sonya A. Zoghlin
Assistant Federal Public Defender

_s/MaryBeth Covert_
MaryBeth Covert
Senior Litigator

_s/Julie Brain_
Julie Brain
Attorney at Law

_s/Theresa M. Duncan_
Theresa M. Duncan
Law Office of Theresa M. Duncan LLC