UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

PAYTON GENDRON,

        Defendant.

22-CR-109-LJV
DECISION & ORDER

---

The defendant, Payton Gendron, has moved under the Jury Selection and Service Act ("JSSA") and the Sixth Amendment for access to jury records. Docket Item 515. After the government responded, Docket Item 518, and Gendron replied, Docket Item 538, the Court heard oral argument and granted in part and denied in part the motion as stated on the record, *see* Docket Item 561 (minute entry); Docket Item 563 (transcript). But the Court reserved ruling on one issue: whether the defense and its expert could gain access to certain personally identifiable information in the records for the Master Jury Wheel. *See* Docket Item 563 at 31-32.

The defense's statistical expert, Jeffrey Martin, attests that "personal information is required to evaluate whether the process used to construct the [Master Jury Wheel] for the petit jury effectively eliminated duplication, i.e., the appearance of the same individual more than once because, for example, he or she is both a registered voter and a licensed driver." Docket Item 515-1 at 2. And, Martin explains, he has reason to believe based on the information he received when analyzing the grand jury records "that the procedures used to identify duplicates . . . are insufficient to prevent duplication." *Id.* Martin also notes that "[t]he information requested is common to other

reviews of [f]ederal jury wheels that [he has] been asked to perform." *Id.* at 3.  More specifically, similar information "has been provided to [Martin] in connection with [his] work as an expert in over 20 similar challenges brought on behalf of federal criminal defendants in other federal jurisdictions." *Id.*  And, Martin assures the Court, all personally identifiable information "will be held in the strictest confidence with any additional safeguards the Court requires." *Id.*

The government objects, arguing that Gendron "is not entitled to personally identifiable information."  Docket Item 518 at 10; *see, e.g.*, *United States v. Crider*, 2021 WL 4226149, at *5 (S.D. Cal. Sept. 15, 2021) (ordering redaction of jurors' personally identifiable information); *United States v. Shader*, 472 F. Supp. 3d 1, 6 (E.D.N.Y. 2020) (same).  At oral argument, the government expressed concerns—which this Court shares—about the information "get[ting] out where it shouldn't."  *See* Docket Item 563 at 25.  The government stated, however, that it would "not have a problem" with the defense expert coming to the courthouse to view the information so long as it could not "be taken from the room." *Id.* at 26.  But the defense suggested that may not be "logistically possible" for the expert due to the size of the data set. *Id.*

Both sides make valid points, and the Court has given this issue substantial thought.  After carefully balancing all the relevant interests, the Court finds that the defense, though its expert, has shown the need for some personally identifiable information to address its concerns about the deduplication process.  That being said, the Court also weighs heavily the privacy interests of the individuals included in the data

2

set and the importance of ensuring that this information stays confidential.  With those concerns in mind, the Court grants the requests with the restrictions explained below.[1]

The defense's requests include the following personal information to the extent it is available: "Name, Address (Street Number, Street, City, State, and Zip Code), Race, Gender, Hispanic Ethnicity, Date of Birth, County, Status (voter number, voter status, voter ID information, license number, driver status, and type) and Jury Division."  Docket Item 515-1 at 6.  The Court will allow the defense attorneys and Martin to view this information **under a strict protective order with procedures to ensure that it does not go beyond the eyes of those who are authorized to see it**.  The parties shall confer and provide the Court with a proposed protective order and plan for transmitting the information to the defense's expert.[2]  The parties shall submit to the Court a proposal—ideally a joint proposal—by **April 17, 2026**.  The Court will address any disagreements at the next court appearance.

---

[1] At oral argument, the government also expressed concern about "the system grind[ing] to a halt" if this type of request is granted as a matter of course.  *See* Docket Item 563 at 30.  The Court understands that concern and makes clear that its ruling applies to this case only, and in reaching its decision, the Court has weighed heavily that this is a capital case.

[2] For example, if it is not feasible for Martin to inspect the records at the courthouse, perhaps the information could be hand-delivered on an encrypted flash drive that may not be copied and that will be returned after use—a process that might well have less risk than an electronic transfer.  But the Court leaves such details to the parties to propose in the first instance.

SO ORDERED.


Dated:   April 7, 2026
         Buffalo, New York


                              /s/ Lawrence J. Vilardo
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE