IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

22-CR-109-V

PAYTON GENDRON,

Defendant.

**GOVERNMENT'S BRIEF IN OPPOSTION TO DEFENDANT'S MOTION TO EXTEND RULE 12.2(b) DEADLINE (DKT. NO. 567)**

This Court's orders are not hollow suggestions. Yet, in the past two weeks, the defense has twice disregarded court orders establishing deadlines for long-awaited defense filings, to wit: 1) on April 3, 2026, the defense advised the government that it would not be complying with the Court's deadline for providing notice of trial witnesses, exhibits, and expert disclosures (*see* 4/3/26 Email from Zoghlin to Harvey, et al. (attached)); and 2) on April 10, 2026, the defense moved the Court via a last-second letter motion to extend its deadline for filing any Rule 12.2(b)(2) notice of intent to introduce expert mental health information in a potential penalty phase of trial from April 13, 2026, to August 18, 2026 (Dkt. No. 567). The government opposes the defense request for additional time to provide Rule 12.2(b)(2) notice, which was submitted nearly four years after the crime and on the last business day before the notice was due. In short, this Court has thrice established that a reasonable amount of time for filing Rule 12.2(b)(2) notice is approximately four months before the commencement of trial. Moreover, the defense has had more than adequate time to provide such notice, and an extension of the notice deadline at this stage would unduly prejudice the government and

Court, flouting the purpose of Rule 12.2—to provide the government ample opportunity to respond to expert mental health claims and minimize the risk of trial delay. For the reasons set forth herein and previously argued on this topic, this Court should deny the defense request.

**1. Four Months Prior To Trial Is a Reasonable and Necessary Deadline for Filing Rule 12.2(b)(2) Notice**

As the defendant recognizes in his motion, prior to establishing the initial trial date and Rule 12.2(b)(2) deadline, the Court received briefing and argument on the issue of when to schedule the Rule 12.2(b)(2) deadlines (as well as related issues). The government initially suggested that the notice should be provided at least six months prior to the start of trial. *See* Dkt. Nos. 133 (Government's Motion for a Scheduling Order) and 142 (Government's Response in Opposition to Defendant's Proposed Scheduling for Litigation Pursuant to Rule 12.2). The government fully incorporates arguments made in Dkt. Nos. 133 and 142 as if re-stated herein and emphasizes that the purpose of Rule 12.2(b)(2)'s notice provision is to give the government time to prepare its response to mental health claims, while also preventing unnecessary trial delays. *See* Fed. R. Crim. P. 12.2 advisory committee's notes ("The objective is to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony. Failure to give advance notice commonly results in the necessity for a continuance in the middle of a trial, thus unnecessarily delaying the administration of justice."). *See also LeCroy v. United States*, 739 F.3d 1297, 1305 n. 6 (11th Cir. 2014) ("Early notice and reciprocity, then, motivate the Rule 12.2 requirement [of serving both efficiency and fairness]."). What is more, the government's request that notice be

provided six months prior to trial – and the Court's directive for four-months' advance notice – are consistent with scheduling in the vast majority of federal capital cases in the past 15 years. *See* Dkt. No. 142 at 5-7 (citing cases).

This Court has set this case for trial three times, each time establishing a deadline for the defendant to file his Rule 12.2(b) notice approximately four months prior to the commencement of in-court *voir dire*. *See* Dkt. Nos. 141, 322, and 433. Most recently, on July 30, 2025, the Court set the Rule 12.2(b) deadline for April 13, 2026, and set *voir dire* to commence on August 17, 2026. *See* Dkt. No. 433. In setting that schedule over a defense objection at a July 16, 2025, status conference,[1] the Court recognized the defense position that filing a 12.2(b) notice is a "pivotal decision," but also explained "that's a lot of time between now and then" and that learned counsel was available during that interim. *See* 7/16/25 Tr. at 16. The Court further explained that accommodations for the schedule of one of the defendant's learned counsel who had another trial scheduled to commence April 21, 2026[2]: "[T]hat seems to me to be about the best time that we can do it then. She's not going to be finished with the trial for another two months, so we're not going to kick it off for that long." *Id*. at 17. In an April 22, 2025, Order, the Court also ruled that defendant's "notice must identify, at a minimum, the types of experts that have examined or will examine Gendron, as well as the types of examinations that have been or will be conducted." Dkt. No. 331 at 1.

[1] The defense requested the 12.2(b) notice deadline be in "late July 2026." *See* 7/16/25 Tr. at 14.

[2] On December 1, 2025, the district court presiding over learned counsel's other case continued the trial from April 21, 2026, to January 5, 2027. *See United States v. Evan Perkins*, Case No. 20-238, Dkt. No. 2047 (E.D. Cal. Dec. 1, 2025).

This four-month interim between Rule 12.2(b) notice and the start of trial is necessary, as it permits the government to identify needed rebuttal experts, the parties to litigate the scope of rebuttal examinations, and then the government experts to conduct their examinations and prepare reports Providing notice during this period also makes practical sense: these four months serve as the lull after most pretrial litigation has been conducted and prior to the start of jury selection, when the Court and parties will become very busy. Nonetheless, despite knowing of this April 13 notice deadline and the requirements for the Rule 12.2(b) notice for the past nine months, and despite the defense team being fully available, and despite other burdensome litigation in this case being adjourned, the defense says they are still not ready to provide Rule 12.2(b) notice.

The defendant now moves the Court to extend his deadline for providing Rule 12.2(b) notice from April 13, 2026, until August 18, 2026, the day *after voir dire* is scheduled to begin. *See* Dkt. No. 567 at 1. In support, the defendant merely renews arguments he previously made and which this Court implicitly rejected in setting the Rule 12.2(b) deadline well in advance of trial. Nothing has changed, except for the fact that the defense has had the benefit of almost an additional full year to prepare its mental health mitigation case following two continuances of trial.

Though the defense previously relied upon the *Bowers* case to support its argument that late notice is workable, and will presumably do so again,[3] the government maintains its

---

[3] Though, of course, Bowers was required to provide Rule 12.2(b) notice 60 days *before* jury selection, while the defendant now suggest filing his Rule 12.2(b) notice one day *after* jury selection has begun.

position that *Bowers* is better viewed as a cautionary tale of what not to do. *See* Dkt. No. 142 at 10 (arguing against reliance upon *Bowers*). In *Bowers*, the district court required the defendant to file his Rule 12.2(b)(2) notice 60 days before trial. *See* Dkt. 138 at 5 (citing *Bowers* schedule). The government did not gain access to the defendant for rebuttal examination until after trial had begun. *Id*. Though some of the litigation that was conducted between the time Bowers filed his Rule 12.2(b)(2) notice and the government's rebuttal examinations has already been completed in the instant case, there is still significant litigation that must follow the defendant filing his Rule 12.2(b)(2) notice here, including litigation regarding the scope, timing, location, and potential recording of government rebuttal examinations. *See* Dkt. No. 331 at 5 (stating the Court will consider remaining issues "if and when they become ripe").[4] Sixty days' notice is simply not enough, and should not be seen as enough where, as here, the defendant has been on notice multiple times that he must file his Rule 12.2(b)(2) notice four months prior to the start of trial.

Rule 12.2(d) permits the Court to exclude expert mental health evidence if the defendant fails to give notice in accordance with Ruel 12.2(b). While the government is not yet suggesting such an extreme sanction, this Court must enforce its order for Rule 12.2(b)(2) notice to be provided immediately.

---

[4] Other aspects of the *Bowers* litigation are also distinguishable. Following the government's April 2021 request for the court to set a Rule 12.2(b) deadline, the court explained that such an order was premature due to, among other reasons, delays caused by the Covid-19 pandemic. The Court also explained that should notice be required closer to trial, it would be inclined to require more-detailed notice, which may include the names and qualifications of the defense expert(s) and specific lists of tests completed. *See United States v. Bowers*, Case No. 18-292, Dkt. No. 475 (W.D. Pa. May 24, 2021). Later, when the defendant filed his Rule 12.2(b)(2) notice just 60 days prior to trial, the court did require him to also include notice of the names and qualifications of his experts. *See id.*, Dkt. No. 998.

**2. The Defendant Has Had Sufficient Time to Prepare to Provide Rule 12.2(b)(2) Notice**

The defense has had ample time to prepare to file its Rule 12.2(b)(2) notice. The defendant has been represented by multiple attorneys, who are supported by a multi-disciplinary team, that have competently and zealously advocated on his behalf since day one of this prosecution, which began almost four years ago. Prior to the government filing its Notice of Intent to Seek the Death Penalty, Dkt. No. 125, the defendant presented potential mitigation information to the prosecution during the Department of Justice's capital review process. His attorneys have clearly demonstrated their understanding of their duties to investigate and to present available mental health mitigation. Moreover, the Court and the parties have twice been on the precipice of conducting an evidentiary hearing on the issue of extending the categorical exemption from capital punishment for juveniles to persons, such as the defendant, who were 18 or older at the time of their criminal conduct.[5] Furthermore, in April 2025, when the trial in this case was originally delayed and adjourned, the defendant's initial deadline to file his Rule 12.2(b)(2) notice was just weeks away. Nonetheless, the defense now claims they are *still* not ready to provide the requisite notice. Remarkably, the defense suggests that they cannot provide Rule 12.2(b)(2) notice until the time set for the beginning of trial, and they have made no attempt to explain why the past two years, much less the past four years, has not been enough time to assess family history, have the defendant

[5] Thus, we have two times been on the cusp of hearing defense expert testimony on a topic that seems to be a likely subject of the defendant's potential mitigation case – brain development.

evaluated by mental health professionals, and advise the government of potential plans to use such expert testimony at trial.

The defendant makes little to no attempt to explain why more time is required and offers to do so only in an *ex parte* setting. This is particularly vexing, given the nature of the notice that is required. Though the government maintains more fulsome notice would best inform the process, this Court has already explained that the defendant's notice need only contain the "types of experts" who have or will examine the defendant and the "types of examinations" that have or will be done. Dkt. No. 331 at 1.

As part of his extension request, the defendant conflates the notice requirement of 12.2(b)(2) with ultimate issues of trial strategy. He is wrong. No final decision as to what mental health evidence will be presented must be decided now. If the defendant provides notice of intent to introduce expert mental health evidence, Rule 12.2 does not compel the defendant to actually introduce such evidence. Indeed, the Rule gives him multiple opportunities to withdraw such notice. *See* Fed. R. Crim. P. 12.2(c). Moreover, the Rule does not require that the defendant's experts have completed their reports or drawn definitive conclusions before providing the 12.2(b)(2) notice. Nonetheless, the defendant's filing suggests that is precisely what he insists on doing before providing his 12.2(b)(2) notice. *See*, *e.g.*, Dkt. No. 527 at 1 ("Only after each of these steps has been completed can the defense team make the critically important determination of whether to present expert mantal condition evidence in mitigation and, if so, which witnesses must be called to present it.").

Importantly, the defendant need not be in a position to make his final decision on presenting expert mental health testimony prior to providing Rule 12.2(b)(2) notice. Indeed, as the Rule contemplates, the defendant will likely not make a final decision on presenting such testimony unless and until he has been found guilty and had the opportunity to review potential government rebuttal reports. *See* Fed. R. Crim. P. 12.2(c). No more time should be needed for the defendant to provide notice of what types of experts will examine or have examined the defendant. At some point, defense counsel must give *some* notice of what their case will be, and that time according to the Court's Order is now.

**3. Further Delay is Unwarranted and Would Cause Undue Prejudice to the Government and Court**

The Court should also recognize that implicit in the defendant's request is his attempt to slow progress, delay necessary litigation, and to disrupt the trial schedule. When the parties first discussed the timing of Rule 12.2(b) notice, the defense advocated that they should not be required to provide notice until the eve of trial. *See* Dkt. No. 138 (proposing a June 23, 2025, Rule 12.2(b) notice deadline, which was only 77 days prior to the start of the then-existing 9/8/25 trial date). This Court repeatedly found this to be inadequate, yet now the defendant goes even further and asks to delay his notice until *after* the *voir dire* has begun. The government would be substantially prejudiced by the proposed extension, as any extension would unnecessarily risk further delay.

Again, the purpose of Rule 12.2(b)(2)'s notice provision is to give the government ample opportunity to prepare to respond to the defendant's potential expert mental health evidence. As the Supreme Court has recognized, the only way for the government to effectively do this is to present expert testimony of its own. *See Kansas v. Cheever*, 571 U.S. 87, 94 (2013). Under the Court's current schedule, if the defendant files a Rule 12.2(b)(2) notice and the government wishes to conduct a rebuttal examination, the government must file a motion to do so within two weeks. There is time for a response and reply, and oral argument is contemplated almost six weeks after the filing of the government's motion. *See* Dkt. No. 433. Thus, the government's expert(s) would not have access to the defendant to examine him until at least two months after the defendant files his Rule 12.2(b) notice. If the defendant is permitted to delay filing his Rule 12.2(b) notice until August 18, 2026, it is likely that the government would not have access to the defendant for examination until well after the guilt phase of trial has begun, and that would require everything to run perfectly with regard to a myriad of logistics, including the availability of experts, the defendant, defense counsel, and facilities. This is untenable.

Among other things, the availability of the defendant will be an issue, as he will need to be in court each day, and may need to be working with his attorneys on days off. The government has also made its best attempts to anticipate the nature of the defendant's potential mental health case and identify potential rebuttal experts. These experts, who are all busy professionals, have been asked three times to set aside time when the government anticipated they would be needed to conduct rebuttal examinations. The government does not know if these experts would be available to conduct examinations in the Fall of 2026 and

even if they are, they would be forced to work under unnecessarily condensed deadlines while under undue pressure to complete examinations and to write reports so as to not delay the progress of an already ongoing trial. All of this places the government at an unfair disadvantage while inconveniencing the Court by requiring it to resolve any contested issues attendant to the government expert examinations while in the midst of conducting a capital trial. Further, it risks wasting the time of already empaneled jurors.

This is not how the Rule 12.2 process is designed to work, and it should not be permitted. This Court resolved the issue two years ago when it set the initial deadline for Rule 12.2(b) notice to occur almost four months before the initial trial date—a framework the Court has twice implemented and found to be reasonable . We are now just four months away from our current trial date. There is still time to complete mental health examinations before trial commences, but the clock is ticking.

## **CONCLUSION**

In sum, the Court should not permit the defendant to relitigate scheduling issues long-ago decided, or to dictate self-imposed deadlines, and should enforce its order. Accordingly, the government respectfully requests that the Court deny the defendant's request for additional time and direct the filing of Rule 12.2(b) notice no later than April 27, 2026.

DATED: April 15, 2026
Buffalo, New York

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: *s/JOSEPH M. TRIPI*
*s/ BRETT A. HARVEY*
*s/ MAEVE E. HUGGINS*
*s/ CHARLES M. KRULY*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
Joseph.Tripi@usdoj.gov

BY: *s/MICHAEL S. WARBEL*
Trial Attorney
Criminal Division
U.S. Department of Justice
1331 F. St. NW, Ste. 623
Washington, DC 20004
(202) 514-5605
Michael.Warbel@usdoj.gov