UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.

PAYTON GENDRON,

        Defendant.

_____

22-CR-109 (LJV)

Redacted Version of ECF No. 599

**MOTION TO PRECLUDE EXPERT TESTIMONY OF ███████████**
**OR, IN THE ALTERNATIVE TO COMPEL DISCOVERY**
**PURSUANT TO FED. R. CRIM. P. 16(a)(1)(G)**

Payton Gendron, by and through his attorneys, pursuant to the Fifth, Sixth, and Eighth

Amendments to the United States Constitution and Fed. R. Crim. P. 16, respectfully submits this

Motion to Preclude Expert Testimony ██████████████████ or, in the Alternative, to

Compel Discovery Pursuant to Fed. R. Crim. P. 16(a)(1)(G). ██████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████

████████████████████████████████████

The government's expert disclosure manifestly fails to satisfy the requirements of Fed. R.

Crim. P. 16(a)(1)(G). Given its willful failure to comply with its discovery obligations and the

imminence of Payton Gendron's capital trial, the Court should exclude ███████ testimony

pursuant to Fed. R. Crim. P. 16(d)(2)(C).

**The Government's Expert Disclosure ███████ Fails to Comply With Fed. R.**
**Crim. P. 16(d)(2)(C).**

1

Rule 16 (a)(1)(G)(i) requires that, "[a]t the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief." The contents of the required disclosure are specifically and clearly stated:

> (iii) **Contents of the Disclosure**. The disclosure for each expert witness must contain:
>
> - a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
>
> - the bases and reasons for them;
>
> - the witness's qualifications, including a list of all publications authored in the previous 10 years; and
>
> - a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Rule 16 (a)(1)(G)(iii).

The current Rule reflects significant amendments that were made in December 2022, to address the shortcomings of the prior provisions identified by the Advisory Committee. *See id.* (Notes of Advisory Comm. on Rules – 2022 Amendment). "The amendment clarifies the scope . . . of the parties' obligations to disclose expert testimony they intend to present at trial. It is intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id.*

Specifically, the 2022 amendments deleted a provision that required disclosure of only "a written summary" of the expert's opinions. *See United States v. Mrabet*, 703 F. Supp. 3d 442, 444 (S.D.N.Y. 2023) (noting that as the "official commentary recognizes, the prior practice of merely providing a criminal defendant with a brief 'summary' of a prosecution expert's opinions proved to be woefully inadequate"). As set forth above, the Rule now requires that the

2

government disclose in writing, *inter alia*, "a complete statement of all opinions that the government will elicit from the witness," as well as "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii); *see also Mrabet*, 703 F. Supp. 3d at 443-443 ("detailed specificity is required as to bases for . . . opinions before a court can adequately assess their admissibility or a defendant can contest their weight and meaning before a judge or jury").

The expert's opinions themselves must be stated in full. A statement of "broadly and briefly described categories" of information that the expert "will explain" is insufficient to satisfy the Rule. *Id.* at 444; *see also United States v. Kwok*, No. 23 Cr. 118 (AT), 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (holding insufficient notices that "merely identify the general topics about which the expert will testify, rather than the expert's actual opinions," and noting that such a lack of detail was insufficient even before the 2022 amendments to Rule 16).

Additionally, a statement that the expert's testimony will be based on "his training, education, and experience, including his . . . years as a law enforcement officer" is insufficient to satisfy the requirement that the bases and reasons for the expert's opinions also be disclosed. *Mrabet*, 703 F. Supp. 3d at 444; *see also United States v. Gentile*, No. 21-CR-54 (RPK), 2024 WL 3251702, at *3 (E.D.N.Y. Jun. 20, 2024) (same). "[A] statement of an opinion's bases and reasons cannot merely be 'the ipse dixit of the expert' from experience." *Mrabet*, 703 F. Supp. 3d at 444 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Rather, the Rule requires "'some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion.'" *Id.* (quoting *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006)).

The government's disclosure ███████████ obviously falls far short of what is required in both respects. ████████████████████████████████████████



███████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████ Once again,

however, the government provides no indication of "the bases and reasons" for that opinion, or

any "explanation as to how the expert came to his conclusion and what methodologies or

evidence substantiate" █████████████████████████████████████████

█████████████████████. *Mrabet*, 703 F. Supp. 3d at 444.

Especially in light of the fact that ████████████████████████████████

██████████████████████████████████████████ Sealed

ECF No. 485, Ex. 19 at 5, the government's disclosure is woefully inadequate to allow the

defense to even begin to "prepare to cross-examine [him] and secure opposing expert testimony

if needed," Fed. R. Crim. P. 16 (Notes of Advisory Comm. on Rules – 2022 Amendment), or

even to meaningfully challenge the admissibility of the testimony under Fed. R. Evid. 702 and

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), and its progeny.

**The Appropriate Sanction for the Government's Willful Failure to Comply With its Discovery Obligations is Preclusion of █████████ Testimony at Trial.**

Especially given that this case is on the eve of trial, the appropriate sanction for the

government's failure to comply with its discovery obligations is for the Court to preclude the

government from calling ████████ a witness. Rule 16(d)(2) provides:

(2) *Failure to Comply*. If a party fails to comply with this rule, the court may:
    (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

    (B) grant a continuance;

5

(C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.

This provision "vests district courts with broad remedial discretion." *United States v. Aryeety,* 168 F. 4th 138, 142 (2d Cir. 2026). "It is well-settled that a court may in its discretion preclude expert examination pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure regarding any topics or opinions not properly disclosed." *United States v. Mahaffy,* No. 05-CR-613 (S-3) (ILG), 2007 WL 121738, at *2 (E.D.N.Y. Apr. 24, 2007) (collecting cases) (precluding testimony of defense expert because, *inter alia*, "the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the witness on these topics").

"In determining appropriate sanctions, courts consider several factors, including (1) the reasons for the government's failure to disclose, (2) the prejudice to the defendant, and (3) the feasibility of curing any prejudice by continuance or other means." *United States v. Burgos-Lopez*, No. CR-25-01394-001-PHX-SHD, 2026 WL 74487, at *3-4 (D. Ariz. Jan. 9, 2026) (excluding testimony of government's fingerprint expert based on insufficient Rule 16(a)(1)(G) disclosure due to "bureaucratic hurdles") (citing *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111-12 (9th Cir. 2002)).

The court in *Burgos-Lopez* found that the defendant was prejudiced by the government's failure because he lacked "the information necessary to determine whether a rebuttal . . . expert would be necessary or fruitful," and because "'[i]f a defendant does not have the bases for the government's opinion, there is no way the defendant's counsel can effectively cross-examine the expert.'" *Id.* at *5 (quoting *United States v. Robinson*, 44 F. Supp. 2d 1345, 1347 (N.D. Ga. 1997)). It further found that granting a continuance of the trial to allow the government to file a

legally sufficient disclosure and the defense to adequately prepare to meet the testimony of its expert would not be an effective remedy for that prejudice. *Id.* at *6. It noted that "the Court is not required to order a continuance, even when doing so would remedy the prejudice to the defendant . . . 'On occasion the district court may need to suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the defendant may not be prejudiced.'" *Id.* (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).[2]

Payton Gendron is prejudiced by the government's failure to comply with its discovery obligations in the same manner as the defendant in *Burgos*. Moreover, unlike in *Burgos*, the government's failure here was not due to "bureaucratic hurdles," or even to simple negligence. After discovering that the Rule 16(a)(1)(G) disclosure ▮▮▮▮▮▮▮▮ was insufficient, on April 21, 2026, defense counsel wrote to the government outlining the requirements of the Rule and requesting an amended disclosure containing the information required. Receiving no response, counsel followed up with an oral request and later by email, again to no avail. Finally, on June 2, the government sent to the defense a one-sentence letter declining to amend or supplement its disclosure. The government's refusal was thus entirely willful, and attributable to no extenuating circumstances whatsoever.

Additionally, preclusion is the only appropriate remedy for the government's failure given the posture of this case. Trial is scheduled to begin with individual voir dire on August 17,

---

[2] The Court also found that the remedy of a continuance would "force Burgos to choose between two equally untenable positions: On one hand, Burgos could decline a continuance and risk forfeiting his challenge to the Government's Rule 16 violation while proceeding to trial unprepared. On the other, he could request a continuance and further delay his trial, unwillingly waiving time and his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, while also prolonging his detention." *Id.* These considerations are not, of course, at issue in the instant case.

2026, exactly two months away. Those two months will be filled for the parties by the review and analysis of approximately 1,200 49-page jury questionnaires and researching and filing responses and replies to extensive motions in limine, in addition to the ordinary crushing workload of preparing for a months-long capital trial. The Court will also be reviewing jury questionnaires, as well as ruling on motions in limine, finalizing jury instructions for both guilt and penalty phases of the trial, and attending to all manner of other business in this case and others. Permitting the government to now file a Rule 16-compliant disclosure would prejudice Payton Gendron by requiring his counsel to prepare and file, and the Court to consider and rule upon, a *Daubert* challenge long after the deadline for such motions has passed and during a period in which the attentional capacity of both counsel and the Court is diminished by multiple other matters.

In the event that the Court declines to order that the testimony ▮▮▮▮▮ be precluded, undersigned counsel respectfully request that the Court order the government to file an expert disclosure that comports with all requirements of Rule 16(a)(1)(G) forthwith, and extend the time in which Payton Gendron may file a *Daubert* challenge.

Respectfully submitted,

Dated: June 17, 2026
Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Attorney at Law

8

*s/Theresa M. Duncan*
Theresa M. Duncan
Law Office of Theresa M. Duncan LLC