UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.

PAYTON GENDRON,

            Defendant.

22-CR-109 (LJV)
Redacted Version of ECF No. 600

---

## MOTION TO EXCLUDE INADMISSIBLE VICTIM IMPACT EVIDENCE

On March 31, 2025, Payton Gendron filed a Motion to Establish Procedures for

Admission of Victim Impact Evidence and to Exclude Categorically Inadmissible Testimony. *See*

ECF No. 309.[1] Following the government's Response, *see* ECF No. 350, and the defense Reply,

*see* ECF No. 372, the Court issued an Order setting forth parameters and procedures for the

admission of such evidence, *see* ECF No. 464 at 21-26. Among other things, that Order directed

that "[t]he government must provide a proposed written statement for each witness no later than

May 1, 2026." *Id.* at 23. It further stated: "As the Court explained on the record, the statements

must be thorough and complete, covering every topic about which the witness will testify; each

statement may be in the form of a victim impact statement written by the witness or a summary

written by the government." *Id.*

As to the appropriate subject matter for such testimony, the Court acknowledged that "the

category of '[v]ictims' family members' characterizations and opinions about the crime,

---

[1] In that Motion, Payton Gendron outlined the constitutional principles and evidentiary and social
science considerations that apply to the presentation of victim impact evidence at a capital
sentencing proceeding. *See id.* at 4-18, 22-35. He incorporates that discussion by reference as if
fully set forth herein to avoid repetition.

[Gendron], and the appropriate sentence' is inadmissible under *Bosse,* 580 U.S. at 2." *Id.* at 26. It further ruled as follows:

> The government offers a few other proposals limiting its ability to introduce evidence, so the Court rules on those now. The government proposes having "up to two-to-three witnesses per deceased victim"; generally limiting testimony to "the deceased victim's background and character" and "**the victim's life at or near the time of his/her death**, as well as **the harm and loss suffered by the witness and his/her loved ones** as a result of the murders"; and requiring witnesses to "refrain from directly addressing the defendant." *Id.* at 43-44. The Court will limit the government to **two witnesses per deceased victim,** with the possibility of some flexibility as explained on the record. *See* Docket Item 387 at 66. Because Gendron neither addressed nor objected to the other requests, *see generally* Docket Item 372, the Court grants them.

*Id.* (emphases added).

The government duly filed under seal its Written Summary of Proposed Testimony of Potential Penalty Phase Victim Impact Witnesses. On May 21, 2026, it supplemented its Exhibit List for trial with 22 additional Exhibits relating to its victim impact testimony. *See* Exs. 5050-59. The defense objects to and moves to exclude portions of the proposed testimony and Exhibits as set forth below. There can be no doubt that the pain and anguish suffered by the families of the deceased victims in this case is unimaginable and due the deepest and most profound respect. Were the admissibility of victim impact evidence governed by the depth of the witness's pain or the strength of their desire to honor their loved one, the Court would admit all of the government's proffered evidence and more. However, the penalty phase of a capital trial cannot be the forum for victims or their families to fully express their devastating losses or to have those losses acknowledged. The sole purpose of a capital sentencing proceeding is to allow the jury to reach a just result by scrupulously observing the constitutional requirements appropriately placed on the determination of whether a defendant should live or die. The restrictions requested herein are designed to effectuate that purpose.

## I.      Objections Common to All Witnesses

The summary of proposed testimony submitted by the government for 23 of its 24 victim impact witnesses includes a recounting of how the witness learned that his or her loved one had been killed. ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

As set forth in the defense Motion to Establish Procedures for Admission of Victim Impact Evidence, ECF No. 309 at 33-35, the Court should exclude this testimony because its probative value regarding "the harm and loss suffered by the witness and his/her loved ones as a result of the murders," ECF No. 464 at 26, "is outweighed by the danger of creating unfair prejudice, confusing the issues, [and] misleading the jury" regarding the proper basis for the capital sentencing determination, 18 U.S.C. § 3593(c).

The constitutionally permissible evidence of the witness's loss can readily and compellingly be conveyed without reference to such an exquisitely painful and traumatic aspect of the experience. Such testimony is offered precisely because of its extraordinarily heart-wrenching and emotional nature, not because it has any particular probative value. And it is a

---

█████████████████████████████████████████████████████

███████████████████████████████████████████

time-honored tactic to maximize the emotional content of the government's case for death and thereby encourage a verdict improperly based upon sympathy and outrage, rather than on evidence and reason.

A study published in a journal of the American Psychological Society investigated commonalities in the presentation of victim impact evidence by analyzing the transcripts of such testimony of 192 witnesses in over 130 capital penalty phase proceedings. *See* Bryan Myers, Narina Nunez, Benjamin Wilkowski, Andre Kehn & Katherine Dunn, *The Heterogeneity of Victim Impact Statements: A Content Analysis of Capital Trial Sentencing Penalty Phase Transcripts,* 24 Psych. Pub. Pol'y. and L. 474, 478 (2018). Upon review, the researchers were struck by the fact that they "quickly identified a tendency for witnesses to describe the experience of learning the news that the victim had been murdered. In many instances, and often in dramatic fashion, witnesses would provide detailed accounts of how they learned that the victim had died." *Id.* In the end, the researchers determined that such testimony occurred in 33.3% of all victim impact statements analyzed:

> This trauma narrative emerged with a relatively consistent pattern. In some cases, they were prompted by the prosecutor (e.g., "Tell the court how you learned of his death"), while in other instances they emerged unsolicited. In each of these cases, witnesses described how they learned about the crime, and often described their shock or behaviors that illustrated the devastation they felt at the time (e.g., "He called me at my place of employment. I dropped the phone and began to scream"). In many instances, they depicted these trauma narratives as shocking and life-altering events from which they have not recovered.

*Id.* at 481.

The study also revealed that, unlike all other aspects of victim impact statements studied, presenting jurors with testimony about how the witness learned of the victim's death was associated with sentencing outcome: "These narratives were more than twice as likely to arise in death cases than in cases leading to a life sentence." *Id.* at 484. In light of this empirical

evidence, as well as logic and common sense, this testimony should be excluded for all 23 of the witnesses from whom the government proposes to elicit it.

## II.     Evidence Relating to Roberta Drury

██   ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ the

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████ This proposed testimony contravenes the Court's Order that victim impact testimony be limited to "the deceased victim's background and character" and "the victim's life at or near the time of his/her death." ECF No. 464 at 26.

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████ Evidence of misfortune that has befallen the deceased victims or their family members that is unrelated to the crimes with which Payton Gendron is charged "risks inappropriately affecting jurors who might feel that the victim's family should be vindicated for all of its tragedies, not just for the one caused by" the

5

defendant. *Floyd v. Filson*, 949 F.3d 1128, 1148-49 (9th Cir. 2019) (declining to disturb lower court ruling that victim's mother's testimony about an incident years before the murder in which the victim and his family had been kidnapped and her daughter had been sexually assaulted "exceeded the scope of appropriate victim impact testimony and should not have been admitted"). Similarly, evidence that a victim "thrived in the face of serious learning and developmental disabilities, going on to form close relationships with his family and members of the community" is improper because of its "limited relevance to [the defendant's] impact on the victims (or on people close to and surviving them) and its potential risk of prejudice." *Id.*



Victim impact testimony must be limited to the harm and loss that is attributable to the capital crimes that a defendant committed.

As noted above, the Court has already acknowledged that binding Supreme Court precedent precludes the government from presenting "[v]ictims' family members' characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF No. 464 at 26. ████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

████████████████████████████████ Such evidence speaks to the impact of the victim's death on the wider community. It encourages the jury to impose a sentence of death because the victim was well thought of by a large number of people and must therefore have been an especially good person. *See* Amy K. Phillips, Note, *Thou Shalt Not Kill Any Nice People: The Problem of Victim Impact Statements in Capital Sentencing*, 35 Am. Crim. L. Rev. 93, 106 (1997) (noting that victim impact statement in *Booth* "indicated that the victims' funeral 'was the largest in the history of the Levinson Funeral Home' and that the family received 'over one thousand sympathy cards,'" testimony that "paints a picture for the jurors of . . . victims holding a prominent place in the community" and "invite[s] jurors to deem it a greater crime to kill" such a person).

### B.      Exhibit 5051-1

█████████████████████████████████████████████████████████████████. In addition to violating the Court's ruling that victim impact evidence is to focus on "the victim's life at or near the time of his/her death," ECF No. 464 at 26, this Exhibit is inconsistent with case law that rejects the use of photographs or other depictions of adult victims across their entire lifespan. *See, e.g., United States v. Bowers,* No. 18-292, 2023 WL 397375, at * 7 (W.D. Pa. Jun. 13, 2023) ("the Government is cautioned that the introduction of unnecessarily duplicative or numerous photographs spanning the victims' entire lives . . . has been disapproved of by courts interpreting *Payne*, and the Court is inclined to generally agree with those courts") (citing *United States v. Sampson,* 335 F. Supp. 2d 166, 191 (D. Mass. 2004) (quoting *United States v. McVeigh*, 153 F. 3d 1166, 1221 n. 47 (10th Cir. 1998), which noted that district court in that case "'prohibited introduction of wedding photographs and home videos'") and *id.* (quoting *Salazar v. State*, 118 S.W.3d 880, 884 (Tex. App. 2003), which condemned the introduction of infant and childhood photographs of adult victim as suggesting that the defendant "'murdered this angelic infant,'" "'killed this laughing, light-hearted child,'" and "'snuffed out the life of a first-grade soccer player'").

█████████████████████████████████████████████ depict neither "'the life which [Payton Gendron] chose to extinguish'" nor the "'loss to those close to the victims'" that he caused, *Bowers,* 2023 WL 397375, at * 3 (quoting *Payne v. Tennessee*, 501 U.S. 808, 822 (1991)) and the jury should therefore not be permitted to consider such evidence in determining whether he should be executed.

■    ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓  This testimony contravenes the Court's Order that victim impact testimony be limited to "the deceased victim's background and character" and "the victim's life at or near the time of his/her death." ECF No. 464 at 26.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████

As noted above, the Court has already acknowledged that binding Supreme Court precedent precludes the government from presenting "[v]ictims' family members' characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF No. 464 at 26. ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

### III.    Evidence Relating to Celestine Chaney

██    ████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████    This testimony should be excluded. *See* Section II.A., *supra.*[4]

As noted above, the Court has already acknowledged that binding Supreme Court precedent precludes the government from presenting "[v]ictims' family members' characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF No. 464 at 26. The Court should therefore preclude proposed testimony ████████ that falls into that category. *See* Written Summary at 11 ████████████████████████████████████

████████████████████████████████████████

██    ████████

---

[4] The introduction of this testimony also contradicts the government's previous concession that it would not proceed on the infirmity prong of the vulnerable victim factor. *See* ECF No. 197 at 2 (noting that as a result of this concession the defense withdrew its request for an Informational Outline on this aggravator).

███████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ This testimony should be excluded. *See* Section II.A., *supra.*

As noted above, the Court has already acknowledged that binding Supreme Court precedent precludes the government from presenting "[v]ictims' family members' characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF No. 464 at 26. The Court should therefore preclude proposed testimony ███████ that falls into that category. *See* Written Summary at 13 ███████████████████

█████████████████████████████████████████████████

█████████████████████████████████ ).

Additionally, the Court should exclude testimony ███████ that is speculative. *See* Written Summary at 12 ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

Speculative victim impact testimony adds the weight of unknown (and unknowable) events to the factors favoring death. In *People v. Carrington*, 211 P.3d 617, 658 (Cal. 2009), the victim's husband testified that her mother had died earlier in the year and added, "'I think the loss of her daughter took its toll.'" The trial court immediately instructed the witness that such speculation about the effect of the victim's death on her mother's health was inappropriate, a response that the California Supreme Court expressly approved. *Id. See also State v. Koskovich*, 776 A.2d 144, 216 (N.J. 2001) (Stein, J., concurring in part and dissenting in part) (noting that statement by victim's mother that as a result of victim's death her husband gave up his business and returned to employment requiring him to make a long drive to work on major highways, thus putting him at risk of road accidents, was "speculation that lies well beyond the appropriate boundaries of victim impact statements"). Accordingly, the Court should preclude the government from eliciting this testimony.

## IV.   Evidence Relating to Andre Mackniel

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ As noted above, the Court has previously ruled that it "will limit the government to two witnesses per deceased victim." ECF No. 464 at 26. The Court did allow for "the possibility of some flexibility" in that number; however, the government has offered no basis upon which the Court should deviate from its previous ruling. ███

███████████████████████████████████████████████████████████████████████

███████████



██ ████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████ This testimony should be excluded. *See* Section II.A., *supra.*

Additionally, for the reasons stated in Section III.B., *supra*, the Court should exclude testimony ██████████████ that is speculative. *See* Written Summary at 15 ████

████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████.

As noted above, the Court has already acknowledged that binding Supreme Court precedent precludes the government from presenting "[v]ictims' family members' characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF No. 464 at 26. The Court should therefore preclude proposed testimony ██████████████ that falls into that category. *See* Written Summary at 17 ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ ).

Finally, the Court should exclude testimony ██████████████████████ as evidence of impact on the wider community that invites an improper comparative worth analysis. ██

14

Section II.A., *supra*; Written Summary at 17 ███████████████████████████

████████████████████████████████████████████████████████████

███████

        █    ██████████

        ██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████    Testimony regarding events that took place after the capital crimes were

committed, and were unforeseeable to Payton Gendron, should be excluded as irrelevant to jury's

sentencing determination.    ██████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████

        ████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██     ████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████ This testimony should therefore be

excluded on this ground in addition to the grounds set forth in Section I, *supra.*

As noted above, the Court has already acknowledged that binding Supreme Court

precedent precludes the government from presenting "[v]ictims' family members'

characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF

No. 464 at 26. The Court should therefore preclude proposed testimony ████████ that falls

into that category. *See* Written Summary at 24 ██████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████ Additional details ████████

████████████ that the government has included in the summary of ██ testimony should be

excluded as unrelated to the capital crimes and unforeseeable to Payton Gendron, and thus

irrelevant to the jury's sentencing determination. *See id.* at 24 ██████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████



This testimony should be excluded. *See* Section II.A., *supra.*

## V.    Evidence Relating to Katherine "Kat" Massey

---

[5] *See also*, n. 4, *supra.*



The Supreme Court emphasized in *Payne* that permissible victim impact evidence must not suggest to jurors that "defendants whose victims were assets to the community are more deserving of punishment than those whose victims are perceived to be less worthy." *Payne*, 501

U.S. at 823. "[C]omparative judgments of this kind— for instance, that the killer of a hardworking, devoted parent deserves the death penalty, but that the murderer of a reprobate does not," *id.*, invite arbitrary and invidious sentencing decisions, in violation of the Eighth Amendment. *Booth*, 482 U.S. at 506 n.8 (citing *Furman v. Georgia*, 408 U.S. 238, 242 (1972) (Douglas, J., concurring)).

Courts since *Payne* was decided have not wavered in their commitment to this principle. *See, e.g., Humphries v. Ozmint*, 397 F.3d 206, 219 (4th Cir. 2005) (recognizing that "the *Payne* Court disapproved of comparisons between the victim and other victims of society"); *id.* at 225 n.8 (noting that a "victim-to-victim comparison is . . . pernicious because, not only does it invite a commentary on collateral evidence not properly before the jury (the worthiness of other members (victims) of society), it does not counteract the defendant's mitigating evidence"); *United States v. Fields*, 516 F.3d 923, 947 (10th Cir. 2008) (finding no precedent approving evidence of impact of victim's death on wider community and declining to expand *Payne* to encompass same as it would be "a radical change in perspective: replacing a close-in focus on persons closely or immediately connected to the victim with a wide view encompassing generalized notions of social value and loss") *See also United States v. Fell*, No. 5:01-cr-00012-GWC, 2017 WL 10809983, at *10 (D. Vt. Jan 20, 2017) (victim impact evidence "is not admissible to prove that one victim matters more than another"); *Mosley v. State*, 983 S.W.2d 249, 262 (Tex. Crim. App. 1998) (limiting victim impact evidence "[w]hen the focus of the evidence shifts from humanizing the victim and illustrating the harm caused by the defendant to measuring the worth of the victim compared to other members of society, then the State exceeds the bounds of permissible testimony"); *Livingston v. State*, 444 S.E. 2d 748, 751 (Ga. 1994) (noting that it would be constitutionally impermissible for a jury to base its death penalty

19

recommendation on the victim's social status); *State v. Koskovich*, 776 A.2d 144, 182 ("comparing convicted murderers with their victims is inherently prejudicial because defendants in that setting invariably will appear more reprehensible in the eyes of jurors"). *See also* Wayne A. Logan, *Through the Past Darkly: A Survey of the Uses and Abuses of Victim Impact Evidence in Capital Trials*, 41 Ariz. L. Rev. 143, 157-58 (1999) ("victim 'characteristics' evidence carries the even greater threat that capital jurors, privy to a stream of witnesses extolling the virtues of the victim, will be tempted to weigh the relative worth of the victim against the defendant they have just found guilty of murder"); Phillips, *supra*, at 105 ("victim impact evidence invites the jury to evaluate the victim's characteristics, such as wealth, class, and family characteristics, and to value the victim's worth accordingly").

Similarly, the FDPA authorizes evidence about "the injury and loss suffered by the victim and the victim's family," not to society or the broader community. 18 U.S.C. § 3953(a). ███

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████

As noted above, the Court has already acknowledged that binding Supreme Court precedent precludes the government from presenting "[v]ictims' family members' characterizations and opinions about the crime, [Gendron], and the appropriate sentence." ECF No. 464 at 26. The Court should therefore preclude proposed testimony ███████████████ that falls into that category. *See* Written Summary at 27 ████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████

The Court should also preclude any reference to the adverse impact of court proceedings that have or will take place in this case as an impermissible burden on Payton Gendron's constitutional right to trial. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

███   █████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

21



## VI.  Evidence Relating to Margus Morrison

As noted above, the Court has previously ruled that it "will limit the government to two witnesses per deceased victim." ECF No. 464 at 26. The Court did allow for "the possibility of some flexibility" in that number; however, the government has offered no basis upon which the Court should deviate from its previous ruling.



This testimony should be excluded as it concerns a hardship that is unrelated to the loss of Mr. Morrison. *See* Section II.A., *supra*.

24

███████████████████████████████████████████████████████████████████

This testimony is unrelated to impact of the capital offenses committed by Payton Gendron and should therefore be excluded. *See* Section II.A., *supra*.

████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

---

██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████

██████████████████████████ This testimony is significantly attenuated from the immediate impact of the loss of Mr. Morrison on his family and describes unforeseeable consequences of the capital crimes; it should therefore be excluded from consideration as part of the jury's sentencing determination.

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████ This testimony should be excluded.

██    ████████████

████████████████████████████████████████████

██████████████████████████████████████



this testimony should be excluded as too attenuated and outside of the permissible scope of "the harm and loss suffered by the witness and his/her loved ones as a result of the murders." ECF No. 464 at 26. Additionally,

is speculative and should be excluded on that ground also.

### D.    Exhibits 5058-1

The Exhibits should therefore be excluded.

## VII.    Evidence Relating to Heyward Patterson



Such testimony is unfairly prejudicial because it invites the jury to treat the sentencing determination as a referendum on the evils of racism and its historic and pervasive role in our society, and to sentence Payton Gendron to death to express their condemnation of such beliefs rather than on an individualized determination based on evidence and reason as required by the Constitution.

███████████████ The testimony is also a characterization of the crime and the defendant that the Court has ruled precluded by binding Supreme Court precedent. *See* ECF No. 464 at 26.

████████████████████████████████████ is significantly attenuated from the immediate impact of the loss of Mr. Morrison on his family and describes unforeseeable consequences of the capital crimes; it should therefore be excluded from consideration as part of the jury's sentencing determination. *See* Written Summary at 50 ████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████

### VIII.    Evidence Relating to Aaron Salter, Jr.

████████████████████████████████████████

████████████████████████████████ As noted above, the Court has previously ruled that it "will limit the government to two witnesses per deceased victim." ECF No. 464 at 26. The Court did allow for "the possibility of some flexibility" in that number; however, the government has offered no basis upon which the Court should deviate from its previous ruling. ██

████████████████████████████████████████

██████████

██    ████████

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████





████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

This proposed testimony contravenes the Court's Order that victim impact testimony be limited to "the victim's life at or near the time of his/her death," ECF No. 464 at 26, and constitutes far more than the "quick glimpse of the life" of the victim and their personal characteristics that the Constitution permits. *See Payne*, 501 U.S. at 826; *see also Jones v. United States*, 527 U.S. 373, 399 (1999) (noting that victim impact testimony is intended to convey the "aspects of the victim[s'] character and personality that [their] family would miss the most"). The government should be directed to prepare and submit proposed testimony ████████ that is appropriately limited.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



This testimony should be excluded.



the Court should exclude this portion of the testimony of ▮▮▮▮▮ which concerns events which are, at best, attenuated from the harm caused by the capital crimes and will likely be difficult if not impossible to fairly attribute to them.

This testimony is speculative and falls outside of the permissible scope of "the harm and loss suffered by the witness and his/her loved ones as a result of the murders." ECF No. 464 at 26. *Cf. United States v. Fields*, 516 F.3d 923, 947 (10th Cir. 2008) (holding inadmissible victim impact evidence of

"the loss of [a victim's] contribution to an office, unit, or team" as "impersonal utilitarian considerations" that are "very far afield from the personal loss" approved in *Payne*).

The Court should exclude testimony ██████████████████████████████ as evidence of impact on the wider community, ██████████████████████████, that invites an improper comparative worth analysis. *See* Section II.A., *supra*; Written Summary at 56-57

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

The Court should also preclude any reference to the adverse impact of court proceedings that have or will take place in this case as an impermissible burden on Payton Gendron's constitutional right to trial. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████ The jurors will hear extensive testimony regarding the events of that day and must be permitted to

decide for themselves how to understand them, free from the prejudicial characterizations of others who did not observe them. Such characterizations are impermissible comment on the crime and further invite an improper comparative worth assessment. *See* Section II.A., *supra*.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

██  ████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████ This testimony should be excluded as the

opinions of others ████████████████████████████████████████████████████

████ invites an improper comparative worth analysis. *See Fields*, 516 F.3d at 947.

████████████████████████████████████████████████████

██████████████████████████████████ This proposed testimony contravenes the Court's Order that victim impact testimony be limited to "the victim's life at or near the time of his/her death," ECF No. 464 at 26, and constitutes far more than the "quick glimpse of the life" of the victim and their personal characteristics that the Constitution permits. *See Payne*, 501 U.S. at 826; *see also Jones*, 527 U.S. at 399 (noting that victim impact testimony is intended to

convey the "aspects of the victim[s'] character and personality that [their] family would miss the most").



The Court should accordingly exclude it. The Court should also exclude ████████ testimony regarding ██ ████████ as evidence of impact on the wider community, ████████████ ████████ that invites an improper comparative worth analysis. *See* Section II.A., *supra*; Written Summary at 56-57 ████████████████████████████████████

The Court should further exclude testimony ████████ that concerns events in the future and is speculative, *see* Section III.B., *supra*. *See* Written Summary at 62-63 ████████

### D.    Exhibits 5055-1, 5055-2, 5052

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████ The

Court expressly ordered the government to provide "statements [that are] thorough and complete,

covering every topic about which the witness will testify." *Id.* This Exhibit should therefore be

excluded.

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████ This Exhibit is not specifically discussed on ███████████

witness summaries. It is also an expression ████████████████████████████████

██████████████████████████████ that is outside the permissible scope of "the harm and

loss suffered by the witness and his/her loved ones as a result of the murders," ECF No. 464 at

26, and invites an improper comparative worth analysis. *See* Section II.A., *supra.* This Exhibit

should therefore be excluded.

██████████████████████████████████████████████████

████████████████████████████ The probative value of this Exhibit with respect to the

constitutionally permissible presentation of "the victim's life at or near the time of his/her death, as well as the harm and loss suffered by the witness and his/her loved ones as a result of the murders," ECF No. 464 at 26, is nowhere described in the government's summaries ███████ ████████ it proposes to call to present victim impact testimony regarding Mr. Salter. The Court expressly ordered the government to provide "statements [that are] thorough and complete, covering every topic about which the witness will testify." *Id.* This Exhibit should therefore be excluded.

### IX.    Evidence Relating to Geraldine Talley

██    █████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████ Even implicit references to race should be excluded pursuant to 18 U.S.C. § 3593(f), which prohibits the jury from considering the race of the defendant or any victim in a capital case for any purpose. The inclusion of this testimony is unfairly prejudicial because it injects the issue of race into the proceeding in an improper manner and invites the jury to treat the sentencing decision as a referendum on the evils of racism and its historic and pervasive role in our society, and to sentence Payton Gendron to death to express their condemnation of such beliefs rather than on an individualized determination based on evidence and reason as required by the Constitution.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████ No further

information ███████████ is supplied, in contravention of the Court's Order that the

government provide "statements [that are] thorough and complete, covering every topic about

which the witness will testify." *Id.* This testimony is unnecessarily poignant and prejudicial and

should be excluded for the same reasons as testimony regarding the circumstances under which

witnesses learned of the death of their loved one. *See* Section II.A., *supra.* ███████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████ Such circumstances are neither

foreseeable nor fairly attributable to the capital crimes for which Payton Gendron is to be

sentenced by the jury.

## X.      Evidence Relating to Ruth Whitfield

█      ████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████



References to race should be excluded pursuant to 18 U.S.C. § 3593(f), which prohibits the jury from considering the race of the defendant or any victim in a capital case for any purpose. The inclusion of this testimony is unfairly prejudicial because it injects the issue of race into the proceeding in an improper manner and invites the jury to treat the sentencing decision as a referendum on the evils of racism and its historic and pervasive role in our society, and to sentence Payton Gendron to death to express their condemnation of such beliefs rather than on an individualized determination based on evidence and reason as required by the Constitution.

This testimony should be excluded. *See* Section II.A., *supra.*

40

41



42



## XI.    Evidence Relating to Pearl Young

As noted above, the Court has previously ruled that it "will limit the government to two witnesses per deceased victim." ECF No. 464 at 26. The Court did allow for "the possibility of some flexibility" in that number; however, the government

has offered no basis upon which the Court should deviate from its previous ruling. ▮



This testimony should be excluded.

44

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ No further

information ███████████ is supplied, in contravention of the Court's Order that the

government provide "statements [that are] thorough and complete, covering every topic about

which the witness will testify." ECF No. 464 at 26. Such testimony is unnecessarily poignant and

emotional and should be excluded for the same reasons as testimony regarding the circumstances

under which witnesses learned of the death of their loved one. *See* Section II.A., *supra.*

██████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████ It, too, should therefore be excluded.

███   ███████████



This testimony should be excluded as it invites an improper comparative worth assessment.



Certainly, victim impact witnesses are permitted to describe their loved one's generous spirit, particular fondness for children, or other such general characteristic that was endearing to them. However, when such testimony crosses over into lengthy and detailed descriptions of the victim's good deeds and the appreciation of them expressed by the wider community, it becomes an invitation to the jury to

engage in an improper comparative worth assessment and should be excluded. *See* Section II.A.,

*supra*.

### D.    Exhibit 5050-1



highlights Ms. Young's value to the wider community, as opposed to "the harm and loss suffered by the witness and his/her loved ones as a result of the murders," ECF No. 464 at 26, and improperly invites a comparative worth assessment. The Exhibit should therefore be excluded.

Dated: June 17, 2026
Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Attorney at Law

*s/Theresa M. Duncan*

Theresa M. Duncan
Law Office of Theresa M. Duncan LLC