IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                                    22-CR-109-V

PAYTON GENDRON,

                      Defendant.

_____

## ORDER TO PRODUCE RECORDS

On July 28, 2022, the defendant, Payton Gendron ("Gendron"), moved for a protective order prohibiting the government from accessing his pretrial detention records. *See* Docket Item 15. The government opposed the motion, *see* Docket Item 92, but agreed not to seek to obtain Gendron's pretrial detention records while the motion was pending, Docket Item 53 at 6-7. Gendron filed a reply, *see* Docket Item 20, and the government filed a sur-reply, *see* Docket Item 23.

The Court heard oral argument on February 2, 2024, and allowed the parties to file additional briefs to address whether the government needed to demonstrate some level of relevance before accessing the records.  *See* Docket Item 135.  The government filed a supplemental memorandum, s*ee* Docket Item 140; Gendron responded, *see* Docket Item 144; and the government replied, *see* Docket Item 146.

On August 30, 2024, the government moved for disclosure of Gendron's pretrial detention records from the ERIE COUNTY HOLDING CENTER and the LIVINGSTON COUNTY JAIL.  *See* Docket Item 208.  Gendron filed a response to the motion, s*ee* Docket Item 220, and the government filed a reply.  *See* Docket Item 227.

On January 24, 2025, the Court issued a Decision and Order granting the government's motion for disclosure of pretrial detention records in part and denying it in part. *See* Docket Item 266. The Decision and Order directed, in pertinent part, that LIVINGSTON COUNTY JAIL produce to Gendron's defense counsel the following records: (1) Gendron's recorded non-legal communications, including telephone calls, texts, and audio/video calls; (2) logs of those who visited Gendron, excluding legal and expert visits; (3) records, other documents kept in the regular course of business, and notes of observations of or interactions with Gendron, including, but not limited to, booking and intake records, reports relating to Gendron's daily activities, disciplinary records, and any voluntary statements Gendron made; (4) Gendron's commissary transactions; and (5) non-legal correspondence between Gendron and others. *See id.* at 30-31. The Decision and Order further directed LIVINGSTON COUNTY JAIL to continue to disclose these five categories of records to defense counsel. *See id.*

On June 22, 2026, Gendron filed a notice under FED. R. CRIM. P. 12.2 stating his intent to introduce expert mental health evidence at the potential capital sentencing hearing in this case. *See* Docket Item 609. On July 2, 2026, the government filed a motion to conduct mental health examinations of Gendron. *See* Docket Item 621. Gendron filed a response, *see* Docket Item 625; the government filed a reply, *see* Docket Item 633; and Gendron filed a sur-reply. *See* Docket Item 645.

On July 30, 2026, during oral argument on the government's motion to conduct mental health examinations of Gendron, the Court ordered that LIVINGSTON COUNTY JAIL disclose to defense counsel all medical, mental health, and observational records relating to Gendron.

2

**WHEREAS**, under the Court's Order, the LIVINGSTON COUNTY JAIL shall produce all medical, mental health, and observational records relating to Gendron to defense counsel,

**NOW**, it is hereby

**ORDERED** that LIVINGSTON COUNTY JAIL personnel shall produce all medical, mental health, and observational records relating to Gendron to Gendron's defense counsel (at the Federal Public Defender's Office, 28 E. Main Street, Suite 400, Rochester, New York 14614) no later than **August 17, 2026**.[1]

**IT IS FURTHER ORDERED** that LIVINGSTON COUNTY JAIL personnel shall produce updated medical, mental health, and observational records relating to Gendron to Gendron's defense counsel by **September 15, 2026**, and **October 15, 2026**.

**The government shall provide a copy of this order to LIVINGSTON COUNTY JAIL and, as needed, may remind LIVINGSTON COUNTY JAIL of these deadlines.**

SO ORDERED.

DATED:  Buffalo, New York, July 31, 2026.

_____
LAWRENCE J. VILARDO
United States District Judge
Western District of New York

---

1 This Order does not modify the Court's Decision and Order, dated January 24, 2025, which requires LIVINGSTON COUNTY JAIL to continue to disclose to defense counsel the five categories of records referenced above.  *See* Docket Item 266.  That Decision and Order remains in full force and effect.