UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

     v.                                      22-CR-109 (LJV)

PAYTON GENDRON,

             Defendant.

_____

### REPLY TO GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR TWELVE ADDITIONAL PEREMPTORY CHALLENGES

Defendant Payton Gendron, by and through the undersigned counsel, respectfully submits this Reply to the government's Brief in Opposition to Defendant's Motion for Twelve Additional Peremptory Challenges (ECF No. 636).  For the reasons stated in the Motion (ECF No. 644 (sealed)) and herein, the Court should exercise its discretion to allow Payton Gendron twelve additional peremptory challenges given the pervasive and prejudicial publicity in this case.

### DISCUSSION

The government asserts that Payton Gendron's request for additional peremptory strikes is "contrary to the law," but fails to identify any controlling law barring the relief he seeks.  ECF No. 644 at 1-2.  Indeed, as it acknowledges later in its response, the Second Circuit has not decided this issue and other courts are split.  *Id*. at 4, 8 n. 2.

Many of the cases the government cites decided issues different from the one Payton raises here: whether additional peremptory strikes are necessary to protect his constitutional rights and ensure a fair and impartial jury given the pervasive and one-sidedly prejudicial pretrial publicity in this case.  For example, in *New England Enterprises, Inc. v. United States*, 400 F.2d 58 (1st Cir. 1968), the question was whether the court erred in allowing both sides to exercise

unlimited peremptory challenges given Rule 24's language establishing set numbers of challenges per side.  The issue arose from confusion caused by misunderstandings between an out-of-district judge sitting by special assignment and local counsel regarding the procedure the parties should follow when exercising peremptory challenges.  *Id*. at 66 ("The district judge, sitting by special assignment, was not acquainted with local custom, and counsel were equally unfamiliar with the routines the court was attempting to follow.").  Because the case involved multiple defendants, the court initially allowed the government 6 challenges, a corporate defendant 6 challenges, and the remaining defendants 6 challenges "as a group." *Id*. Due to ongoing confusion regarding the process, the court applied these limits only to those jurors seated in the jury box when a party began exercising its challenges, which meant the number of challenges available to each party renewed several times as the composition of the jury box changed due to other parties' exercise of challenges.  Ultimately, the government exercised 12 challenges, the corporate defendant exercised 21, and the remaining defendants the 6 they had originally been allotted.  *Id*. at 67.  The remaining defendants appealed their subsequent convictions, arguing the trial court had violated Rule 24. The First Circuit Court of Appeals agreed but held the defendants had waived the issue by not objecting to the procedure before the trial court. *Id*. at 68-69.

In *United States v. Saipov*, the defense argued that the court should allow it 12 additional peremptory challenges to "rectify" the inconsistency between the ratio of challenges for non-capital and capital cases given capital defendants are normally "afforded greater procedural protections than non-capital defendants." Defense Letter to the Court, *United States v. Saipov*, S1 17-CR-722 (VSB), ECF. No. 237 at 5-6 (Feb. 10, 2020).  It did not argue, as Payton Gendron does here, that the additional peremptory challenges were necessary to remedy the unfair impact

of prejudicial pretrial publicity on his right to a fair and impartial jury.[1]  The court denied the request given the lack of authority showing the inconsistency in the rule "was a mistake or an oversight, and *Saipov has not provided a persuasive reason under the facts presented by his case to revisit this decision.*"  *United States v. Saipov*, No. S1 17-CR-722 (VSB), 2020 WL 958527, at *2 (S.D.N.Y. Feb. 27, 2010) (emphasis added); *see also United States v. Williams*, No. 4:08-cr-00070, 2013 WL 1563708, at * 2 (M.D. Pa. Apr. 12, 2013) (denying similar motion and noting the defendant "does not contend that additional peremptory challenges are necessary because of extensive pretrial publicity or for another just reason").  In contrast, Payton Gendron has provided ample case-specific reasons additional defense peremptory challenges are necessary.

In *United States v. Tsarnaev*, the defense did argue that extra peremptory challenges were necessary to remedy extensive pretrial publicity.  Opinion and Order, No. 1:13-cr-10200-GAO, ECF No. 799 (Dec. 23, 2014).  The court denied that request relying on *United States v. Guillion*, 575 F.2d 26, 29 (1st Cir. 1978), in which the First Circuit held that the trial court did not err in denying a defendant's request for additional peremptory challenges.  However, holding that a trial court did not err in denying such a request is not the same as holding a trial court lacked discretion to grant it.  Moreover, this Court should be hesitant to follow the *Tsarnaev* court on any issues related to jury selection as its rushed and unfair jury selection procedures have resulted in substantial post-trial litigation, including a 2024 First Circuit decision finding inadequate its investigation into a credible claim of jury misconduct discovered prior to the

---

[1] The government describes the defense motion in *Saipov* as "strikingly similar" to the one raised here.  ECF 644 at 4.  This is not accurate.  The only similarity between the two is the relief requested.  The grounds for the motions are very different.  Although Payton Gendron noted Rule 24's inconsistency in his motion, he did not ask the Court to grant it on that ground.  His request is based on the overwhelmingly prejudicial pretrial publicity his case has engendered.

parties' exercise of peremptory challenges. *See United States v. Tsarnaev*, 96 F. 4th 441, 449-465 (1st Cir. 2024).

As Payton Gendron discusses at length in his motion and the government acknowledges in a footnote, many courts have recognized their authority to grant a defendant additional peremptory challenges where necessary to ensure a fair and impartial trial. ECF No. 636 at 6-8, ECF No. 644 at 8 n.2. The government argues that some of these cases "merit no weight because the courts ultimately denied the defense requests." ECF 644 at 8 n. 2. This argument confuses authority with application. These courts explicitly found they had the discretion to grant the request but that the specific facts of those cases did not warrant the relief sought. *See, e.g., United States v. Williams*, No. CR 06-00079 JMS-KSC, 2014 WL 712598, at *4-*5 (D. Haw. Feb. 21, 2014) (recognizing the court's discretion to "permit a defendant in excess of twenty peremptory challenges," but denying request because the "case generated little pretrial publicity and it has not been an issue of concern after fourteen days of jury selection"); *United States v. Esquivel*, 755 F. Supp. 434, 438 (D.D.C. 1990) (same). The pretrial publicity in the present case is exponentially more extensive and pervasive than that at issue in *Williams* or *Esquivel*.

Inexplicably, the government also accuses the defense of mischaracterizing *United States v. McCollum* as a single-defendant case. ECF No. 644 at 8 n.2. It is the government that commits this offense. While *McCollum* started out as a multi-defendant case, at the time of the court's decision, the defendant faced trial alone. No. 86 CR 410, 1987 WL 15387 (N.D. Ill. Mar. 5, 1987). The peremptory challenge discussion makes that clear:

> Defendant at first sought an additional ten peremptory challenges, to which the government objected. It contended that in *a one defendant trial* ten peremptory challenges are all the law provides, unless the parties stipulate to more. Defendant now moves for a change of venue while, apparently, still seeking additional challenges.

*Id*. at 7. As with *Williams* and *Esquibel*, the *McCollom* court recognized its "inherent authority despite Rule 24 to increase [the number of peremptory challenges] if it concludes that to be a proper means of ensuring a fair trial." *Id*. at 8, citing *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966). However, it provisionally denied the defendant's motion for additional challenges because it found the pretrial publicity at issue did not require it.

Because the pretrial publicity in this case has negatively impacted Payton Gendron alone, this Court should allow him twelve additional peremptory challenges and deny the government's alternative request for a commensurate number. The government offers no case-specific basis for this request, nor does it (nor can it) rebut the ample evidence that the pretrial publicity negatively impacts Payton alone. Increasing the number of peremptory challenges for both sides would not correct this imbalance and the fact that Rule 24 provides an equal number of challenges in the average case does not require it. The government is not entitled to the remedy for a harm it does not suffer. And because granting the government a commensurate number of challenges would further prejudice Payton Gendron, should the Court consider this, the defense would respectfully withdraw its request.

Dated: July 31, 2026
Buffalo, New York

*s/Sonya A. Zoghlin*
Sonya A. Zoghlin
Assistant Federal Public Defender

*s/MaryBeth Covert*
MaryBeth Covert
Senior Litigator

*s/Julie Brain*
Julie Brain
Attorney at Law

*s/Theresa M. Duncan*
Theresa M. Duncan
Law Office of Theresa M. Duncan LLC