UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                        22-CR-109-LJV

PAYTON GENDRON,

Defendant.

_____

**SPEEDY TRIAL ORDER**
(August 17, 2026, through October 13, 2026)

On July 30, 2026, the parties appeared before the Court for oral argument.   On behalf of the government, Assistant United States Attorneys Brett A. Harvey, Craig R. Gestring, Maeve E. Huggins, Charles M. Kruly, and Pierre Richard Antoine appeared in person, and Department of Justice Capital Case Section Trial Attorney Michael S. Warbel appeared by phone.   The defendant, Payton Gendron, appeared with counsel, Assistant Federal Public Defenders Sonya A. Zoghlin and MaryBeth Covert and attorneys Julie C. Brain and Theresa Duncan.

After hearing argument from the parties, the Court ruled on some aspects of the government's motion to conduct mental health examinations of Gendron.   *See* Docket Item 621.   The Court also adjourned in-person voir dire from August 17, 2026, to October 13, 2026.  *See* Docket Item 649.

On the government's motion, and without objection from defense counsel, the Court excluded speedy trial time from and including August 17, 2026, through and including October 13, 2026, as being in the interest of justice and not contrary to the

interests of the public and of Gendron in a speedy trial under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).   Additionally, the government's interlocutory appeal remains pending before the Second Circuit, and the parties' in limine and other pre-trial motions remain pending, thereby automatically excluding the time from the Speedy Trial Act under Title 18, United States Code, Sections 3161(h)(1)(C) and 3161(h)(1)(D).   See Docket Items 597, 598, 599, 600, 601, 632, 634, 635, 636, 638, 639, 644, and 647.

Specifically, and for the reasons set forth above, as well as those stated on the record on July 30, 2026, the Court determines that Gendron's and the public's interests in a speedy trial are outweighed by Gendron's interest in having adequate time to prepare for trial and litigate various motions in limine and other pre-trial motions; to effectively prepare for trial; and to allow for the resolution of the pending interlocutory appeal.   Additionally, providing Gendron, who faces the death penalty, with effective assistance of counsel outweighs the public's interest in a speedy trial.   Furthermore, Gendron's interest in his defense counsel having sufficient time to continue preparing for trial and his interest in securing the effective assistance of counsel outweigh his interest in a speedy trial.

**NOW**, it is hereby

**ORDERED**, for the reasons set forth above, that the time from and including August 17, 2026, to and including October 13, 2026, is properly excluded from the time within which trial must commence in accordance with the Speedy Trial Act under Title 18, United States Code, Sections 3161(h)(1)(C), (h)(1)(D), (h)(7)(A), and (h)(7)(B)(iv).

2

The Court further finds that, as of August 17, 2026, zero days of Speedy Trial Act time will have elapsed and 70 days remain in the period within which trial must commence.

DATED:   Buffalo, New York, August __10__, 2026.

LAWRENCE J. VILARDO
United States District Judge