IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v. 22-CR-109-V

PAYTON GENDRON,

Defendant.

---

**GOVERNMENT'S PROPOSED LIMITING INSTRUCTION**

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Michael DiGiacamo, United States Attorney for the Western District of New York, Brett A. Harvey, Craig R. Gestring, Maeve E. Huggins, Charles M. Kruly, and Pierre Richard Antoine, Assistant United States Attorneys, Harmeet K. Dhillon, Assistant Attorney General, Department of Justice Civil Rights Division, Khalil H. Quinan, Trial Attorney, Department of Justice Civil Rights Division, and Michael S. Warbel, Trial Attorney, Department of Justice Criminal Division, of counsel, submits its proposed limiting instruction regarding application of the racially motivated killings aggravating factor and 18 U.S.C. § 3593(f).

The government proposes to instruct the jury as follows:

> As I previously instructed you, you may consider the defendant's racially-biased motive for committing these crimes as an aggravating factor. However, regardless of whether you unanimously agree that the government proved that factor beyond a reasonable doubt, you may not choose a sentence based upon the race of the defendant or any victim. Stated another way, there is no room for you to express any racial bias in your decision-making process. You must be convinced in your own mind that you would have reached the same decision regarding the sentence regardless of the race, color, religious beliefs, national origin, or gender of the defendant or any victim. If a change in any of those traits would cause any of you to make a different decision as to any issue, you should go back and reconsider your sentencing decision. In sum, I remind you then that you may still consider as an aggravating factor the defendant's generalized racial hatred and the role that racial hatred played in the killings,

but you may not base your decision on the race of the defendant or the race of the particular group or individuals whom he targeted.[1]

DATED: August 31, 2026, Buffalo, New York.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: *s/BRETT A. HARVEY*
*s/CRAIG R. GESTRING*
*s/CHARLES M. KRULY*
*s/MAEVE E. HUGGINS*
*s/PIERRE RICHARD ANTOINE*
Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

BY: *s/KHALIL H. QUINAN*
Trial Attorney
Civil Rights Division
U.S. Department of Justice
150 M Street NE, Suite 700
Washington, DC 20002
(202) 262-5409
Khalil.Quinan@usdoj.gov

BY: *s/MICHAEL S. WARBEL*
Trial Attorney
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW, Ste. 505
Washington, DC 20530
(202) 514-5605
Michael.Warbel@usdoj.gov

[1] *See United States v. Gendron*, 183 F.4th 162, 171 (2d Cir. 2026) ("And to the extent that Gendron is concerned that the reference to a specific race might risk confusing the jury, the way for the district court to cure that problem is by issuing a limiting instruction – not striking the entire aggravator. The district court should give such an instruction to dispel any potential ambiguity by explaining to the jury that (i) neither Gendron's race nor that of his victims could play any role in its decision whether to impose the death penalty; (ii) the racist-motive factor described only Gendron's *generic* racist motive; and (iii) it should thus sentence Gendron because of his generalized racial hatred and the role that hatred played in the killings – not because of the particular group or individuals whom he targeted." (emphasis in original, internal citation omitted)); Docket No. 411 at 17 (government's original proposal); *Untied States v. Bowers*, No. 18-cr-292, ECF Dkt. No. 1573 at 98 (W.D. Pa. Sept. 20, 2024 ("In your individual and collective deliberations to weigh the mitigating and aggravating factors in determination of sentence, you must not consider the race, color, religious beliefs, national origin, or sex of either Mr. Bowers or any of the victim. Whatever sentence decision each of you and the jury as a whole makes must be made without regard to the race, color, religious beliefs, national origin or sex of either Mr. Bowers or of the victims. If a change in any of those traits would have caused any of you to make a different decision as to any issue, you should go back and reconsider your sentencing decision."); *United States v. Roof*, No. 15-cr-472, ECF Dkt. No. 948 at 91 (D.S.C. Oct. 1, 2017) ("You must be convinced in your own mind that you would have reached the same decision regarding the sentence regardless of the race, color, religious beliefs, national origin, or gender of the defendant or any victim.").