*United States v. Payton Gendron*

22-CR-109-LJV

# EXHIBIT A

# FEDERAL PUBLIC DEFENDER'S OFFICE
## WESTERN DISTRICT OF NEW YORK

MARIANNE MARIANO
***FEDERAL PUBLIC DEFENDER***
marianne_mariano@fd.org

MARYBETH COVERT
***SENIOR LITIGATOR***
marybeth_covert@fd.org

300 PEARL STREET, SUITE 200
BUFFALO, NEW YORK 14202

716-551-3341
FAX: 716-551-3346

ROCHESTER OFFICE
28 EAST MAIN STREET
FIRST FEDERAL PLAZA, SUITE 400
ROCHESTER, NEW YORK 14614
585-263-6201
585-263-5871-FAX

*REPLY TO: **BUFFALO***

April 21, 2026

**VIA E-MAIL**

Brett A. Harvey, AUSA
Joseph M. Tripi, AUSA
Maeve Eileen Huggins, AUSA
Charles M. Kruly, AUSA
United States Attorney's Office
Western District of New York

Michael S. Warbel, Trial Attorney
Criminal Division
Department of Justice

Re: *United States v. Payton Gendron*, 22-CR-109-LJV

Counselors:

Please accept this supplemental discovery demand requesting that you disclose additional information related to the expert testimony of Federal Bureau of Investigation ("FBI") Special Supervisory Agent ("SSA") and Associate Division Counsel Matthew Yeager that you intend to present at trial. *See* ECF 485, Ex. 19.

In December 2022 significant amendments were made to Fed. R. Crim. P. 16(a)(1)(G) to address shortcomings of the prior provisions governing discovery related to proposed expert testimony identified by the Advisory Committee. *See id.* (Notes of Advisory Comm. on Rules – 2022 Amendment). "The amendment clarifies the scope . . . of the parties' obligations to disclose expert testimony they intend to present at trial. It is intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id.*

Specifically, the 2022 amendments deleted the prior requirement that required disclosure of only "a written summary" of the expert's opinions. *Id.; see also United States v. Mrabet*, 703 F. Supp. 3d 442, 444 (S.D.N.Y. 2023) (noting that as the "official commentary recognizes, the prior practice of merely providing a criminal defendant with a brief 'summary' of a prosecution expert's opinions proved to be woefully inadequate"). The Rule now requires that the government disclose in writing, *inter alia*, "a complete statement of all opinions that the

government will elicit from the witness," as well as "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii); *see also Mrabet*, 703 F. Supp. 3d at 443-443 ("detailed specificity is required as to bases for . . . opinions before a court can adequately assess their admissibility or a defendant can contest their weight and meaning before a judge or jury").

The expert's opinions themselves must be stated in full. A statement of "broadly and briefly described categories" of information that the expert "will explain" is insufficient to satisfy the Rule. *Id.* at 444; *see also United States v. Kwok*, No. 23 Cr. 118 (AT), 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (holding insufficient notices that "merely identify the general topics about which the expert will testify, rather than the expert's actual opinions," and noting that such a level of detail was insufficient even before the 2022 amendments to Rule 16).

Additionally, a statement that the expert's testimony will be based on "his training, education, and experience, including his . . . years as a law enforcement officer" is insufficient to satisfy the requirement that the bases and reasons for the expert's opinions be disclosed. *Mrabet*, 703 F. Supp. 3d at 444; *see also United States v. Gentile*, No. 21-CR-54 (RPK), 2024 WL 3251702, at *3 (E.D.N.Y. Jun. 20, 2024) (same). "[A] statement of an opinion's bases and reasons cannot merely be 'the *ipse dixit* of the expert' from experience." *Mrabet*, 703 F. Supp. 3d at 444 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Rather, the Rule requires "'some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion.'" *Id.* (quoting *Riegel v. Medtronic*, *Inc.*, 451 F.3d 104, 127 (2d Cir. 2006)).

Accordingly, please provide a complete statement of all opinions that you intend to elicit from SSA Yeager, together with a statement of the bases and reasons for each of those opinions including an explanation of the methodologies used.

Specifically, please include a complete list of all "statements and writings of the defendant" and all "white supremacist and racist terminology, white supremacist and racist symbology and images, white supremacist and racist ideological tenets, justifications for violence against those who threaten white supremacy, individuals who have been used to justify and support bias-motivated violence, and common references and phrases used by white supremacists that reflect their ideology and justification for violence" that SSA Yeager will explain; a complete list of all opinions he will offer regarding "the meaning" of each; and the bases and reasons for each opinion, including an explanation of the methodologies employed to arrive at them. *See* ECF No. 485, Ex. 19 at 1, 3.

Please also include a complete statement of the opinions that SSA Yeager will offer regarding "white supremacism, racism, 'The Great Replacement Theory,' and the interconnections between anti-Semitism and anti-Black racism that are part of the same white supremacist world view;" and the bases and reasons for each opinion, including an explanation of the methodologies employed to arrive at them. *See id.* at 3.

Please also include a complete statement of the bases and reasons, and the methodologies used to arrive at, SSA Yeager's opinions that "the defendant's statements, writings, reading and viewing materials, other expressions, actions, and other evidence in this case are consistent with

the adoption of a white supremacy extremist ideology, including a belief in the need to use violence to achieve white supremacy." *See id.* at 3. Please also list the statements, writings, reading and viewing materials, other expressions, actions, and other evidence to which SSA Yeager will assign these opinions.

Please also include a complete statement of the opinions that SSA Yeager will offer regarding "the significance of the phrase 'I had to commit this attack because I care for the future of the white race. If there was any other way I could do that and still be with you I would take it. But this is the only way' in the defendant's 'goodbye' letter," *see id.* at 4, i.e., what, in his opinion, the significance is; together with the bases and reasons for that opinion, including an explanation of the methodologies employed to arrive at it. Please also include the bases and reasons for his opinion that "this type of language and justification for violence is common among white supremacists who subscribe to 'The Great Replacement Theory." *Id.*

Please also include a complete list of all "writings the defendant made on his firearms" as to which SSA Yeager will "explain the significance and connection to white supremacist ideology;" a complete list of all opinions he will offer regarding what that significance and connection is, and how and by whom the names of individuals have been used to justify bias-motivated violence; and the bases and reasons for each opinion, including an explanation of the methodologies employed to arrive at them. *See id.* at 4.

In addition, please state whether SSA Yeager has ever authored any publications and whether he has ever testified as an expert at a trial or by deposition. Undersigned counsel areaware that, by its terms, Rule 16(a)(1)(G)(iii) requires disclosure only of publications authored within the previous 10 years and testimony within the previous four years. However, in light of your disclosure that SSA Yeager has neither testified nor authored any publications within the specified time frames, we request that the period be expanded to cover the length of time of his employment with the FBI, i.e., beginning in 2008.

Sincerely,

*s/Sonya A. Zoghlin*
Assistant Federal Public Defender

*s/MaryBeth Covert*
Senior Litigator

*s/Julie Brain*
Attorney at Law

*s/Theresa Duncan*
Law Office of Theresa Duncan