IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v. 22-CR-109-V

PAYTON GENDRON

Defendant.

**GOVERNMENT'S PROPOSED PROCEDURES FOR EXERCISING PEREMPTORY STRIKES**

The United States of America, by and through its undersigned attorneys, proposes the following procedures for conducting peremptory strikes.

1. On November 24, 2026, the ## jurors who have been qualified through the individual voir dire process will be brought into the courtroom and seated in order of juror number, from lowest to highest. The Court can make short remarks thanking them for returning and explaining the general process.

2. Before strikes occur, the jurors will return to the jury assembly room.

3. The parties will pass the juror list back and forth, each striking pursuant to an order of march previously agreed upon by the parties. The government will strike first. In Rounds 1 through 6, the parties will each exercise two strikes at a time. In Rounds 7 through 14, the parties will each exercise one strike at a time.

4. The parties may exercise strikes against any juror in any order from the entire pool.

5. If a party chooses not to use a peremptory strike in a round, that strike is permanently forfeited.

6. At the conclusion of Round 14, the first 12 remaining jurors by number will be the jury.

7. The parties will then proceed to exercise peremptory strikes for alternates. This will be done in three (3) rounds. The parties will pass the juror list back and forth, each striking one juror at a time. The government will strike first, and the defendant will strike last in each round. The parties may exercise a strike against any juror in the pool. Again, if a party chooses not to use a peremptory strike in a round, that strike is permanently forfeited.

8. At the conclusion of Round 3, the first 6 remaining jurors by order of number will be the alternates.

9. At the conclusion of strikes, a party may raise a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986) and argue a prima facie case for an improper strike. Should the Court find a prima facie case has been made, the opposing party must provide its justification for the peremptory strike. The party raising the challenge bears the burden of proving purposeful discrimination by a preponderance of the evidence. The parties do not agree on the final part of the process for making a *Batson* challenge. The government proposes the following process.

The government requests that any argument on *Batson* challenges be heard in person and be completed at the end of the hearing on Tuesday, November 24, 2026. Challenges under *Batson* in this district are routinely made and decided by the Court immediately after in-person voir dire. The need for timely decisions on *Batson* challenges is especially important, where the Court's "firsthand observations [are] of even greater importance," and the Court's

determination of a *Batson* challenge depends, in part, on the Court's assessment of the demeanor and credibility of the attorney opposing the challenge. *Snyder v. Louisiana*, 522 U.S. 472, 477 (2008). Moreover, the parties in this case should be well prepared for any *Batson* challenges by Tuesday. Unlike the typical case, in which peremptory challenges are exercised and are decided by the Court immediately after in-person voir dire, the parties have been receiving daily transcripts throughout this lengthy process. Thus, there has been ample time to review questionnaires and transcripts and be prepared with challenges. Providing the party making the challenge with additional time to review the record, revise their arguments, and bolster positions with written submissions (including to conduct any comparative analysis or statistical analysis) is unnecessary,

The defense relies on *Saipov* to support their request to delay rulings on *Batson* challenges. In *Saipov*, over government objection, the court conducted *Batson* litigation via written submissions over the course of multiple days following the date of peremptory strikes. *See United States v. Saipov*, Case No. 17-722, Docket Nos. 653, 654, and 656 (S.D.N.Y. De. 19-22, 2022) (attached).[1] The court also delayed individual voir dire of potential alternates until after *Batson* litigation on the main jury pool was complete. Thus, *Saipov* is factually distinguishable, given that we have proceeded in a different manner, conducting individual voir dire with the full venire, and not having additional work to do to qualify the jury after the exercise of peremptory strikes. The *Saipov* approach is also far from the norm in federal capital cases. Indeed, the court in *Bowers*, the most recent federal capital trial before this one, specifically rejected a defense request to follow *Saipov*. *See United States v. Bowers*, Case No.

[1] The *Saipov* court denied the Batson challenges. *See id.* 12/23/2022 Tr. at 5733-40 (attached).

18-292, Docket Nos. 1253, 1254, 1255, 1257, and 1262 (W.D. Pa. May 23-24, 2023) (attached). The court stated in text orders:

| | | |
|---|---|---|
| 1255 | | ORDER: Following review of the parties' submission at 1253 and the Government's supplement at 1254 , the Court hereby provides notice to the parties that it intends to utilize the process proposed by the Government at Paragraph 9(a), and that it will not utilize the process outlined by the Defense at Paragraph 9(b). The Court intends to resolve all issues while the potential jurors are present on May 25, 2023. Signed by Judge Robert J. Colville on 5/23/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 05/23/2023) |
| 1262 | | ORDER: Upon consideration of the Motion for Reconsideration filed by the Defense at 1257 , it is hereby ORDERED that the Motion is denied. The Defense requests that the Court reconsider its decision to utilize the process proposed by the Government at Paragraph 9(a) of 1253 , and to not adopt the proposal raised by the Defense at Paragraph 9(b), which the Court notes was raised, for the first time, 48 hours |

| | | |
|---|---|---|
| | | before the peremptory strike process is scheduled to take place. In its Motion for Reconsideration, the Defense asserts that it requires additional time to review voir dire transcripts. The parties were provided with transcripts of the voir dire process at the conclusion of each day of individual questioning, which concluded one full week ago on 5/17/23. The Court ruled quickly, if not summarily, on the issue presented by the Defense at 1253 so that the Defense was on full, and nearly immediate, notice of the procedure the Court intends to utilize. The Court trusts that both the Government and Defense legal teams, each composed of highly capable attorneys, are capable of adequate review of the relevant questionnaires and transcripts, which were produced nearly contemporaneously during the voir dire process, ahead of the peremptory strike process, and that all parties may be adequately prepared to present any motion they deem appropriate on 5/25/23. The Defense cites one case in support of their request, and the quoted section of that decision reflects that the relief requested by the Defense is not at all a universal practice. The case certainly does not stand for the proposition that the Defense's requested relief is in any |

| | | |
|---|---|---|
| | | way constitutionally required. The Defense provides the Court with no adequate basis to reconsider its Order at 1255 , and the Motion for Reconsideration is denied.. Signed by Judge Robert J. Colville on 5/24/23. Text-only entry; no PDF will issue. This Text-only entry constitutes the Order of the Court or Notice on the matter. (tk) (Entered: 05/24/2023) |

*Id*. Notably, too, as the government pointed out in its briefing in *Bowers*, the district court in the *Tsarnaev* trial (a case that involved 21 days of individual voir dire) also litigated all *Batson* challenges in-person and contemporaneous to the exercise of peremptory strikes, underscoring the government's position that this Court need not adopt such extraordinary measures in the instant case.

The Court should follow *Bowers* and *Tsarnaev*, as well as myriad other federal capital cases and the usual practice of this district, here. Rather than placing additional burdens on the jury pool, prolonging their involvement and uncertainty, and potentially stretching these proceedings over multiple days, the Court should resolve all issues while the jurors and parties are present on November 24.

10. Following completion of *Batson* litigation, all jurors will be returned to the courtroom. The 12 jurors selected for the panel will be seated in the jury box in numerical order, and then the 6 alternates will be seated in numerical order. The Court will excuse all jurors for whom the parties exercised peremptory strikes, as well as any remaining jurors. The

Court will then advise the seated jurors that they comprise the jury. The Court will instruct the jurors to return on December 7, 2026, to be sworn in and to begin trial.

DATED: Buffalo, New York, November 19, 2026

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: *s/BRETT A. HARVEY*
*s/CRAIG R. GESTRING*
*s/CHARLES M. KRULY*
*s/MAEVE E. HUGGINS*
*s/PIERRE RICHARD ANTOINE*
Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

CRAIG W. TRAINOR
Acting Assistant Attorney General
Civil Rights Division

BY: *s/KHALIL H. QUINAN*
Trial Attorney
Civil Rights Division
U.S. Department of Justice
150 M Street NE, Suite 700
Washington, DC 20002
(202) 262-5409
Khalil.Quinan@usdoj.gov

BY: *s/MICHAEL S. WARBEL*
Trial Attorney
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW,
Ste. 505
Washington, DC 20530
(202) 514-5605
Michael.Warbel@usdoj.gov